1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2      A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501        Fax (888) 316-6107
4  e-mail: baruchcohen@baruchcohenesq.com

5  *Attorney For Defendant Nicholas Silao*

6

7              UNITED STATES BANKRUPTCY COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                    RIVERSIDE DIVISION

10

11  In re                              | Case No. 6:17-bk-19336-SY

12  PANDORA HOSPICE CARE, INC.         | Adv. 6:18-ap-01193-SY

13      Debtor                         | Before the Honorable Scott H. Yun

14  ─────────────────────────          | Chapter 7
    KARL T. ANDERSON, CHAPTER 7
15  TRUSTEE                            | **DEFENDANT'S MOTION TO ALLOW**
                                       | **WITHDRAWAL OF DEEMED**
16          Plaintiff                  | **ADMISSIONS F.R.C.P. 36(B);**
                                       | **DECLARATIONS OF BARUCH C. COHEN,**
17  vs.                                | **NICHOLAS SILAO & SANAZ S.**
                                       | **BERELIANI**
18  NICHOLAS SILAO

19          Defendant                  | Date: 1-23-2020
                                       | Time: 9:30 am
20                                     | Place: 3420 Twelfth Street, Riverside, CA
                                       | Courtroom 302
21

22

23

24      TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY COURT

25  JUDGE, PLAINTIFF KARL T. ANDERSON, CHAPTER 7 TRUSTEE, AND ALL INTERESTED

26  PARTIES:

27      **PLEASE TAKE NOTICE** that on 12-9-2019 at 10:00am in the Courtroom of the Honorable

28

1/22-2:55pm

Scott H. Yun, United States Bankruptcy Judge, Courtroom 302 located at the United States Bankruptcy Court Central District of California 3420 Twelfth Street, Riverside, CA 92501-3819, *Defendant* Nicholas Silao (hereinafter, "Defendant"), hereby moves to allow withdrawal of deemed admissions.

The *Motion* will be based on this Notice, on the attached Memorandum of Points and Authorities, the declarations of Baruch C. Cohen, Nicholas Silao & Sanaz Sarah Bereliani, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the *Motion*.

Defendant bring this *Motion* pursuant to F.R.C.P. § 36(b) that withdrawal or amendment of the Admissions that were deemed admitted : 1) would serve the presentation of the case on its merits, and  2) would not prejudice the party that obtained the admissions in its presentation of the case.

Defendant further request **$6,600.00** in sanctions be awarded his attorneys fees, due to Plaintiff's wrongful refusal to stipulate to the relief, withholding whether Plaintiff met & conferred and served the Defendant, with Plaintiff's F.R.C.P. 26 Initial Disclosures (F.R.C.P. 26(d)(1) prohibits discovery before the parties have met & conferred as required by F.R.C.P. 26(f).

Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this *Motion* must be stated in writing, filed with the Clerk of the Court and served on Defendant and his counsel no later than fourteen days prior to the hearing. Failure to so state, file and serve any opposition may result in the Court failing to consider the same.


DATED:          January 22, 2020          LAW OFFICE OF BARUCH C. COHEN, APLC

                                          By ____/S/ Baruch C. Cohen_____
                                          Baruch C. Cohen, Esq.
                                          *Attorney For Defendant Nicholas Silao*

1

## TABLE OF CONTENTS

2

3   MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

4        FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

5        LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

6             THE DEEMED ADMISSIONS ARE PROPERLY WITHDRAWN . . . . . . . . -11-

7             PLAINTIFF'S DISCOVERY IS PREMATURE UNDER THE FEDERAL RULES

8                  OF CIVIL PROCEDURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

9             SANCTIONS ARE PROPERLY AWARDED TO DEFENDANT . . . . . . . . . -15-

10            MONEY SANCTIONS ARE PROPERLY AWARDED TO DEFENDANT . -15-

11            CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

12

13   ## TABLE OF AUTHORITIES

14   **CASES**

15   *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) . . . . . . . . . . . . . . -16-

16   *AF Holdings LLC v. DOES 1-96*, 2011 WL 4502413 (N.D. Cal. 2011) . . . . . . . . . . . . . . . . . -14-

17   *American Auto.*, 930 F.2d at 1120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

18   *Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

19   *Conlon*, 474 F.3d at 623 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

20   *Dollar Systs. v. Avcar Leasing Sys.*, 890 F.2d 165, 175-76 (9th Cir.1989) . . . . . . . . . . . . . . . -16-

21   *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . -13-

22   *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

23   *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

24   *French v. United States*, 416 F.2d 1149, 1152 (9th
     Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

25

26   *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

27   *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) . . . . . . . -12-

     *Leon v. IDX Sys.*, 464 F.3d 951, 959, 961 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

28

1  *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) . . . . . . . . . . . . . . -16-

2  *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . -14-

3  *Sonoda v. Cabrera*, 255 F.3d 1035, 1039-40 (9th Cir. 2001 . . . . . . . . . . . . . . . . . . . . . . . . . -13-

4  *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) . . -16-

5  *United States v. Kasuboski*, 834 F.2d 1345, 1350 n. 7 (7th Cir. 1987)   . . . . . . . . . . . . . . . . -13-

6  *Xcentric Ventures, LLC v. Richeson*, 2010 WL 5276950 (D. Ariz. 2010) . . . . . . . . . . . . . . . -15-

**STATUTES**

F.R.B.P. 7037  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

F.R.C.P. §  26(a)(1)(B)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

F.R.C.P. §  26(f)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

F.R.C.P. § 26(d)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

F.R.C.P. § 36(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

F.R.C.P. § 36(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

LBR 7026-1(c)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

LBR 7026-1(c)(3)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

LBR 7026-1(c)(4)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

LBR 9011-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

1  **1.      MEMORANDUM OF POINTS & AUTHORITIES**

2      a.      **FACTS**

3      On 11-8-2017, the Debtor Pandora Hospice Care, Inc., commenced this bankruptcy

4  proceeding Case No. 6:17-bk-19336-SY.

5      On 10-2-2018, Plaintiff filed this adversary action entitled: *Karl T. Anderson against Nicholas*

6  *Silao*, Adversary case 6:18-ap-01193 [Doc-1]

7      On 10-31-2018, Defendant, represented by Sanaz S. Bereliani filed an Answer to the

8  Complaint [Doc-4].

9      On 1-2-2019, the parties filed a Joint Status Report [Doc-5]. Of particular interest, in Section

10  A4 of the Joint Status Report the parties acknowledged that they did **not** meet & confer pursuant to

11  LBR 7026-1.[1]

12      Pursuant to the Status Conference and Scheduling Order Pursuant to LBR 7016-1(a)(4) [Doc-

13  10], the discovery cutoff was 6-28-2019,  the pre-trial stipulation was due 8-1-2019, the pretrial

14  hearing was 8-15-2019, and the mediation completion date was 7-31-2019.

15      On 3-15-2019, Defendant's counsel Bereliani moved to withdraw as counsel of record [Doc-

16  12], and on 4-16-2019, the Court entered its Order Granting Motion To Withdraw As Counsel Of

17  Record [Doc-16].

18      On 8-7-2019 at 10:42am, Defendant wrote Berliani (copying Cohen) and demanded his file

19  from her pursuant to the California Rule of Professional Responsibility 4-100(B)4, that provides that

20  an attorney must promptly pay or deliver, as requested by the client, any funds, securities, or other

21  properties in the possession of the member which the client is entitled to receive.[2]

22      On 8-7-2019, at 2:18pm, Berliani wrote back: " Not much - Nick went MIA on us shortly after

23  the beginning and we just bought him time with the Tee's attorney... " and sent the following 12

24  

25      [1]A true and correct copy of the 1-2-2019 Joint Status Report [Doc-5] is attached hereto as
Exhibit "1" and is incorporated herein by this reference.

26  

27      [2]A true and correct copy of Defendant's 8-7-2019 letter to Berliani (copying Cohen)
demanding his file from her pursuant to the California Rule of Professional Responsibility 4-100(B)4

28  is attached hereto as Exhibit "2" and is incorporated herein by this reference.

1   documents:  (1) The Complaint; (2) Your Retainer Agreement; (3) A Waiver of Conflict of Interest

2   for a Joint Representation signed by Nick Silao; (4) A Waiver of Conflict of Interest for a Joint

3   Representation signed by Ray Silao; (5) A Paypal receipt of Nick"s payment to you; (6) the Answer

4   to the Complaint; (7) Another copy of the Answer to the Complaint; (8) the filed JSR; (9) the filed

5   Scheduling Order; (10) a blank form Substitution of Attorney; (11) the Order Granting your Motion

6   to Withdraw; & (12) the LOU receipt of her Order Granting her Motion to Withdraw.[3]

7           On 8-8-2019, at 6:53am, Cohen wrote Berliani: "Thx for the prompt reply. Did Plaintiff send

8   you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any discovery done in this

9   adversary? If so, please send them."[4]

10          On 8-8-20189 at 8:216am, Berliani responded: "Per my previous email, there was no

11  communication by your client so no nothing further was done. They retained me on a limited scope

12  and were not in touch after with further instruction or guidance. I recommend calling Trustees counsel

13  regarding case status, I'm surprised they haven't filed anything else yet. Nick got lucky."[5]

14          On 8-9-2019, Defendant retained litigation counsel Baruch Cohen to defend him in this action,

15  who then filed the *Substitution of Attorney* [Doc-25] on 8-12-2019

16          Before being retained, Cohen specifically inquired of Defendant and Ms. Bereliani whether

17  they received any discovery from Plaintiff in this adversary, whether they received a proposed Joint

18  Pre-Trial from Plaintiff, & whether they received any FRCP 26 Initial Disclosures from Plaintiff.

19  While Ms. Bereliani withdrew from the case in 4-16-2019, Cohen still inquired of her too, just in case.

20  Both Ms. Bereliani & Defendant informed Cohen that they did not receive any of the aforementioned

21  from Plaintiff. On that basis, Cohen took the case.

22          Cohen was prepared to file a declaration pursuant to LBR 7016-1(E)(2), when he checked

23  _____

24          [3]A true and correct copy of Berliani's 8-7-2019 letter to Defendant (copying Cohen) is
attached hereto as Exhibit "3" and is incorporated herein by this reference.

25
26          [4]A true and correct copy of Cohen's 8-8-2019 letter to Berliani is attached hereto as Exhibit
"4" and is incorporated herein by this reference.

27          [5]A true and correct copy of Berliani's 8-8-2019 letter to Cohen is attached hereto as Exhibit
28  "5" and is incorporated herein by this reference.

PACER and discovered Plaintiff's Unilateral Pre Trial and Declaration filings of 8-8-2019, and was surprised, to see that Plaintiff claimed that he indeed propounded discovery to Defendant - Request for Admissions ("RFA's") and that Defendant did not respond, and Plaintiff is deeming the following admissions, admitted:

RFA # 4. The Debtor loaned/transferred $137,000 to Defendant, Nicholas Silao. The Debtor's 2016 Federal Income Tax Returns signed under penalty of perjury reflected the outstanding loan owed by Defendant, Nicholas Silao to the Corporate Debtor. (Unresponded to Request for Admission No. 1).

RFA # 5. Pursuant to the Debtor's 2016 Federal Income Tax Returns, Defendant, Nicholas Silao owes the Plaintiff/Chapter 7 Trustee no less than $137,000, plus any and all costs of collection. (Unresponded to Request for Admission No. 4).

RFA # 6. Plaintiff/Chapter 7 Trustee is entitled to pre-judgment interest as provided under applicable non-bankruptcy law (Unresponded to Request for Admission No. 5).

RFA # 7. Defendant, Nicholas Silao has no defenses and/or counterclaims to Plaintiff/Chapter 7 Trustee's demand for $137,000. (Unresponded to Request for Admission No. 6).

RFA # 8. Defendant, Nicholas Silao has no facts that dispute Plaintiff/Chapter 7 Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 7).

RFA # 9. Defendant, Nicholas Silao has no documents, notes or other writings that disputes the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 8).

RFA # 10. Defendant, Nicholas Silao has no witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 9).[6]

On 8-9-2019 at 6:34am, Cohen wrote Berliani informing her that Plaintiff's Unilateral Pretrial stated that he indeed propounded discovery Request for Admissions ("RFA's") to the Defendant, that

---

[6]A true and correct copy of Plaintiff's 8-8-2019 Unilateral Pretrial & Declaration is attached hereto as Exhibit "6" and is incorporated herein by this reference.

1  Defendant did not respond to, and that they are now deemed admitted. Cohen asked Berliani why

2  wasn't Cohen given copies of this discovery?"[7]

3      On 8-9-2019 at 12:17pm, Berliani responded: "Ps I'll speak to my office regarding receipts

4  of anything on their end but please note we were retained specifically for an answer and joint status

5  report and conference. We had no further involvement or guidance.  Lastly, I appreciate your

6  professionalism going forward."

7      On Friday 8-9-2019 at 11:22am, Cohen wrote Plaintiff's counsel to meet & confer regarding

8  Plaintiff's *Unilateral Pre Trial* [Doc-23] and *Declaration* [Doc-24] in advance of the upcoming Pre

9  Trial hearing of 8-22-2019.[8]

10      Specifically, Cohen asked Plaintiff's counsel: (1) to see Plaintiff's F.R.C.P. 26 Initial

11  Disclosures; (2) to See Plaintiff's Discovery; (3) to show Plaintiff that Defendant <u>has</u> evidence to

12  dispute Plaintiff's turnover claim for $137,000.00; & (4) to seek clarification regarding Plaintiff's

13  efforts to meet & confer with Defendant regarding the Joint Pre-Trial Report.

14      On Sunday 8-11-2019, Plaintiff's counsel emailed Cohen stating: "*Thanks for your email.*

15  *Please know I will not litigate this matter via email, thus if you believe your client is entitled to relief*

16  *from the Court, please file a properly noticed motion pursuant to the Local Bankruptcy Rules.*

17  *Consequently, at this point we are proceeding in the ordinary course pursuant to the Court's*

18  *presently set scheduling order. Finally, if you intend to proceed with any type of judicial relief, please*

19  *note I'll be traveling to and from Shanghai China for my son's college freshman activities between*

20  *the afternoon of August 22 and returning to the OC on or about August 29, 2019, thus we will object*

21  *to any relief that requires my office to take action during that time period.  Thank you.*"[9]

22      This was a strange response to my meet & confer letter of 8-9-2019 for the following reasons:

23  ─────────────────

24      [7]A true and correct copy of Cohen's 8-9-2019 letter to Berliani is attached hereto as Exhibit
    "7" and is incorporated herein by this reference.

25
26      [8]A true and correct copy of Cohen's 8-9-2019 meet & confer letter to Plaintiff's counsel is
    attached hereto as Exhibit "8" and is incorporated herein by this reference.

27      [9]A true and correct copy of Plaintiff's counsel's email of 8-11-2019 is attached hereto as
28  Exhibit "9" and is incorporated herein by this reference.

1. Regarding Cohen's simple request to see Plaintiff's F.R.C.P. 26 Initial Disclosures, Cohen asked counsel whether he met & conferred and served the Defendant, with Plaintiff's F.R.C.P. 26 Initial Disclosures, and if he did, to please send Cohen a copy, because as the Court knows, F.R.C.P. 26(d)(1) prohibits discovery *before* the parties have met & conferred as required by F.R.C.P. 26(f). Further, as the Court knows, F.R.C.P. § 26(a)(1)© requires a plaintiff to make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference. In Plaintiff's 1-2-2019 Status Conference Report [Doc-5], Section A4 of the  Joint Status Report the parties acknowledged that they did **not** meet & confer pursuant to LBR 7026-1, and Plaintiff pledged to meet and confer by1-17-2019. Plaintiff's Initial Disclosures were due by 1-31-2019. So Cohen inquired whether Plaintiff met & conferred before or after the 1-17-2019 date. So Cohen merely asked to see Plaintiff's compliance with his F.R.C.P. 26 Disclosures requirement. To Cohen's surprise, rather than simply send them to Cohen, Plaintiff stonewalled me with his non-response of 8-11-2019. So Cohen had no copy of Plaintiff's F.R.C.P. 26 Initial Disclosures to work from.

2. Regarding Cohen's simple request to see Plaintiff's discovery, Cohen informed Plaintiff that Defendant informed Cohen that he does not recall receiving any discovery from Plaintiff, let alone RFA's, and inquired whether Plaintiff's discovery was propounded before or after the 6-28-2019 Discovery Cutoff date? And if so, to please provide Cohen with copies of the propounded discovery so that Cohen can respond to them. Cohen also asked that Plaintiff stipulate to withdraw the deemed status and allow Defendant to respond to them. To Cohen's surprise, rather than simply send them to Cohen, Plaintiff stonewalled Cohen with his non-response of 8-11-2019. So Cohen did not have a copy of Plaintiff's discovery to work from.

3. Regarding Cohen's simple request for clarification regarding Plaintiff's efforts to meet & confer with Defendant regarding the Joint Pre-Trial Report, Cohen reported to counsel that his Declaration in support of the Unilateral Pre Trial states that "On or about July 22, 2019, I called the telephone number listed on the adversary proceeding docket's cover page and left a message, nut no return call; or email was received by Defendant Nicholas Silao," and that Defendant informed Cohen that he does not recall receiving any such telephone call from Plaintiff. Cohen expressed to counsel

concern with Plaintiff's claim of a 7-22-2019 telephone call, because as the Court is aware, LBR

7016-1(b)(1)© requires that the parties must meet and confer at least 28 days before the date set for

pretrial conference, the pretrial hearing was 8-22-2019, and the 28-day meet & confer deadline was

**7-5-2019**, meaning that Plaintiff's attempted meet & confer of 7-22-2019 was not timely.

Cohen expressed to Plaintiff his additional concern with why his declaration fails to state that

he emailed the proposed Joint Pre Trial to Defendant that is listed in the *Order Granting Bereliani's*

*Motion to Withdraw as Counsel of Record* [Doc-16] and in the PACER docket nsilao@aol.com?

Cohen expressed to Plaintiff his additional concern with Plaintiff's Declaration in support of

the Unilateral Pre Trial that states:  "On or about July 29, 2019, my office sent Defendant Nicholas

Silao at the address listed on the adversary proceeding docket via Federal Express delivery the Joint

PreTrial Stipulation." Cohen informed counsel that Defendant claims and insists that he does not

recall receiving any such Joint Pre Trial Stipulation, and Cohen requested that Plaintiff provide Cohen

with his 7-29-2019 letter, the FEDEX slip, and the proposed JPS of 7-29-2019.  To Cohen's surprise,

rather than simply send them to Cohen, Plaintiff stonewalled him with his non-response of 8-11-2019.

So Cohen has no no copy of Plaintiff's Joint Pretrial that he allegedly sent to work from.

Regarding the last point of Cohen's letter to demonstrate that Defendant <u>has</u> evidence to

dispute Plaintiff's turnover claim for $137,000.00, that he has witnesses and exhibits re same, Cohen

produced these documents to counsel sight unseen, without the Plaintiff having to formally demand

them from Defendants to substantiate Defendant's claim that he has exhibits to support his defense:

RFA # 4. The Debtor did **not** lend $137,000 to Defendant. The facts will reveal just the

opposite: My client lent Pandora $442, 00.00.

RFA # 5. Defendant does **not** owe the Plaintiff $137,000 (plus any and all costs of collection).

RFA # 6. Plaintiff is **not** entitled to pre-judgment interest as provided under applicable

non-bankruptcy law.

RFA # 7. Defendant, Nicholas Silao **has** defenses to Plaintiff's demand for $137,000, as raised

in Defendant's *Answer* [Doc-4]. Again, the Debtor did **not** lend $137,000 to Defendant. The facts will

reveal just the opposite: My client lent Pandora  $442, 00.00.

1    RFA # 8. Defendant **has** facts that dispute Plaintiff's entitlement to $137,000 demanded in the

2    Trustee's Complaint.

3    RFA # 9. Defendant **has** documents, notes or other writings that dispute the Plaintiff's

4    entitlement to $137,000 demanded in the Trustee's Complaint.

5    Regarding the exhibits, Cohen presented to Plaintiff:

6    Pandora's loan report to the Silao brothers reflecting that during the period of 12-16-2013 -

7    5-20-2015, Defendant lent Pandora approximately $442,000.00 (and that his brothers Michael Silao

8    lent Pandora $70,000.00, Sam Silao lent Pandora $6,000.00, & Ray Silao lent Pandora $143,911.37,

9    totaling $662,411.37).

10    The last page of Pandora's **2014** tax return (**FYE 12-31-2014**) Form 1120, Page 5, Schedule

11    L, Line 19, entitled: "*Loans __from__ Shareholders*" showing that my client was owed $389,750.00 by

12    Pandora for that year ("Loan Payable N Silao");

13    The last page of Pandora's **2015** tax return (**FYE 12-31-2015**) Form 1120, Page 5, Schedule

14    L, Line 19, entitled: "*Loans __from__ Shareholders*" showing that my client was owed between

15    $389,750.00 - $297,250.00 by Pandora for that year ("Loan Payable N Silao");

16    Pandora's Balance Sheet as of **12-31-2015**, under the section entitled: "Liabilities & Equity"

17    reflecting "Loan/Financing Payable N. Silao $297,250.00;

18    The last page of Pandora's **2016** tax return (**FYE 12-31-2016**) Form 1120, Page 5, Schedule

19    L, Line 19, entitled: "*Loans __from__ Shareholders*" showing that my client was owed between

20    $297,250.00 - $295,250.00 by Pandora for that year ("Loan Payable N Silao");

21    Pandora's (9) checks to my client that contain the notation: "Reimbursement - Loan:"

22         i.     Pandora's 7-31-2015 check # 9001 to Defendant for $25,000.00;

23         ii.     Pandora's 9-4-2015 check # 9002 to Defendant for $25,000.00 contains the

24         notation: "Loan Repayment;"

25         iii.     Pandora's 9-15-2015 check # 1112 to Defendant for $2,500.00 contains the

26         notation: "Reimbursement - Loan;"

27         iv.     Pandora's 10-9-2015 check # 9003 to Defendant for $25,000.00 contains the

28

-7-

notation: "Loan Repayment;"

v.    Pandora's 10-15-2015 check # 1130 to Defendant for $2,500.00 contains the notation: "Reimbursement;"

vi.    Pandora's 11-1-2015 check # 1131 to Defendant for $2,500.00 contains the notation: "Reimbursement;"

vii.    Pandora's 11-2-2015 check # 0005 to Defendant for $25,000.00 contains the notation: "Loan Repayment;"

viii.    Pandora's 12-1-2015 check # 1132 to Defendant for $2,500.00 contains the notation: "Reimbursement;"

ix.    Pandora's 12-2-2015 check # 8655 to Defendant for $25,000.00 contains the notation: "Loan Repayment."

Regarding the witnesses, I disclosed to counsel:

RFA # 10. Defendant **has** witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint: Defendant; the other Silao brothers; Pandora's CPA Rufino Reyes Magpayo.

Cohen's letter recommended that the parties push "reset" on this case: (1) so that Plaintiff can provide Cohen with all of the above-requested documents; (2) to stipulate to withdraw the deemed admissions; (3) to allow Defendant to respond to Plaintiff's discovery; (4) to allow Defendant to participate meaningfully to the Joint Pre Trial report; & (5) to stipulate to continue the pre-trial to a mutually agreeable date. Cohen concluded that he believes that the Court would prefer to try the case on the merits rather than granting the Plaintiff defaults against an *in pro per* defendant based on the above. Cohen was even so bold as to suggest that since Plaintiff's case appears to be solely predicated on a 2016 tax return, that upon Plaintiff verifying the Defendant's evidence, that the Plaintiff consider dismissing this adversary complaint. Cohen truly believed he was being completely reasonable and practical, given the situation that he found himself in. Cohen's requests to see Plaintiff's Initial Disclosures, Discovery, and proof of his meet & confer compliance, are completely legitimate, not being made for any improper4 purpose. One would think, that a Plaintiff would agree to produce the

1/22-2:55pm

-8-

aforementioned and stipulate to continue the pretrial - especially in light of his late compliance with LBR 7016-1(b)(1)© - to allow the defendant to participate meaningfully in his defense. Instead, and to Cohen's surprise, rather than simply send them to Cohen, Plaintiff stonewalled him with his non-response of 8-11-2019.

On 9-4-2019, Cohen wrote Plaintiff again. " am writing you to meet & confer regarding: (1) the proposed Joint Pre Trial Stipulation; (2) the proposed Motion in Limine, & (3) the proposed Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. § 36(b). As I wrote you on 8-9-2019, I'm running blind here, because I do not have: (1) Plaintiff's F.R.C.P. 26 Initial Disclosures; & (2) Plaintiff's written discovery including Plaintiff's Request for Admissions ("RFA's"). Both Ms. Bereliani and my client informed me that they do not have copies of them. Accordingly, please provide them to me. If I do not receive them from you, I will have no choice but to file the proposed motions. As I indicated in Defendant's 8-12-2019 Unilateral Pre-Trial Report [Doc-28], Defendant intends to file a Motion in Limine to exclude Plaintiff's evidence at trial, based on Plaintiff's failures to comply with FRCP 26. Your cooperation in providing me with the requested documents will impact greatly on whether I will file the Motion in Limine or not. I also indicated that Defendant intends to file a Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. § 36(b), based on my client's representation that he never received Plaintiff's (alleged) Request for Admissions. Please advise if Plaintiff will stipulate to withdraw the deemed admissions and I will gladly prepare the stipulation and order. To expedite the process, enclosed please find Defendant's Verified Response to Request for Admissions that is based on Plaintiff's Unilateral PreTrial Report that identified the six (6) Requests for Admission.[10]

On 9-11-2019, Plaintiff responded: "Baruch, I never received a response from you last week regarding the Meet and Confer issues noted in your 9/4/11 faxed letter. I had proposed a "Meet and

---

[10]A true and correct copy of Cohen's 9-4-2019 Meet & Confer letter Re: Proposed Joint Pre Trial Stipulation; Proposed Motion in Limine, & Proposed Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. § 36(b) and Defendant's Verified Response to Request for Admissions that is based on Plaintiff's Unilateral PreTrial Report that identified the six (6) Requests for Admission is attached hereto as Exhibit "10" and is incorporated herein by this reference.

1    Confer" telephone call for Friday September 6, 2019 but never heard back from you. Secondly, I don't

2    understand the legal effect if any of the verified responses included with your 9/4/19 fax. Rather, I've

3    enclosed the RFAs that were properly served on your client's former counsel at her address of record

4    in the above-captioned Adversary proceeding. Thus pursuant to F.R.C.P. 36 (made applicable to this

5    Adversary Proceeding per Rule 7036 of the Fed Rules of Bankr Procedure) the unresponded to RFAs

6    are still, enforceable and we intend to use them until there's a court order to the contrary. Any

7    questions or comments, please let me know. thanks." Plaintiff attached a copy of an RFA.[11]

8        On 9-11-2019, Cohen responded: "Tom: I do not recall you proposing, and me accepting, a

9    proposed meet & confer with me on 9-6-2019. But I'm happy to do so immediately.  I also want to

10   state emphatically, that Berliani did not share your RFA with me, and that Nick Silao swears over a

11   stack of bibles that he never received them. Finally, I need to see your Initial Disclosures. As I'm sure

12   you know, F.R.C.P. 26(d)(1) prohibits discovery before the parties have met & conferred as required

13   by F.R.C.P. 26(f). If you did not do a  F.R.C.P. 26 Initial Disclosure, the RFA's would be improper.

14   If you did  do a  F.R.C.P. 26  Initial Disclosure, please provide it to me. I've now asked you for this

15   twice."[12]

16       On 9-11-2019 Cohen wrote Berliani informing her that Plaintiff sent Cohen an RFA that

17   purports to have been served on her office on  3-7-2019 at your address "Sanaz S. Bereliani, Bereliani

18   Law Firm, 11400 W. Olympic Blvd., Suite 200, Los Angeles, CA 90064. On 3-15-2019, she moved

19   to withdraw as counsel to Defendant. So she must have had the 3-7-2019 RFA's in her file before she

20   moved to withdraw on 3-15-2019. Yet, she did not produce it to Defendant or to Cohen in violation

21   of Rule 4-100(b)(4). Cohen was very concerned that she had this RFA in her file and did not produce

22   it when Defendant demanded it. So Cohen asked her again: "Did Plaintiff send you Plaintiff's FRCP

23

24       [11]A true and correct copy of Plaintiff's counsel's email of 9-11-2019 is attached hereto as
     Exhibit "11" and is incorporated herein by this reference. While Defendant's counsel would not
25   accuse Plaintiff's counsel of forging the Request for Admission, one can easily be generated, and
     backdated, without any independent way of verifying that it is authentic. Of particular note is that
26   Plaintiff presented no proof that the RFA was actually mailed to Berliani.

27       [12]A true and correct copy of Cohen's 9-11-2019 letter to Plaintiff is attached hereto as Exhibit
     "12" and is incorporated herein by this reference.
28

26 Initial Disclosures? If so, please send it. Was any discovery done in this adversary? If so, please send them." Cohen was very concerned that now the RFA's are deemed admitted, and Defendant will now have to spend money to file a Motion to have the Deemed Admissions Withdrawn, which he should not have to do, had she forwarded to him the RFA's when you received it on 3-7-2019.[13]

On 9-12-2019, Cohen spoke with Berliani, who represented that the only documents she had in her file were those that she forwarded to Cohen earlier. When pressed again whether she had the RFA in her file and whether she had Plaintiff's FRCP 26 Initial Disclosures, she repeated again,  that the only documents she had in her file were those that she forwarded to Cohen earlier.

On 9-17-2019, Cohen wrote Plaintiff's counsel to meet & confer and sent him a *Proposed Joint Stipulation in Connection with Defendant's Motion to Allow Withdrawal of Deemed Admissions F.R.C.P. § 36(B)* ("Proposed Joint Stipulation").[14]

On 9-17-2019, Plaintiff's counsel wrote back declining to participate in the Proposed Joint Stipulation.[15]

Bottom line, Plaintiff has still not produced to Cohen Plaintiff's FRCP 26 Initial Disclosures that would have entitled him to conduct discovery, despite being asked for this document at least two times.

b. **LEGAL ARGUMENT**

i. **THE DEEMED ADMISSIONS ARE PROPERLY WITHDRAWN**

Defendant maintains that he never received Plaintiff's alleged Request for Admissions. Plaintiff's counsel refuses to produce them to Defendant.

Nevertheless, as soon as Defendant learned of the RFA's he responded to it, and denied them

---

[13]A true and correct copy of Cohen's 9-11-2019 letter to Berliani is attached hereto as Exhibit "13" and is incorporated herein by this reference.

[14]A true and correct copy of Cohen's 9-17-2019 meet & confer letter to Plaintiff and the *Proposed Joint Stipulation in Connection with Defendant's Motion to Allow Withdrawal of Deemed Admissions F.R.C.P. § 36(B)* is attached hereto as Exhibit "14" and is incorporated herein by this reference.

[15]A true and correct copy of Plaintiff's 9-17-2019 letter  is attached hereto as Exhibit "15" and is incorporated herein by this reference.

substantively and produced the evidence to support those denials. Under applicable law: If a matter

is not admitted, the answer must specifically deny it or state in detail why the answering party cannot

truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good

faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify

the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or

information as a reason for failing to admit or deny only if the party states that it has made reasonable

inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or

deny. F.R.C.P. § 36(a)(4).

Despite the self-executing nature of Rule 36 with regard to the automatic admission of

untimely responses, the Ninth Circuit has long recognized the district court's discretion to permit late

responses to requests for admission. See, e.g., *French v. United States*, 416 F.2d 1149, 1152 (9th

Cir. 1968) ("A trial judge has discretion to permit a late response to a request for admissions made

pursuant to [Rule 36], and thus relieve a party of apparent default.") The language of Rule 36(a)

provides a court with discretion to extend the time for responding to requests for admissions, even

after the time to respond has expired. Fed. 1 R. Civ. P. 36(a)(3) ("A shorter or longer time for

responding may be stipulated to under Rule 29 or be ordered by the court.").

Discretion also requires the Court to examine competing factors and interests. The Court must

weigh the public policy favoring the disposition of cases on their merits rather than on technical

violations of procedural rules, consider the scope and purpose of the Federal Rules of Civil Procedure,

and assess the particular circumstances presented. Defendant asserts that if the RFAs are deemed

admitted the result is essentially a case-terminating sanction as the RFAs eviscerate Defendant's case

and will prevent the matter from being decided on the merits. The Ninth Circuit has repeatedly held,

in a variety of procedural contexts, that the public policy favoring disposition of cases on their merits

strongly counsels against dismissal of a case or sanctions that are ultimately case-terminating. See,

e.g., *In re Phenylpropanolamine Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006).

Further, the Rules of Civil Procedure explicitly counsel that the rules are to "be construed and

administered to secure the just, speedy, and inexpensive determination of every action and

proceeding." Fed. R. Civ. P. 1. Here, the responses were done at the first opportunity once Defendant learned of them Allowing a technical violation of this nature to drive the resolution of the matter essentially deprives Defendant of a merits-based decision. Construing Rule 36 in this manner would not comport with the scope and purpose of the Rules.

Beyond this, even assuming that Defendant is incorrect in his assertion that the admissions are

case-terminating, the circumstances of this case weigh in favor relieving Defendant of his late responses. Allowing Defendant to respond to the RFAs can be construed as an agreement to waive the original untimeliness.

When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039-40 (9th Cir. 2001, where the court granted the motion to withdraw the admissions because it was made before trial and the propounding party would not have been hindered in presenting its evidence.The Ninth Circuit has held that "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Conlon*, 474 F.3d at 623. The Ninth Circuit likewise concluded that when deemed admissions resulted in another party choosing not to engage in other discovery, it did not amount to prejudice. It specifically noted that under those circumstances, the district court has the option of re-opening the discovery.

Courts have stressed that a deemed admission can only be withdrawn or amended by motion in accordance with F.R.C.P. § 36(b). *American Auto*., 930 F.2d at 1120. In order to allow withdrawal of a deemed admission, F.R.C.P. § 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case. *American Auto*., 930 F.2d at 1119 (citations Omitted); F.R.C.P. § 36(b). Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission. *United States v. Kasuboski*, 834 F.2d 1345, 1350 n. 7 (7th Cir. 1987) ("[R]ule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal."); *Donovan v. Carls*

*Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983) ("Because the language of [Rule 36(b)] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule.").

Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal. Both requirements are met here. Defendant has presented his defenses to this lawsuit on 8-9-2019, Defendant has sent Plaintiff his response to the RFA's, and Plaintiff cannot possibly claim that he has been prejudiced by the withdrawal, especially in light of the fact that Plaintiff failed to prove that he first served Initial Disclosures in the case.

Defendant has shown that the proposed response to admissions are contrary to the record or that circumstances relating to the deemed admissions. More importantly, Defendant had no earlier opportunity to submit his responses to Plaintiff's discovery requests - because he never received them and because his former lawyer never sent them to him. Defendant seized the opportunity to respond to them as soon as he learned of them.

Accordingly, permitting withdrawal of Defendant's deemed admissions would promote the presentation of the merits of case, as the admissions constitute competent evidence capable of defeating the Plaintiff's claim.

    ii.    **PLAINTIFF'S DISCOVERY IS PREMATURE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE**

Under F.R.C.P. § 26(d)(1), discovery is not permitted without a court order prior to a conference between the parties as required by F.R.C.P. § 26(f). *AF Holdings LLC v. DOES 1-96*, 2011 WL 4502413 (N.D. Cal. 2011); See also, F.R.C.P. § 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under F.R.C.P. § 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.") "By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)." *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005). "Rule 26(d)'s proscription sweeps broadly: not only may a party

1  not 'serve' discovery, it may not even 'seek' discovery from any source until after the Rule 26(f)

2  conference." Id. at 499.2 A Rule 26(f) scheduling conference has not been held, and discovery is not

3  yet open. See *Xcentric Ventures, LLC v. Richeson*, 2010 WL 5276950 (D. Ariz. 2010) (holding that

4  prior to a Rule 26(f) conference, a request for discovery was propounded "before the Federal Rules

5  of Civil Procedure permitted [the plaintiff] to do so.") Accordingly, Plaintiff's efforts to obtain

6  discovery, formally or informally, are premature.

7  　　If Plaintiff actually issued *Initial Disclosures*, he should have simply produced a copy to

8  Cohen upon requesting it two times. Instead, Plaintiff stonewalled and refused to produce it. By virtue

9  of Plaintiff's refusal to show that he indeed actually issued *Initial Disclosures*, we are left to conclude

10  that he did not, and therefore the RFA's are premature and unauthorized. The Court cannot deem them

11  admitted accordingly.

12  　　Pursuant to LBR 7026-1(c)(2), Defendant met and conferred with Plaintiff at least twice trying

13  to resolve this simple discovery matter (to no avail).

14  　　Pursuant to LBR 7026-1(c)(3), the Proposed Joint Stipulation is attached to this motion.

15  　　　iii.　　**SANCTIONS ARE PROPERLY AWARDED TO DEFENDANT**

16  　　Pursuant to LBR 7026-1(c)(4), Cooperation of Counsel; Sanctions. The failure of any counsel

17  either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party

18  the information necessary to prepare the stipulation required by this rule within 7 days of the meeting

19  of counsel will result in the imposition of sanctions, including the sanctions authorized by F.R.B.P.

20  7037 and LBR 9011-3.

21  　　This Court can impose sanctions under its inherent power. *Chambers v. NASCO*, 501 U.S. 32,

22  45-46 (1991).

23  　　　"Congress impliedly recognized that bankruptcy courts have the inherent power to
    sanction that Chambers recognized exists within Article II courts." *In re Rainbow*

24  　　　*Magazine*, 77 F.3d 278 (9th Cir. 1996) (sanctions under the Court's inherent power are
    permitted if "preceded by a finding of bad faith, or conduct tantamount to bad faith,"

25  　　　such as recklessness "combined with an additional factor such as frivolousness,
    harassment, or an improper purpose"); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir.

26  　　　2001); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

27  　　　iv.　　**MONEY SANCTIONS ARE PROPERLY AWARDED TO DEFENDANT**

28

1    Reasonable attorney's fees and costs against a party and/or his counsel have been awarded

2    under the judiciary's inherent power in a number of circumstances, including where a party:

3    (1) fabricates evidence. *Dollar Systs. v. Avcar Leasing Sys.*, 890 F.2d 165, 175-76 (9th Cir.1989),

4    (losing party's attempt to fabricate a disclosure date revealed bad faith conduct justifying an award

5    of attorneys' fees); (2) intentionally spoliates relevant evidence. *Leon v. IDX Sys.*, 464 F.3d 951, 959,

6    961 (9th Cir. 2006) (intentionally deleting over 2,000 files from his employer-issued laptop during

7    his lawsuit against employer warranted dismissal of plaintiff's lawsuit and monetary sanctions

8    [attorneys' fees and costs for investigating and litigating spoliation issue]).

9    An award of expenses does not require a showing of willfulness or improper intent. Rather,

10    the standard is whether there was substantial justification for the losing party's conduct. *Reygo Pac.*

11    *Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982). In this case, there wasn't.

12    The Court retains broad discretion to control its dockets and in the exercise of that power they

13    may impose sanctions. *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007);

14    *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Further,

15    "a court certainly may assess sanctions against counsel who willfully abuse judicial processes." *Fink*

16    *v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

17    Defendant incurred 5 hours in preparation of this motion ($2,750.00).  Counsel's hourly rate

18    is $550.00 per hour. He anticipates another 2 hours in reviewing Defendants' opposition ($1,100.00),

19    another 2 hours in preparing a Reply ($1,100.00), and another 3 hours for attending the hearing

20    ($1,650.00) totaling **$6,600.00**.

21    Accordingly, monetary sanctions sought by Plaintiffs in connection with this Motion should

22    be imposed against Defendants with said amount to be made payable to Plaintiffs' attorney, within

23    ten days.

24    c.    **CONCLUSION**

25    For all of the foregoing reasons, the Court should grant Defendant's Motion and award to

26    Defendant his attorneys' fees, costs and disbursements; and grant to Defendant any further relief as

27    to the Court seems appropriate.

28

1    DATED:        January 22, 2020              LAW OFFICE OF BARUCH C. COHEN, APLC

2                                               By ____/S/ Baruch C. Cohen_____
                                                Baruch C. Cohen, Esq.
3                                               *Attorney For Defendant Nicholas Silao*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare as follows:

2.   The facts stated below are true and correct within the best of my personal knowledge and if called upon to testify to them I could and would competently do so.

3.   I am a member in good standing and eligible to practice before the following court(s): California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

4.   I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

5.   I proudly represent Defendant Nicholas Silao.

6.   This Declaration is in support of **DEFENDANT'S MOTION TO ALLOW WITHDRAWAL OF DEEMED ADMISSIONS F.R.C.P. § 36(B)**.

7.   On 11-8-2017, the Debtor Pandora Hospice Care, Inc., commenced this bankruptcy proceeding Case No. 6:17-bk-19336-SY.

8.   On 10-2-2018, Plaintiff filed this adversary action entitled: *Karl T. Anderson against Nicholas Silao*, Adversary case 6:18-ap-01193 [Doc-1]

9.   On 10-31-2018, Defendant, represented by Sanaz S. Bereliani filed an Answer to the Complaint [Doc-4].

10.   On 1-2-2019, the parties filed a Joint Status Report [Doc-5]. Of particular interest, in Section A4 of the  Joint Status Report the parties acknowledged that they did **not** meet & confer pursuant to LBR 7026-1.[16]

11.   Pursuant to the Status Conference and Scheduling Order Pursuant to LBR 7016-1(a)(4) [Doc-10], the discovery cutoff was 6-28-2019,  the pre-trial stipulation was due 8-1-2019, the

---

[16]A true and correct copy of the 1-2-2019 Joint Status Report [Doc-5] is attached hereto as Exhibit "1" and is incorporated herein by this reference.

1    pretrial hearing was 8-15-2019, and the mediation completion date was 7-31-2019.

2    12.   On 3-15-2019, Defendant's counsel Bereliani moved to withdraw as counsel of record [Doc-

3          12], and on 4-16-2019, the Court entered its Order Granting Motion To Withdraw As Counsel

4          Of Record [Doc-16].

5    13.   On 8-7-2019 at 10:42am, Defendant wrote Berliani (copying Cohen) and demanded his file

6          from her pursuant to the California Rule of Professional Responsibility 4-100(B)4, that

7          provides that an attorney must promptly pay or deliver, as requested by the client, any funds,

8          securities, or other properties in the possession of the member which the client is entitled to

9          receive.[17]

10   14.   On 8-7-2019, at 2:18pm, Berliani wrote back: " Not much - Nick went MIA on us shortly after

11         the beginning and we just bought him time with the Tee's attorney... " and sent the following

12         12 documents:  (1) The Complaint; (2) Your Retainer Agreement; (3) A Waiver of Conflict

13         of Interest for a Joint Representation signed by Nick Silao; (4) A Waiver of Conflict of

14         Interest for a Joint Representation signed by Ray Silao; (5) A Paypal receipt of Nick"s

15         payment to you; (6) the Answer to the Complaint; (7) Another copy of the Answer to the

16         Complaint; (8) the filed JSR; (9) the filed Scheduling Order; (10) a blank form Substitution

17         of Attorney; (11) the Order Granting your Motion to Withdraw; & (12) the LOU receipt of

18         her Order Granting her Motion to Withdraw.[18]

19   15.   On 8-8-2019, at 6:53am, I wrote Berliani: "Thx for the prompt reply. Did Plaintiff send you

20         Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any discovery done in this

21         adversary? If so, please send them."[19]

22

23         [17]A true and correct copy of Defendant's 8-7-2019 letter to Berliani (copying Cohen)
24   demanding his file from her pursuant to the California Rule of Professional Responsibility 4-100(B)4
     is attached hereto as Exhibit "2" and is incorporated herein by this reference.

25
           [18]A true and correct copy of Berliani's 8-7-2019 letter to Defendant (copying Cohen) is
26   attached hereto as Exhibit "3" and is incorporated herein by this reference.

27         [19]A true and correct copy of Cohen's 8-8-2019 letter to Berliani is attached hereto as Exhibit
     "4" and is incorporated herein by this reference.
28

16.     On 8-8-20189 at 8:216am, Berliani responded: "Per my previous email, there was no communication by your client so no nothing further was done. They retained me on a limited scope and were not in touch after with further instruction or guidance. I recommend calling Trustees counsel regarding case status, I'm surprised they haven't filed anything else yet. Nick got lucky."[20]

17.     On 8-8-2019 (late at night), Defendant retained me, and I filed the *Substitution of Attorney* [Doc-25] on 8-12-2019.

18.     Before being retained, I specifically inquired of Defendant and Ms. Bereliani whether they received any discovery from Plaintiff in this adversary, whether they received a proposed Joint Pre-Trial from Plaintiff, & whether they received any FRCP 26 Initial Disclosures from Plaintiff. While Ms. Bereliani withdrew from the case in 4-16-2019, I still inquired of her too, just in case. Both Ms. Bereliani & Defendant informed me that they did not receive any of the aforementioned from Plaintiff. On that basis, I took the case.

19.     I was prepared to file a declaration pursuant to LBR 7016-1(E)(2), when I checked PACER and discovered Plaintiff's Unilateral Pre Trial and Declaration filings of 8-8-2019, and was surprised, to see that Plaintiff claimed that he indeed propounded discovery to Defendant - Request for Admissions ("RFA's") and that Defendant did not respond, and Plaintiff is deeming the following admissions, admitted:

a.      RFA # 4. The Debtor loaned/transferred $137,000 to Defendant, Nicholas Silao. The Debtor's 2016 Federal Income Tax Returns signed under penalty of perjury reflected the outstanding loan owed by Defendant, Nicholas Silao to the Corporate Debtor. (Unresponded to Request for Admission No. 1).

b.      RFA # 5. Pursuant to the Debtor's 2016 Federal Income Tax Returns, Defendant, Nicholas Silao owes the Plaintiff/Chapter 7 Trustee no less than $137,000, plus any and all costs of collection. (Unresponded to Request for Admission No. 4).

--------

[20]A true and correct copy of Berliani's 8-8-2019 letter to Cohen is attached hereto as Exhibit "5" and is incorporated herein by this reference.

c.     RFA # 6. Plaintiff/Chapter 7 Trustee is entitled to pre-judgment interest as provided under applicable non-bankruptcy law (Unresponded to Request for Admission No. 5).

d.     RFA # 7. Defendant, Nicholas Silao has no defenses and/or counterclaims to Plaintiff/Chapter 7 Trustee's demand for $137,000. (Unresponded to Request for Admission No. 6).

e.     RFA # 8. Defendant, Nicholas Silao has no facts that dispute Plaintiff/Chapter 7 Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 7).

f.     RFA # 9. Defendant, Nicholas Silao has no documents, notes or other writings that disputes the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 8).

g.     RFA # 10. Defendant, Nicholas Silao has no witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 9).[21]

20.     On 8-9-2019 at 6:34am, I wrote Berliani informing her that Plaintiff's Unilateral Pretrial stated that he indeed propounded discovery Request for Admissions ("RFA's") to the Defendant, that Defendant did not respond to, and that they are now deemed admitted. I asked Berliani why wasn't I given copies of this discovery?"[22]

21.     On 8-9-2019 at 12:17pm, Berliani responded: "Ps I'll speak to my office regarding receipts of anything on their end but please note we were retained specifically for an answer and joint status report and conference. We had no further involvement or guidance. Lastly, I appreciate your professionalism going forward."

22.     On Friday 8-9-2019 at 11:22am, I wrote Plaintiff's counsel to meet & confer regarding

---

[21]A true and correct copy of Plaintiff's 8-8-2019 Unilateral Pretrial & Declaration is attached hereto as Exhibit "6" and is incorporated herein by this reference.

[22]A true and correct copy of Cohen's 8-9-2019 letter to Berliani is attached hereto as Exhibit "7" and is incorporated herein by this reference.

1    Plaintiff's *Unilateral Pre Trial* [Doc-23] and *Declaration* [Doc-24] in advance of the

2    upcoming Pre Trial hearing of 8-22-2019.[23]

3    23.   Specifically, I asked Plaintiff's counsel: (1) to see Plaintiff's F.R.C.P. 26 Initial Disclosures;

4          (2) to See Plaintiff's Discovery; (3) to show Plaintiff that Defendant has evidence to dispute

5          Plaintiff's turnover claim for $137,000.00; & (4) to seek clarification regarding Plaintiff's

6          efforts to meet & confer with Defendant regarding the Joint Pre-Trial Report.

7    24.   On Sunday 8-11-2019, Plaintiff's counsel emailed me stating: "*Thanks for your email. Please*

8          *know I will not litigate this matter via email, thus if you believe your client is entitled to relief*

9          *from the Court, please file a properly noticed motion pursuant to the Local Bankruptcy Rules.*

10         *Consequently, at this point we are proceeding in the ordinary course pursuant to the Court's*

11         *presently set scheduling order. Finally, if you intend to proceed with any type of judicial*

12         *relief, please note I'll be traveling to and from Shanghai China for my son's college freshman*

13         *activities between the afternoon of August 22 and returning to the OC on or about August 29,*

14         *2019, thus we will object to any relief that requires my office to take action during that time*

15         *period. Thank you.*"[24]

16   25.   This was a strange response to my meet & confer letter of 8-9-2019 for the following reasons:

17         a.    Regarding my simple request to see Plaintiff's F.R.C.P. 26 Initial Disclosures, I asked

18               counsel whether he met & conferred and served the Defendant, with Plaintiff's

19               F.R.C.P. 26 Initial Disclosures, and if he did, to please send Cohen a copy, because

20               as the Court knows, F.R.C.P. 26(d)(1) prohibits discovery **before** the parties have met

21               & conferred as required by F.R.C.P. 26(f). Further, as the Court knows, F.R.C.P. §

22               26(a)(1)© requires a plaintiff to make the initial disclosures at or within 14 days after

23               the parties' Rule 26(f) conference. In Plaintiff's 1-2-2019 Status Conference Report

24

25         [23]A true and correct copy of Cohen's 8-9-2019 meet & confer letter to Plaintiff's counsel is
26   attached hereto as Exhibit "8" and is incorporated herein by this reference.

27         [24]A true and correct copy of Plaintiff's counsel's email of 8-11-2019 is attached hereto as
28   Exhibit "9" and is incorporated herein by this reference.

-22-

1   [Doc-5], Section A4 of the Joint Status Report the parties acknowledged that they did

2   **not** meet & confer pursuant to LBR 7026-1, and Plaintiff pledged to meet and confer

3   by1-17-2019. Plaintiff's Initial Disclosures were due by 1-31-2019. So I inquired

4   whether Plaintiff met & conferred before or after the 1-17-2019 date. So I merely

5   asked to see Plaintiff's compliance with his F.R.C.P. 26 Disclosures requirement. To

6   my surprise, rather than simply send them to me, Plaintiff stonewalled me with his

7   non-response of 8-11-2019. So I had no copy of Plaintiff's F.R.C.P. 26 Initial

8   Disclosures to work from.

9   b.   Regarding my simple request to see Plaintiff's discovery, I informed Plaintiff that

10   Defendant informed me that he does not recall receiving any discovery from Plaintiff,

11   let alone RFA's, and inquired whether Plaintiff's discovery was propounded before or

12   after the 6-28-2019 Discovery Cutoff date? And if so, to please provide me with

13   copies of the propounded discovery so that I can respond to them. I also asked that

14   Plaintiff stipulate to withdraw the deemed status and allow Defendant to respond to

15   them. To my surprise, rather than simply send them to me, Plaintiff stonewalled me

16   with his non-response of 8-11-2019. So I did not have a copy of Plaintiff's discovery

17   to work from.

18   c.   Regarding my simple request for clarification regarding Plaintiff's efforts to meet &

19   confer with Defendant regarding the Joint Pre-Trial Report, I reported to counsel that

20   his Declaration in support of the Unilateral Pre Trial states that "On or about July 22,

21   2019, I called the telephone number listed on the adversary proceeding docket's cover

22   page and left a message, nut no return call; or email was received by Defendant

23   Nicholas Silao," and that Defendant informed me that he does not recall receiving any

24   such telephone call from Plaintiff. I expressed to counsel concern with Plaintiff's

25   claim of a 7-22-2019 telephone call, because as the Court is aware, LBR

26   7016-1(b)(1)© requires that the parties must meet and confer at least 28 days before

27   the date set for pretrial conference, the pretrial hearing was 8-22-2019, and the 28-day

28

1/22-2:55pm

1    meet & confer deadline was **7-5-2019**, meaning that Plaintiff's attempted meet &

2    confer of 7-22-2019 was not timely.

3    d.    I expressed to Plaintiff my additional concern with why his declaration fails to state

4    that he emailed the proposed Joint Pre Trial to Defendant that is listed in the *Order*

5    *Granting Bereliani's Motion to Withdraw as Counsel of Record* [Doc-16] and in the

6    PACER docket nsilao@aol.com?

7    e.    I expressed to Plaintiff my additional concern with Plaintiff's Declaration in support

8    of the Unilateral Pre Trial that states:  "On or about July 29, 2019, my office sent

9    Defendant Nicholas Silao at the address listed on the adversary proceeding docket via

10    Federal Express delivery the Joint PreTrial Stipulation." I informed counsel that

11    Defendant claims and insists that he does not recall receiving any such Joint Pre Trial

12    Stipulation, and I requested that Plaintiff provide me with his 7-29-2019 letter, the

13    FEDEX slip, and the proposed JPS of 7-29-2019.  To my surprise, rather than simply

14    send them to me, Plaintiff stonewalled him with his non-response of 8-11-2019. So I

15    had  no copy of Plaintiff's Joint Pretrial that he allegedly sent to work from.

16    26.    Regarding the last point of my letter to demonstrate that Defendant <u>has</u> evidence to dispute

17    Plaintiff's turnover claim for $137,000.00, that he has witnesses and exhibits re same, I

18    produced these documents to counsel sight unseen, without the Plaintiff having to formally

19    demand them from Defendants to substantiate Defendant's claim that he has exhibits to

20    support his defense:

21    a.    RFA # 4. The Debtor did **not** lend $137,000 to Defendant. The facts will reveal just

22    the opposite: My client lent Pandora $442, 00.00.

23    b.    RFA # 5. Defendant does **not** owe the Plaintiff $137,000 (plus any and all costs of

24    collection).

25    c.    RFA # 6. Plaintiff is **not** entitled to pre-judgment interest as provided under applicable

26    non-bankruptcy law.

27    d.    RFA # 7. Defendant, Nicholas Silao **has** defenses to Plaintiff's demand for $137,000,

28

1    as raised in Defendant's *Answer* [Doc-4]. Again, the Debtor did **not** lend $137,000 to

2    Defendant. The facts will reveal just the opposite: My client lent Pandora  $442,

3    00.00.

4    e.    RFA # 8. Defendant **has** facts that dispute Plaintiff's entitlement to $137,000

5    demanded in the Trustee's Complaint.

6    f.    RFA # 9. Defendant **has** documents, notes or other writings that dispute the Plaintiff's

7    entitlement to $137,000 demanded in the Trustee's Complaint.

8    27.    Regarding the exhibits, Cohen presented to Plaintiff:

9    a.    Pandora's loan report to the Silao brothers reflecting that during the period of 12-16-

10    2013 - 5-20-2015, Defendant lent Pandora approximately $442,000.00 (and that his

11    brothers Michael Silao lent Pandora $70,000.00, Sam Silao lent Pandora $6,000.00,

12    & Ray Silao lent Pandora $143,911.37, totaling $662,411.37).

13    b.    The last page of Pandora's **2014** tax return (**FYE 12-31-2014**) Form 1120, Page 5,

14    Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was

15    owed $389,750.00 by Pandora for that year ("Loan Payable N Silao");

16    c.    The last page of Pandora's **2015** tax return (**FYE 12-31-2015**) Form 1120, Page 5,

17    Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was

18    owed between  $389,750.00 - $297,250.00 by Pandora for that year ("Loan Payable

19    N Silao");

20    d.    Pandora's Balance Sheet as of **12-31-2015**, under the section entitled: "Liabilities &

21    Equity" reflecting "Loan/Financing Payable N. Silao $297,250.00;

22    e.    The last page of Pandora's **2016** tax return (**FYE 12-31-2016**) Form 1120, Page 5,

23    Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was

24    owed between $297,250.00 - $295,250.00 by Pandora for that year ("Loan Payable N

25    Silao");

26    f.    Pandora's (9) checks to my client that contain the notation: "Reimbursement - Loan:"

27    i.    Pandora's 7-31-2015 check # 9001 to Defendant for $25,000.00;

28

1/22-2:55pm

-25-

1    ii.    Pandora's 9-4-2015 check # 9002 to Defendant for $25,000.00 contains the

2    notation: "Loan Repayment;"

3    iii.    Pandora's 9-15-2015 check # 1112 to Defendant for $2,500.00 contains the

4    notation: "Reimbursement - Loan;"

5    iv.    Pandora's 10-9-2015 check # 9003 to Defendant for $25,000.00 contains the

6    notation: "Loan Repayment;"

7    v.    Pandora's 10-15-2015 check # 1130 to Defendant for $2,500.00 contains the

8    notation: "Reimbursement;"

9    vi.    Pandora's 11-1-2015 check # 1131 to Defendant for $2,500.00 contains the

10    notation: "Reimbursement;"

11    vii.    Pandora's 11-2-2015 check # 0005 to Defendant for $25,000.00 contains the

12    notation: "Loan Repayment;"

13    viii.    Pandora's 12-1-2015 check # 1132 to Defendant for $2,500.00 contains the

14    notation: "Reimbursement;"

15    ix.    Pandora's 12-2-2015 check # 8655 to Defendant for $25,000.00 contains the

16    notation: "Loan Repayment."

17    28.    Regarding the witnesses, I disclosed to counsel: RFA # 10. Defendant **has** witnesses that

18    dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint:

19    Defendant; the other Silao brothers; Pandora's CPA Rufino Reyes Magpayo.

20    29.    My letter recommended that the parties push "reset" on this case: (1) so that Plaintiff can

21    provide me with all of the above-requested documents; (2) to stipulate to withdraw the

22    deemed admissions; (3) to allow Defendant to respond to Plaintiff's discovery; (4) to allow

23    Defendant to participate meaningfully to the Joint Pre Trial report; & (5) to stipulate to

24    continue the pre-trial to a mutually agreeable date. I concluded that I believe that the Court

25    would prefer to try the case on the merits rather than granting the Plaintiff defaults against an

26    *in pro per* defendant based on the above. I was even so bold as to suggest that since Plaintiff's

27    case appears to be solely predicated on a 2016 tax return, that upon Plaintiff verifying the

28

1  Defendant's evidence, that the Plaintiff consider dismissing this adversary complaint. I truly

2  believed I was being completely reasonable and practical, given the situation that I found

3  myself in. My requests to see Plaintiff's Initial Disclosures, Discovery, and proof of his meet

4  & confer compliance, are completely legitimate, not being made for any improper4 purpose.

5  One would think, that a Plaintiff would agree to produce the aforementioned and stipulate to

6  continue the pretrial - especially in light of his late compliance with LBR 7016-1(b)(1)© - to

7  allow the defendant to participate meaningfully in his defense. Instead, and to my surprise,

8  rather than simply send them to me, Plaintiff stonewalled me with his non-response of 8-11-

9  2019.

10  30.  On 9-4-2019, I wrote Plaintiff again. " am writing you to meet & confer regarding: (1) the

11  proposed Joint Pre Trial Stipulation; (2) the proposed Motion in Limine, & (3) the proposed

12  Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. § 36(b). As I wrote you

13  on 8-9-2019, I'm running blind here, because I do not have: (1) Plaintiff's F.R.C.P. 26 Initial

14  Disclosures; & (2) Plaintiff's written discovery including Plaintiff's Request for Admissions

15  ("RFA's"). Both Ms. Bereliani and my client informed me that they do not have copies of

16  them. Accordingly, please provide them to me. If I do not receive them from you, I will have

17  no choice but to file the proposed motions. As I indicated in Defendant's 8-12-2019 Unilateral

18  Pre-Trial Report [Doc-28], Defendant intends to file a Motion in Limine to exclude Plaintiff's

19  evidence at trial, based on Plaintiff's failures to comply with FRCP 26. Your cooperation in

20  providing me with the requested documents will impact greatly on whether I will file the

21  Motion in Limine or not. I also indicated that Defendant intends to file a Motion to Withdraw

22  the Deemed Admissions pursuant to F.R.C.P. § 36(b), based on my client's representation that

23  he never received Plaintiff's (alleged) Request for Admissions. Please advise if Plaintiff will

24  stipulate to withdraw the deemed admissions and I will gladly prepare the stipulation and

25  order. To expedite the process, enclosed please find Defendant's Verified Response to

26  Request for Admissions that is based on  Plaintiff's Unilateral PreTrial Report that identified

27

28

1    the six (6) Requests for Admission.[25]

2    31.    On 9-11-2019, Plaintiff responded: "Baruch, I never received a response from you last week

3    regarding the Meet and Confer issues noted in your 9/4/11 faxed letter. I had proposed a

4    "Meet and Confer" telephone call for Friday September 6, 2019 but never heard back from

5    you. Secondly, I don't understand the legal effect if any of the verified responses included with

6    your 9/4/19 fax. Rather, I've enclosed the RFAs that were properly served on your client's

7    former counsel at her address of record in the above-captioned Adversary proceeding. Thus

8    pursuant to F.R.C.P. 36 (made applicable to this Adversary Proceeding per Rule 7036 of the

9    Fed Rules of Bankr Procedure) the unresponded to RFAs are still, enforceable and we intend

10    to use them until there's a court order to the contrary. Any questions or comments, please let

11    me know. thanks." Plaintiff attached a copy of an RFA.[26]

12    32.    On 9-11-2019, I responded: "Tom: I do not recall you proposing, and me accepting, a

13    proposed meet & confer with me on 9-6-2019. But I'm happy to do so immediately.  I also

14    want to state emphatically, that Berliani did not share your RFA with me, and that Nick Silao

15    swears over a stack of bibles that he never received them. Finally, I need to see your Initial

16    Disclosures. As I'm sure you know,  F.R.C.P. 26(d)(1) prohibits discovery before the parties

17    have met & conferred as required by F.R.C.P. 26(f). If you did not do a  F.R.C.P. 26 Initial

18    Disclosure, the RFA's would be improper. If you did  do a  F.R.C.P. 26  Initial Disclosure,

19

20

21    _____

22    [25]A true and correct copy of Cohen's 9-4-2019 Meet & Confer letter Re: Proposed Joint Pre
Trial Stipulation; Proposed Motion in Limine, & Proposed Motion to Withdraw the Deemed
23    Admissions pursuant to F.R.C.P. § 36(b) and Defendant's Verified Response to Request for
Admissions that is based on  Plaintiff's Unilateral PreTrial Report that identified the six (6) Requests
24    for Admission is attached hereto as Exhibit "10" and is incorporated herein by this reference.

25    [26]A true and correct copy of Plaintiff's counsel's email of 9-11-2019 is attached hereto as
26    Exhibit "11" and is incorporated herein by this reference. While Defendant's counsel would not
accuse Plaintiff's counsel of forging the Request for Admission, one can easily be generated, and
27    backdated, without any independent way of verifying that it is authentic. Of particular note is that
Plaintiff presented no proof that the RFA was actually mailed to Berliani.

28

1    please provide it to me. I've now asked you for this twice."[27]

2    33.    On 9-11-2019 I wrote Berliani informing her that Plaintiff sent me an RFA that purports to

3    have been served on her office on  3-7-2019 at your address "Sanaz S. Bereliani, Bereliani

4    Law Firm, 11400 W. Olympic Blvd., Suite 200, Los Angeles, CA 90064. On 3-15-2019, she

5    moved to withdraw as counsel to Defendant. So she must have had the 3-7-2019 RFA's in her

6    file before she moved to withdraw on 3-15-2019. Yet, she did not produce it to Defendant or

7    to me in violation of Rule 4-100(b)(4). I was very concerned that she had this RFA in her file

8    and did not produce it when Defendant demanded it. So I asked her again: "Did Plaintiff send

9    you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any discovery done in

10    this adversary? If so, please send them." I was very concerned that now the RFA's are deemed

11    admitted, and Defendant will now have to spend money to file a Motion to have the Deemed

12    Admissions Withdrawn, which he should not have to do, had she forwarded to him the RFA's

13    when you received it on 3-7-2019.[28]

14    34.    On 9-12-2019, I spoke with Berliani, who represented that the only documents she had in her

15    file were those that she forwarded to me earlier. When pressed again whether she had the RFA

16    in her file and whether she had Plaintiff's FRCP 26 Initial Disclosures, she repeated again,

17    that the only documents she had in her file were those that she forwarded to me earlier.

18    35.    On 9-17-2019, I wrote Plaintiff's counsel to meet & confer and sent him a *Proposed Joint*

19    *Stipulation in Connection with Defendant's Motion to Allow Withdrawal of Deemed*

20    *Admissions F.R.C.P. § 36(B)* ("Proposed Joint Stipulation").[29]

21    36.    On 9-17-2019, Plaintiff's counsel wrote back declining to participate in the Proposed Joint

22

23    [27]A true and correct copy of Cohen's 9-11-2019 letter to Plaintiff is attached hereto as Exhibit "12" and is incorporated herein by this reference.

24
25    [28]A true and correct copy of Cohen's 9-11-2019 letter to Berliani is attached hereto as Exhibit "13" and is incorporated herein by this reference.

26    [29]A true and correct copy of Cohen's 9-17-2019 meet & confer letter to Plaintiff and the
27    *Proposed Joint Stipulation in Connection with Defendant's Motion to Allow Withdrawal of Deemed Admissions F.R.C.P. § 36(B)* is attached hereto as Exhibit "14" and is incorporated herein by this reference.

28

1    Stipulation.[30]

2  37.   On 9-25-2019, Defendant filed a Motion Defendants Motion To Allow Withdrawal Of

3        Deemed Admissions F.R.C.P. 36(B)[Doc-31].

4  38.   On 11-26-2019, This Court entered it's Order Denying Motion To Allow Withdrawal Of

5        Deemed Admissions [Doc-33] on the sole basis that the parties did not meet and confer by

6        telephone.

7  39.   On 11-27-2019 I wrote Plaintiff's counsel to meet and confer by telephone, which we did on

8        12-5-2019. All things being equal, I explained to Plaintiff's counsel the above, and pointed

9        out that if Plaintiff failed to issue FRCP 26 Initial Disclosures that he would have entitled him

10       to conduct discovery. I asked Plaintiff's counsel several times in the meet & confer

11       conversation to show me Plaintiff's FRCP 26 Initial Disclosures.

12 40.   On 12-16-2019, Plaintiff's counsel sent me his contribution to the **PROPOSED JOINT**

13       **STIPULATION IN CONNECTION WITH DEFENDANT'S MOTION TO ALLOW**

14       **WITHDRAWAL OF DEEMED ADMISSIONS F.R.C.P. § 36(B)**, which I incorporated,

15       and on 12-18-2019, Plaintiff's counsel signed it.[31]

16 41.   Plaintiff's counsel only contributed to the Statement of Facts, and did not contribute to the

17       Arguments of Law and Conclusion, and did not offer a Declaration.

18 42.   Bottom line, Plaintiff has still not produced to me Plaintiff's FRCP 26 Initial Disclosures that

19       would have entitled him to conduct discovery, despite being asked for this document at least

20       two times.

21

22       I declare under penalty of perjury under the laws of the United States and the State of

23  California that the foregoing is true and correct.

24  _____

25       [30]A true and correct copy of Plaintiff's 9-17-2019 letter is attached hereto as Exhibit "15" and
    is incorporated herein by this reference.
26

27       [31]A true and correct copy of the *Proposed Joint Stipulation in Connection with Defendant's
    Motion to Allow Withdrawal of Deemed Admissions F.R.C.P. § 36(B)* is attached hereto as Exhibit
28  "16" and is incorporated herein by this reference.

1  DATED: January 22, 2020

2  By ____/S/ Baruch C. Cohen_____

3  Baruch C. Cohen, Esq.

1  Sanaz S. Bereliani, SBN 256465
   **Bereliani Law Firm, PC**
2  11400 W. Olympic Blvd., Ste 200
   Los Angeles, CA 90064
3  Telephone: 818-920-8352
   Fax: 888-876-0896
4  E-mail: berelianilaw@gmail.com

5

6

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

10

11  In re:                              BK Case No.:  6:17-bk-19336-SY

12  PANDORA HOSPICE CARE, INC           Adv. Case No.: 6:18-ap-01193-SY

               Debtor.                  Chapter 7
13

14                                      **SUPPLEMENTAL DECLARATION OF**
    KARL T. ANDERSON, CH 7 TRUSTEE,     **ATTORNEY SANAZ SARAH BERELIANI**
15                                       **DECLARATION RE DEFENDANT'S**
               Plaintiff                **MOTION TO ALLOW WITHDRAWAL OF**
16                                       **DEEMED ADMISSIONS F.R.C.P. 36(b)**
    vs.
17
    NICHOLAS SILAO,
18
               Defendant.
19

20

21  I, Sanaz Sarah Bereliani, hereby declare as follows:

22    1. I am the former attorney for the Defendant, Nicholas Silao, in the herein Adversary

23       Complaint filed in the Debtor's Chapter 7 bankruptcy case.  I am admitted to practice law

24       before this Court and all Courts in California and am a member in good standing.  I have

25       personal knowledge of the facts and if called upon as a witness, I could and would

26       competently testify hereto in a court of law.

27

28

2. I was retained in this matter by the Defendant on October 30, 2018, for the purpose of filing an Answer to an Adversary Complaint. As the Answer was due imminently, the Defendant and I agreed that after the Adversary Complaint Answer was filed, we would re-negotiate the retainer agreement as needed.

3. The Adversary Complaint Answer was filed on October 31, 2018.

4. I emailed the Defendant on January 2, 2019 to confirm how he wanted to proceed with regards to representation and the progression of the adversary proceeding.

5. Shortly thereafter I spoke to the Defendant and was informed that the Defendant's mother passed away. As a result, the Defendant was not able to proceed with any activity or communication regarding the case until family matters were resolved. I advised Mr. Polis, attorney for the Plaintiff of this on or about January 2019. I further advised the Defendant that a joint status report must be filed, and an appearance at the joint status conference was required.

6. I was then retained for the purpose of filing a Joint Status Report and an appearance at the Joint Status Conference. After this, I was not successful in getting in touch with the Defendant.

7. On February 11, 2019, I emailed the Defendant, advising him that because of the lack of communication and since he had not contemplated further representation, I was not able to proceed as I could not respond on behalf of the Defendant since I did not know the further facts of the case or preferred game plan of the part(ies). I provided him with a Substitution of Attorney to review and sign.

8. At this time, on or about February 2019, I communicated with the Plaintiff that I planned on withdrawing from the case due to the breakdown in communications.

9. For one month, my office followed up with the Defendant in regards to my email and Motion to Withdraw to no avail. I never heard back from him. My last attempt was on March 13, 2019, when I called and left a message for the Defendant.

10. Due to the breakdown in communication between the Defendant and I, specifically the lack of responsive communication and further retention by the Defendant, I was forced to withdraw as counsel [Docket 12] and on April 16, 2019, the Court entered its Order Granting Motion to Withdraw as Counsel of Record [Docket 16].

11. On or about April 11, 2019 I appeared via telephonic Courtcall for the hearing on the Motion to Withdraw. At this time, the Court and Mr. Polis requested that I provide contact information for the Defendant in the Order on Motion to Withdraw, so Mr. Polis could get in touch directly with the Defendant. To the best of my recollection, Mr. Polis did not address the court regarding discovery efforts and/or requesting any extensions on time to do discovery, given the withdrawal. I was not aware of any outstanding discovery issues as of that date.

12. On or about April 26, 2019 I caused to be filed a Notice of Lodgment with an Amended Order Granting the Motion to Withdraw. This document had the last known contact information for the Defendant.

13. On or about August 7, 2019, I received an email from the Defendant, copying Attorney Cohen, requesting a copy of his file. The same day I forwarded him an email with 12 attachments, which include the following: (1) The Complaint; (2) Retainer Agreement; (3) A Waiver of Conflict of Interest for a Joint Representation signed by Nick Silao; (4) A Waiver of Conflict of Interest for a Joint Representation signed by Ray Silao; (5) A Paypal receipt of Nick's payment to you; (6) the Answer to the Complaint; (7) Another copy of the Answer to the Complaint; (8) the filed JSR; (9) the filed Scheduling Order; (10) a blank form Substitution of Attorney; (11) the Order Granting your Motion to Withdraw; & (12) the LOU receipt of Order Granting Motion to Withdraw.

14. On August 8, 2019, Cohen wrote me: "Thx for the prompt reply. Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any discovery done in this adversary? If so, please send them."

15. On August 8, 2019, I responded: "Per my previous email, there was no communication by your client so no nothing further was done. They retained me on a limited scope and were not in touch after with further instruction or guidance. I recommend calling Trustees counsel regarding case status, I'm surprised they haven't filed anything else yet. Nick got lucky."

16. On August 9, 2019, Cohen wrote me informing me that Plaintiff's Unilateral Pretrial stated that he indeed propounded discovery Request for Admissions ("RFA's") to the Defendant, that Defendant did not respond to, and that they are now deemed admitted. Cohen asked me why wasn't he given copies of this discovery?"

17. On August 9, 2019 I responded: "Ps I'll speak to my office regarding receipts of anything on their end but please note we were retained specifically for an answer and joint status report and conference. We had no further involvement or guidance. Lastly, I appreciate your professionalism going forward."

18. Soon thereafter communicating with Cohen, I reached out to the Plaintiff and was put in touch with his legal assistant, Cristina Allen, whom I requested a copy of the alleged documents. Ms. Allen forwarded to me a copy of an RFA and Roggs. I have not received any Initial Disclosures from Ms. Allen or the Plaintiff at any point during the pendency of this adversary proceeding and I do not believe any have been prepared or served.

19. On or about September 12, 2019, after unproductive email communication with Cohen, I suggested and we had a conference call to discuss the subject of the Plaintiff's discovery. I advised him that in reviewing my file as of August 7, 2019 (when Defendant reached out to me for a copy of his file) I did not find a copy of any propounded discovery in my possession – scanned or paper versions. It is my office's protocol to save a copy of paper documents received and also to email a PDF version to clients and to save an electronic version. Therefore, it is my understanding and belief that I am not in possession of any discovery served upon my office for the Defendant prior to August 7, 2019. The only discovery in my

1   possession is the copy of the RFA and Roggs emailed to me by Ms. Allen on or about August

2   9, 2019.

3

4   I declare under penalty of perjury under the laws of the State of California and the United States of

5   America that the foregoing is true and correct.

6

7

8   Date: September 17, 2019

Sanaz Sarah Bereliani, Esq.

### DECLARATION OF NICHOLAS SILAO

I, NICHOLAS SILAO, declare as follows:

1. The facts stated below are true and correct within the best of my personal knowledge and if called upon to testify to them I could and would competently do so.

2. I am the defendant in this case.

3. On 11-8-2017, the Debtor Pandora Hospice Care, Inc., commenced this bankruptcy proceeding Case No. 6:17-bk-19336-SY.

4. On 10-2-2018, Plaintiff filed this adversary action entitled:  *Karl T. Anderson against Nicholas Silao*, Adversary case 6:18-ap-01193 [Doc-1]

5. On 10-31-2018, my lawyer Sanaz S. Bereliani filed an Answer to the Complaint [Doc-4].

6. On 1-2-2019, the parties filed a Joint Status Report [Doc-5]. Of particular interest, in Section A4 of the  Joint Status Report the parties acknowledged that they did **not** meet & confer pursuant to LBR 7026-1.[34]

7. On 3-15-2019, Bereliani moved to withdraw as counsel of record [Doc-12], and on 4-16-2019, the Court entered its Order Granting Motion To Withdraw As Counsel Of Record [Doc-16].

8. On 8-7-2019 at 10:42am, I wrote Berliani (copying Cohen) and demanded my file from her pursuant to the California Rule of Professional Responsibility 4-100(B)4, that provides that an attorney must promptly pay or deliver, as requested by the client, any funds, securities, or other properties in the possession of the member which the client is entitled to receive.[35]

9. On 8-8-2019, at 6:53am, Cohen wrote Berliani and copied me: "Thx for the prompt reply. Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any

---

[34]A true and correct copy of the 1-2-2019 Joint Status Report [Doc-5] is attached hereto as Exhibit "1" and is incorporated herein by this reference.

[35]A true and correct copy of Defendant's 8-7-2019 letter to Berliani (copying Cohen) demanding his file from her pursuant to the California Rule of Professional Responsibility 4-100(B)4 is attached hereto as Exhibit "2" and is incorporated herein by this reference.

1    discovery done in this adversary? If so, please send them."[36]

2    10.    On 8-8-2019 (late at night), I retained Cohen, who filed the *Substitution of Attorney* [Doc-25]

3    on 8-12-2019. Before being retained, Cohen specifically inquired of me Ms. Bereliani whether

4    we received any discovery from Plaintiff in this adversary, whether we received a proposed

5    Joint Pre-Trial from Plaintiff, & whether we received any FRCP 26 Initial Disclosures from

6    Plaintiff. I informed Cohen that I did not receive any of the aformentioned from Plaintiff. On

7    that basis, Cohen took the case.

8    11.    When Cohen was prepared to file a declaration pursuant to LBR 7016-1(E)(2), when he

9    checked PACER and discovered Plaintiff's Unilateral Pre Trial and Declaration filings of 8-8-

10    2019, and we were surprised, to see that Plaintiff claimed that he indeed propounded discovery

11    to me - Request for Admissions ("RFA's") and that I did not respond, and Plaintiff is deeming

12    the following admissions, admitted:

13        a.    RFA # 4. The Debtor loaned/transferred $137,000 to Defendant, Nicholas Silao. The

14            Debtor's 2016 Federal Income Tax Returns signed under penalty of perjury reflected

15            the outstanding loan owed by Defendant, Nicholas Silao to the Corporate Debtor.

16            (Unresponded to Request for Admission No. 1).

17        b.    RFA # 5. Pursuant to the Debtor's 2016 Federal Income Tax Returns, Defendant,

18            Nicholas Silao owes the Plaintiff/Chapter 7 Trustee no less than $137,000, plus any

19            and all costs of collection. (Unresponded to Request for Admission No. 4).

20        c.    RFA # 6. Plaintiff/Chapter 7 Trustee is entitled to pre-judgment interest as provided

21            under applicable non-bankruptcy law (Unresponded to Request for Admission No. 5).

22        d.    RFA # 7. Defendant, Nicholas Silao has no defenses and/or counterclaims to

23            Plaintiff/Chapter 7 Trustee's demand for $137,000. (Unresponded to Request for

24            Admission No. 6).

25        e.    RFA # 8. Defendant, Nicholas Silao has no facts that dispute Plaintiff/Chapter 7

26

27    _____

[36]A true and correct copy of Cohen's 8-8-2019 letter to Berliani is attached hereto as Exhibit

28    "4" and is incorporated herein by this reference.

Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 7).

    f.    RFA # 9. Defendant, Nicholas Silao has no documents, notes or other writings that disputes the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 8).

    g.    RFA # 10. Defendant, Nicholas Silao has no witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 9).[37]

12.    I _have_ evidence to dispute Plaintiff's turnover claim for $137,000.00; I have witnesses and exhibits re same., I produced these documents to Cohen who produced them to Plaintiff, without the Plaintiff having to formally demand them from me to substantiate my claim that I have exhibits to support my defense:

    a.    RFA # 4. The Debtor did **_not_** lend $137,000 to Defendant. The facts will reveal just the opposite: My client lent Pandora $442, 00.00.

    b.    RFA # 5. Defendant does **_not_** owe the Plaintiff $137,000 (plus any and all costs of collection).

    c.    RFA # 6. Plaintiff is **_not_** entitled to pre-judgment interest as provided under applicable non-bankruptcy law.

    d.    RFA # 7. Defendant, Nicholas Silao **_has_** defenses to Plaintiff's demand for $137,000, as raised in Defendant's _Answer_ [Doc-4]. Again, the Debtor did **_not_** lend $137,000 to Defendant. The facts will reveal just the opposite: My client lent Pandora $442, 00.00.

    e.    RFA # 8. Defendant **_has_** facts that dispute Plaintiff's entitlement to $137,000 demanded in the Trustee's Complaint.

    f.    RFA # 9. Defendant **_has_** documents, notes or other writings that dispute the Plaintiff's entitlement to $137,000 demanded in the Trustee's Complaint.

---

[37]A true and correct copy of Plaintiff's 8-8-2019 Unilateral Pretrial & Declaration is attached hereto as Exhibit "6" and is incorporated herein by this reference.

13.    Regarding the exhibits, we presented to Plaintiff:

    a.    Pandora's loan report to the Silao brothers reflecting that during the period of 12-16-2013 - 5-20-2015, Defendant lent Pandora approximately $442,000.00 (and that his brothers Michael Silao lent Pandora $70,000.00, Sam Silao lent Pandora $6,000.00, & Ray Silao lent Pandora $143,911.37, totaling $662,411.37).

    b.    The last page of Pandora's **2014** tax return (**FYE 12-31-2014**) Form 1120, Page 5, Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was owed $389,750.00 by Pandora for that year ("Loan Payable N Silao");

    c.    The last page of Pandora's **2015** tax return (**FYE 12-31-2015**) Form 1120, Page 5, Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was owed between $389,750.00 - $297,250.00 by Pandora for that year ("Loan Payable N Silao");

    d.    Pandora's Balance Sheet as of **12-31-2015**, under the section entitled: "Liabilities & Equity" reflecting "Loan/Financing Payable N. Silao $297,250.00;

    e.    The last page of Pandora's **2016** tax return (**FYE 12-31-2016**) Form 1120, Page 5, Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was owed between $297,250.00 - $295,250.00 by Pandora for that year ("Loan Payable N Silao");

    f.    Pandora's (9) checks to my client that contain the notation: "Reimbursement - Loan:"

        i.    Pandora's 7-31-2015 check # 9001 to Defendant for $25,000.00;

        ii.    Pandora's 9-4-2015 check # 9002 to Defendant for $25,000.00 contains the notation: "Loan Repayment;"

        iii.    Pandora's 9-15-2015 check # 1112 to Defendant for $2,500.00 contains the notation: "Reimbursement - Loan;"

        iv.    Pandora's 10-9-2015 check # 9003 to Defendant for $25,000.00 contains the notation: "Loan Repayment;"

        v.    Pandora's 10-15-2015 check # 1130 to Defendant for $2,500.00 contains the

notation: "Reimbursement;"

vi.   Pandora's 11-1-2015 check # 1131 to Defendant for $2,500.00 contains the notation: "Reimbursement;"

vii.   Pandora's 11-2-2015 check # 0005 to Defendant for $25,000.00 contains the notation: "Loan Repayment;"

viii.   Pandora's 12-1-2015 check # 1132 to Defendant for $2,500.00 contains the notation: "Reimbursement;"

ix.   Pandora's 12-2-2015 check # 8655 to Defendant for $25,000.00 contains the notation: "Loan Repayment."

14.   Regarding the witnesses, we disclosed to counsel: RFA # 10. I have witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint: Defendant; the other Silao brothers; Pandora's CPA Rufino Reyes Magpayo.

I declare under penalty of perjury under the laws of the United States and the State of New York and of California that the foregoing is true and correct.

DATED: September 14, 2019

By ____/S/ Nicholas Silao____

NICHOLAS SILAO

*[signature] 9/14/2019*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **DEFENDANT'S MOTION TO ALLOW WITHDRAWAL OF DEEMED ADMISSIONS F.R.C.P. 36(B); DECLARATIONS OF BARUCH C. COHEN, NICHOLAS SILAO & SANAZ S. BERELIANI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/22/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen          bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Karl T Anderson (TR)    2edansie@gmail.com, kanderson@ecf.axosfs.com
Thomas J Polis (PL)     tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
US Trustee (RS)         ustpregion16.rs.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 1/22/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/22/2020,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott H. Yun, USBC, Central District of California, 3420 Twelfth Street, Suite 345, Riverside CA 92501

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/22/2020 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**