1   Baruch C. Cohen, Esq. (SBN 159455)
    **LAW OFFICE OF BARUCH C. COHEN**
2        A Professional Law Corporation
    4929 Wilshire Boulevard, Suite 940
3   Los Angeles, California 90010
    (323) 937-4501        Fax (888) 316-6107
4   e-mail: baruchcohen@baruchcohenesq.com

5   *Attorney For Defendant Nicholas Silao*

6

7                   UNITED STATES BANKRUPTCY COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                        RIVERSIDE DIVISION

10

11  In re                                  Case No. 6:17-bk-19336-SY

12  PANDORA HOSPICE CARE, INC.             Adv. 6:18-ap-01193-SY

13       Debtor                            Before the Honorable Scott H. Yun

14  _____        Chapter 7

15  KARL T. ANDERSON, CHAPTER 7
    TRUSTEE                                **DEFENDANT'S RENEWED MOTION TO
16                                          ALLOW WITHDRAWAL OF DEEMED
             Plaintiff                      ADMISSIONS F.R.C.P. 36(B);
17                                          DECLARATIONS OF BARUCH C. COHEN,
    vs.                                     NICHOLAS SILAO & SANAZ S. BERELIANI**

18  NICHOLAS SILAO                         Date: 3-26-2020
                                           Time: 1:30pm
19       Defendant                         Courtroom: 302
                                           Place: 3420 Twelfth Street, Riverside, CA
20

21      TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY COURT

22  JUDGE, PLAINTIFF KARL T. ANDERSON, CHAPTER 7 TRUSTEE,  AND ALL INTERESTED

23  PARTIES:

24      **PLEASE TAKE NOTICE**  that on 3-26-2020 at 1:30pm in the Courtroom of the Honorable

25  Scott H. Yun, United States Bankruptcy Judge, Courtroom 302 located at the United States

26  Bankruptcy Court Central District of California 3420 Twelfth Street, Riverside, CA 92501, *Defendant*

27  Nicholas Silao (hereinafter, "Defendant"), hereby moves to allow withdrawal of deemed admissions.

28

1    The *Motion* will be based on this Notice, on the attached Memorandum of Points and

2    Authorities, the declarations of Baruch C. Cohen, Nicholas Silao & Sanaz Sarah Bereliani, on all the

3    papers and records on file in this action, and on such oral and documentary evidence as may be

4    presented at the hearing of the *Motion*.

5    Defendant bring this *Motion* pursuant to F.R.C.P. 36(b) that withdrawal or amendment of the

6    Admissions that were deemed admitted : 1) would serve the presentation of the case on its merits, and

7    2) would not prejudice the party that obtained the admissions in its presentation of the case.

8    Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this *Motion* must be

9    stated in writing, filed with the Clerk of the Court and served on Defendant and his counsel no later

10    than fourteen days prior to the hearing. Failure to so state, file and serve any opposition may result

11    in the Court failing to consider the same.

12

13    DATED:        February 25, 2020        LAW OFFICE OF BARUCH C. COHEN, APLC

14                                By ___/S/ Baruch C. Cohen_____
                                   Baruch C. Cohen, Esq.
15                                 *Attorney For Defendant Nicholas Silao*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

3   MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

4        FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

5            PLAINTIFF'S COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

6            BERELIANI'S "LIMITED" RETENTION OF DEFENDANT . . . . . . . . . . . . . -1-

7            DEFENDANT'S ANSWER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

8            THE JOINT STATUS REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

9            BERELIANI'S   REPORT   TO   DEFENDANT   ABOUT   THE   STATUS

10               CONFERENCE - BEFORE & AFTER . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

11            INITIAL DISCLOSURES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

12            PLAINTIFF'S REQUEST FOR ADMISSIONS . . . . . . . . . . . . . . . . . . . . . . . -4-

13            BERELIANI'S MOTION TO WITHDRAW . . . . . . . . . . . . . . . . . . . . . . . . . -5-

14            PLAINTIFF'S UNILATERAL PRETRIAL REPORT . . . . . . . . . . . . . . . . . . . -5-

15            COHEN'S RETENTION & DISCOVERY OF THE RFA'S . . . . . . . . . . . . . . . -5-

16            BERELIANI'S FILE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

17            COHEN'S PRESENTATION OF DEFENDANT'S RESPONSE TO RFA'S AND

18               PRODUCTION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

19            ATTEMPTS TO FIGURE OUT WHAT'S GOING ON AND MEET & CONFER

20               . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

21            BERELIANI'S CLARIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

22            BERELIANI'S DECLARATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

23            DEFENDANT'S   MOTION   TO   ALLOW   WITHDRAWAL   OF   DEEMED

24               ADMISSIONS   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

25        LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

26            SINCE THE PARTIES DID NOT ISSUE INITIAL DISCLOSURES PLAINTIFF'S

27               RFA'S WERE PREMATURE & NOT PERMITTED . . . . . . . . . . . . . -13-

28

THE DEEMED ADMISSIONS ARE PROPERLY WITHDRAWN . . . . . . . . -13-

DEFENDANT DESERVES TO BE RELIEVED FROM THE HARSH & UNFAIR

    RESULT OF THE RFA'S BEING DEEMED ADMITTED . . . . . . . . . -16-

POSSIBLE SCENARIOS AS TO BERELIANI'S  FAULT AS TO THE DEEMED

    ADMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

    Option # 1: The "I Never Received Them" Defense . . . . . . . . . . . . . . . -19-

    Option # 2: The "It Got Lost in the Office" Defense . . . . . . . . . . . . . . . -19-

    Option # 3: The "I Was Confused" Defense . . . . . . . . . . . . . . . . . . . . . -20-

    Option # 4: The "Contractual Limited Retention" Defense  . . . . . . . . . -20-

A SIMPLE RESOLUTION TO AVOID PLAINTIFF'S PREJUDICE . . . . . . . -21-

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

# TABLE OF AUTHORITIES

## CASES

*AF Holdings LLC v. DOES 1-96*, 2011 WL 4502413 (N.D. Cal. 2011) . . . . . . . . . . . . . . . . . -13-

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . -17-

*Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . -15-

*French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . -13-

*In re American Auto.*, 930 F.2d at 1120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

*In re Conlon*, 474 F.3d at 623 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

*In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) . . . . . . . -14-

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . -17-

*Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380 (1993) . . . . . . . . . . . . -17-

*Reno v. Int'l Harvester Co.*, 115 F.R.D. 6 (S.D. Ohio 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

*Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . -13-

*Sonoda v. Cabrera*, 255 F.3d 1035, 1039-40 (9th Cir. 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

*United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) . . . . . . . . -16-

*United States v. Kasuboski*, 834 F.2d 1345, 1350 n. 7 (7th Cir. 1987) . . . . . . . . . . . . . . . . . . -15-

*Xcentric Ventures, LLC v. Richeson*, 2010 WL 5276950 (D. Ariz. 2010) . . . . . . . . . . . . . . . . -13-

*Younessi v. Woolf*, 244 Cal.App.4th 1137 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

## STATUTES

C.C.P. § 473 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

California Rule of Professional Responsibility 3-700 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

California Rule of Professional Responsibility 4-100(B)4 . . . . . . . . . . . . . . . . . . . . . . -6-, -27-, -38-

F.R.B.P. 9024 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-, -27-, -38-

F.R.C.P. 36(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

F.R.C.P. 36(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

F.R.C.P. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

F.R.C.P. 26(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

1    F.R.C.P. 26(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

2    F.R.C.P. 26(d)(1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

3    F.R.C.P. 26(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

4    F.R.C.P. 26(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

5    F.R.C.P. 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

6    F.R.C.P. 36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

7    F.R.C.P. 36(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

8    F.R.C.P. 36(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

9    F.R.C.P. 6(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

10   F.R.C.P. 60(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -26-

11   F.R.C.P. 60(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

12   LBR 7016-1(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

13   LBR 7026-1(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

14   LBR 7026-1(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-, -33-

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **1.     MEMORANDUM OF POINTS & AUTHORITIES**

2        a.    **FACTS**

3            i.    **PLAINTIFF'S COMPLAINT**

4        On 11-8-2017, the Debtor Pandora Hospice Care, Inc., commenced this bankruptcy proceeding

5    Case No. 6:17-bk-19336-SY.

6        On 10-2-2018, Plaintiff filed this adversary action entitled: *Karl T. Anderson against Nicholas*

7    *Silao*, Adversary case 6:18-ap-01193, entitled *Chapter 7 Trustee's Complaint for Turnover of*

8    *Property of the Bankruptcy Estate by an Entity That Owes a Debt to the Estate under Chapter 7*

9    *Trustee's Complaint for Turnover of Property of the Bankruptcy Estate by an Entity That Owes a*

10   *Debt to the Estate under Section 542(b) of the Bankruptcy Code* [Doc-1].

11       ¶7 of the Complaint alleged that the Debtor (Pandora) loaned/transferred $137,000 to Nicholas

12   Silao, allegedly based on the Debtor's federal income tax returns signed under penalty of perjury

13   reflected the outstanding loan owed to the Debtor's bankruptcy estate.

14           ii.    **BERELIANI'S "LIMITED" RETENTION OF DEFENDANT**

15       On 10-25-2018, Sanaz S. Bereliani ("Bereliani") executed an ("initial") Attorney Client Fee

16   Contract with Defendant Nicholas Silao to ("only") file an Answer to the Complaint to prevent a

17   default and charged him $850.00. Bereliani retainer agreement provided that she would notify

18   Defendant of "each step of the process."[1]

19           iii.    **DEFENDANT'S ANSWER**

20       On 10-31-2018, Bereliani, pursuant to her Attorney Client Fee Contract with Defendant filed

21   an Answer to the Complaint [Doc-4].

22       In Defendant's 10-31-2018 Answer, Bereliani asserted a 2nd Affirmative Defense that Plaintiff

23   has insufficient evidence to establish their case, and a 4th Affirmative Defense that even if the Plaintiff

24   had a legitimate claim against the Defendant, that claim is excepted from turnover to the extent that

25   such debt may be offset under 11 U.S.C. § 553.

26

27       [1] A true and correct copy of Bereliani's 10-25-2018 Attorney Client Fee Contract with

28   Defendant is attached hereto as Exhibit "1" and is incorporated herein by this reference.

iv.    **THE JOINT STATUS REPORT**

On 1-2-2019, notwithstanding her limited scope of retention to *only* file an Answer, Bereliani subsequently participated in filing a Joint Status Report [Doc-5][2] and in the Joint Status Conference via an appearance attorney.[3]

Of particular interest, in Section # 5 Bereliani represented that given the holidays, the parties have not had a chance to meet and confer, but will definitely do so before the Status Hearing of 1-17-2019.

In Section # B1 (Readiness for Trial), Bereliani represented that she would be ready for trial in July 2019.

In Section Question # B2 (Readiness for Trial), Bereliani represented that her reason for being ready for trial in July 2019 was because she intended to propound discovery and attend mediation.

In Section # B3 (Readiness for Trial), Bereliani represented that she expects to complete her discovery by May 2019.

In Section # C1 (Trial Time), Bereliani represented that her estimate of trial would be 1 court day.

In Section # D (PreTrial Conference), Bereliani represented that Defendant requested a pretrial conference after 5-31-2019.

In Section # E (Settlement), Bereliani represented that Defendant requested that this case be mediated.

In Section # F (Final Judgment Order), Bereliani represented that Defendant consented to this Court's jurisdiction.

Pursuant to the Status Conference and Scheduling Order Pursuant to LBR 7016-1(a)(4) [Doc-10], the discovery cutoff was 6-28-2019, the pre-trial stipulation was due 8-1-2019, the pretrial

---

[2] A true and correct copy of the 1-2-2019 Joint Status Report [Doc-5] is attached hereto as Exhibit "2" and is incorporated herein by this reference.

[3] A true and correct copy of the Transcript of the Status Conference is attached hereto as Exhibit "3" and is incorporated herein by this reference.

hearing was 8-15-2019, and the mediation completion date was 7-31-2019.

So while Bereliani's retainer was limited to only filing an Answer, it appears that Bereliani continued representing Defendant past the filing of the Answer, into the Status Conference stage.

v.    **BERELIANI'S REPORT TO DEFENDANT ABOUT THE STATUS CONFERENCE - BEFORE & AFTER**

On 1-15-2019 at 4:45pm, Bereliani wrote Defendant:

> I mentioned to Nick that the Status Conference Scheduled with Judge Yun for Thursday at 9:30am in Riverside is a Mandatory hearing that cannot be continued. Its like a scheduling hearing, we'll be setting deadlines for all three of your cases -discovery, etc. That being said, either you or someone from my office needs to be there to represent you. I can have Mike Smith appear on your behalf and set the hearing dates going forward, ***scheduling them out as far as possible to buy you some time***. However, ***please note that the retainer you initially signed with my office retained me <u>only</u> for preparing and filing the Answers to the Complaints. I have not been retained further***. [Emphasis added].[4]

On 1-31-2019 at 2:09pm, Bereliani reported to Defendant (and his brothers) about her appearance at the Status Conference and future deadlines.

On 2-6-2019 at 11:22am, Bereliani wrote Defendant (and his brothers):

> "...***At this point, please note that our office is not retained to represent you in your cases as our retainer was of a "limited scope"*** and we have been unsuccessful in scheduling a call to discuss further representation and action on your behalf. ***If I do not hear from you by Thursday evening as to a conference call time for all of us to speak together ASAP then I will be preparing a Substitution of Attorney for you to sign to advise the court that the limited scope retainer has expired. This will not affect your case with the Trustee*** but just Update the Status of your representation." [Emphasis added][5]

So now, Bereliani is telling Defendant, that she is no longer retained, and that if Defendant does not substitute her out immediately, she will be forced to withdraw.

On 2-11-2019 at 1:44pm,  Bereliani wrote Defendant:

> "...***However, be mindful that this case is still pending*** and you do need to either be in contact with the Trustee or to retain new counsel to proceed on your behalf if you wish to proceed. Unfortunately, with the lack of communication or further

---

[4] A true and correct copy of Bereliani's 1-15-2019 at 4:45pm letter to Defendant is attached hereto as Exhibit "4" and is incorporated herein by this reference.

[5] A true and correct copy of Bereliani's 2-6-2019 at 11:22am letter to Defendant is attached hereto as Exhibit "5" and is incorporated herein by this reference.

1    representation agreement, I am not able to proceed on your behalf." [Emphasis added][6]

2              vi.    **INITIAL DISCLOSURES**

3    Both parties did not serve each other with Initial Disclosures pursuant to F.R.C.P. 26(f)(1).

4              vii.    **PLAINTIFF'S REQUEST FOR ADMISSIONS**

5    On 3-7-2019, Plaintiff's counsel propounded *Requests for Admission [Set One]* ("RFA's") to

6    Defendant, and per the Proof of Service signed under penalty of perjury, Plaintiff mailed it to

7    Bereliani at her office at the Bereliani Law Firm, 11400 W Olympic Blvd Ste 200, Los Angeles, CA

8    90064.[7] The RFA's in question were:

9    RFA # 4. The Debtor loaned/transferred $137,000 to Defendant, Nicholas Silao. The Debtor's

10    2016 Federal Income Tax Returns signed under penalty of perjury reflected the outstanding loan owed

11    by Defendant, Nicholas Silao to the Corporate Debtor.

12    RFA # 5. Pursuant to the Debtor's 2016 Federal Income Tax Returns, Defendant, Nicholas

13    Silao owes the Plaintiff/Chapter 7 Trustee no less than $137,000, plus any and all costs of collection.

14    RFA # 6. Plaintiff/Chapter 7 Trustee is entitled to pre-judgment interest as provided under

15    applicable non-bankruptcy law.

16    RFA # 7. Defendant, Nicholas Silao has no defenses and/or counterclaims to Plaintiff/Chapter

17    7 Trustee's demand for $137,000.

18    RFA # 8. Defendant, Nicholas Silao has no facts that dispute Plaintiff/Chapter 7 Trustee's

19    entitlement to $137,000 demanded in the Trustee's Complaint.

20    RFA # 9. Defendant, Nicholas Silao has no documents, notes or other writings that disputes

21    the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint.

22    RFA # 10. Defendant, Nicholas Silao has no witnesses that dispute the Trustee's entitlement

23    to $137,000 demanded in the Trustee's Complaint.

24

25    _____

26    [6] A true and correct copy of Bereliani's 2-11-2019 at 1:44pm letter to Defendant is attached
hereto as Exhibit "6" and is incorporated herein by this reference.

27    [7] A true and correct copy of Plaintiff's 3-7-2019 *Requests for Admission [Set One]* is attached
hereto as Exhibit "7" and is incorporated herein by this reference.

28

1    Pursuant to F.R.C.P. 36(a)(3) and F.R.C.P. 6(d), Defendant had 35 days from 3-7-2019 to

2    serve Plaintiff with a written response to the RFA's or by 4-11-2019.

3    Defendant did not respond to Plaintiff's RFA's, because Bereliani never forwarded the RFA's

4    to him, he never received them, and was not even aware of them. Consequently, the matters set forth

5    in Plaintiff's RFA's were automatically admitted by operation of law (F.R.C.P. 36).

6    viii.    **BERELIANI'S MOTION TO WITHDRAW**

7    (Presumably, 1-week after she received Plaintiff's RFA) on 3-15-2019, Bereliani formally

8    moved to withdraw as counsel of record [Doc-12], and on 4-16-2019, the Court entered its Order

9    Granting Motion To Withdraw As Counsel Of Record [Doc-16].

10    ix.    **PLAINTIFF'S UNILATERAL PRETRIAL REPORT**

11    On 8-8-2019, Plaintiff filed his Unilateral Pre-Trial Stipulation and Declaration [Doc-23]

12    reporting that Defendant did not respond to Plaintiff's RFA's, and were deemed admitted.[8] Both

13    documents did not  attach a copy of the RFA's, and Plaintiff did not list the RFA's as an exhibit to

14    be used at trial.

15    x.    **COHEN'S RETENTION & DISCOVERY OF THE RFA'S**

16    On 7-5-2019, the Court entered an Order Rescheduling the pretrial conference to 8-22-2019

17    [Doc-21].

18    On 8-9-2019, Defendant formally retained litigation counsel Baruch Cohen to defend him in

19    this action, who then filed the *Substitution of Attorney* [Doc-25] on 8-12-2019. But before being

20    formally retained, Cohen specifically inquired of Defendant whether he received any discovery from

21    Plaintiff in this adversary. Defendant responded that he did not. On that basis, Cohen took the case,

22    and was contemplating filing a declaration pursuant to LBR 7016-1(E)(2). Cohen then checked

23    PACER and discovered Plaintiff's Unilateral Pre Trial and Declaration filings of 8-8-2019, and was

24    surprised, to see that Defendant did not respond to Plaintiff's RFA's, and were deemed admitted.

25    Cohen needed to see the RFA's (that were omitted from Plaintiff's 8-8-2019, Unilateral Pre-Trial

26

27    [8] A true and correct copy of Plaintiff's 8-8-2019 Unilateral Pre-Trial Stipulation [Doc-23] is
attached hereto as Exhibit "8" and is incorporated herein by this reference.

28

1  Stipulation and Declaration, and instructed Defendant to request his entire file from Bereliani.

2              xi.    **BERELIANI'S FILE**

3      On 8-7-2019 at 10:42am, Defendant wrote Berliani (copying Cohen) and demanded his file

4  from her pursuant to the California Rule of Professional Responsibility 4-100(B)4, that provides that

5  an attorney must promptly pay or deliver, as requested by the client, any funds, securities, or other

6  properties in the possession of the member which the client is entitled to receive.

7      On 8-7-2019, at 2:17pm, Berliani wrote back:

8      "***Not much*** *- Nick went MIA on us shortly after the beginning* ***and we just bought him***
   ***time with the Tee's attorney****...* " [Emphasis added][9]

9      On her 8-7-2019 email, Bereliani sent the following 12 documents to Cohen:  (1) The

10 Complaint; (2) the Retainer Agreement; (3) A Waiver of Conflict of Interest for a Joint Representation

11 signed by Nick Silao; (4) A Waiver of Conflict of Interest for a Joint Representation signed by Ray

12 Silao; (5) A Paypal receipt of Nick"s payment to you; (6) the Answer to the Complaint; (7) Another

13 copy of the Answer to the Complaint; (8) the filed JSR; (9) the filed Scheduling Order; (10) a blank

14 form Substitution of Attorney; (11) the Order Granting your Motion to Withdraw; & (12) the LOU

15 receipt of her Order Granting her Motion to Withdraw.

16 **[Note: Berliani did not acknowledge in her file, and did not produce to Cohen, Plaintiff's RFA's,**

17 **notwithstanding Plaintiff's 3-7-2019 Proof of Service to her while she was still Defendant's**

18 **counsel (Bereliani moved to withdraw as counsel of record on 3-15-2019) [Doc-12]).**

19     On 8-8-2019, at 6:53am, Cohen wrote Berliani: "....Was any discovery done in this adversary?

20 If so, please send them."

21     On 8-8-20189 at 8:16am, Berliani responded:

22     "Per my previous email, there was no communication by your client *so no nothing*
   *further was done. They retained me on a limited scope* and were not in touch after
23 with further instruction or guidance. I recommend calling Trustees counsel regarding
   case status, I'm surprised they haven't filed anything else yet. Nick got lucky."
24

25

26 ─────────────

27     [9] A true and correct copy of Berliani's 8-7-2019  at 2:17pm letter to Cohen is attached hereto
28 as Exhibit "9" and is incorporated herein by this reference.

2/25-6:01pm                                    -6-

1    [Emphasis added][10]

2    On 8-9-2019 at 6:34am, Cohen wrote Berliani informing her that Plaintiff's Unilateral Pretrial

3    stated that he indeed propounded RFA's to the Defendant that were now deemed admitted. Cohen

4    asked Berliani why wasn't Cohen given copies of this discovery?"

5    On 8-9-2019 at 12:17pm, Berliani responded:

6    "Ps I'll speak to my office regarding receipts of anything on their end but please note *we were retained specifically for an answer <u>and joint status report and conference</u>*.

7    *We had no further involvement or guidance*. Lastly, I appreciate your professionalism going forward."[11]

8    **[Note: notwithstanding Bereliani's retainer to *only* file an Answer, now she writes that she was**

9    *<u>also</u>* **retained for the joint status report and conference].**

10    xii.    **COHEN'S PRESENTATION OF DEFENDANT'S RESPONSE TO**

11    **RFA'S AND PRODUCTION OF EVIDENCE**

12    On Friday 8-9-2019 at 11:22am, Cohen wrote Plaintiff's counsel to meet & confer regarding

13    Plaintiff's *Unilateral Pre Trial* [Doc-23] and *Declaration* [Doc-24] in advance of the upcoming Pre

14    Trial hearing of 8-22-2019. Cohen further stated that Defendant <u>has</u> evidence to dispute Plaintiff's

15    turnover claim for $137,000.00, that he has witnesses and exhibits re same. Cohen produced these

16    documents to counsel sight unseen, without the Plaintiff having to formally demand them from

17    Defendants to substantiate Defendant's claim that he has exhibits to support his defense. (See email

18    chain below)

19    Specifically, Cohen asked Plaintiff's counsel: (1) to see Plaintiff's F.R.C.P. 26 Initial

20    Disclosures; (2) to See Plaintiff's Discovery; (3) to show Plaintiff that Defendant <u>has</u> evidence to

21    dispute Plaintiff's turnover claim for $137,000.00; & (4) to seek clarification regarding Plaintiff's

22    efforts to meet & confer with Defendant regarding the Joint Pre-Trial Report.

23    Cohen presented to Plaintiff:

24

25    _____

26    [10] A true and correct copy of Berliani's 8-8-2019 at 8:16am letter to Cohen is attached hereto as Exhibit "10" and is incorporated herein by this reference.

27    [11] A true and correct copy of Berliani's 8-8-2019 at at 12:17pm letter to Cohen is attached hereto as Exhibit "11" and is incorporated herein by this reference.

28

1    Pandora's loan report to the Silao brothers reflecting that during the period of 12-16-2013 -

2    5-20-2015, Defendant lent Pandora approximately $442,000.00 (and that his brothers Michael Silao

3    lent Pandora $70,000.00, Sam Silao lent Pandora $6,000.00, & Ray Silao lent Pandora $143,911.37,

4    totaling $662,411.37).

5    The last page of Pandora's 2014 tax return (FYE 12-31-2014) Form 1120, Page 5, Schedule

6    L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was owed $389,750.00 by

7    Pandora for that year ("Loan Payable N Silao");

8    The last page of Pandora's 2015 tax return (FYE 12-31-2015) Form 1120, Page 5, Schedule

9    L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was owed between

10   $389,750.00 - $297,250.00 by Pandora for that year ("Loan Payable N Silao");

11   Pandora's Balance Sheet as of 12-31-2015, under the section entitled: "Liabilities & Equity"

12   reflecting "Loan/Financing Payable N. Silao $297,250.00;

13   The last page of Pandora's 2016 tax return (FYE 12-31-2016) Form 1120, Page 5, Schedule

14   L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was owed between

15   $297,250.00 - $295,250.00 by Pandora for that year ("Loan Payable N Silao");

16   Pandora's (9) checks to my client that contain the notation: "Reimbursement - Loan:"

17   Pandora's 7-31-2015 check # 9001 to Defendant for $25,000.00;

18   Pandora's 9-4-2015 check # 9002 to Defendant for $25,000.00 contains the notation:

19   "Loan Repayment;"

20   Pandora's 9-15-2015 check # 1112 to Defendant for $2,500.00 contains the notation:

21   "Reimbursement - Loan;"

22   Pandora's 10-9-2015 check # 9003 to Defendant for $25,000.00 contains the notation:

23   "Loan Repayment;"

24   Pandora's 10-15-2015 check # 1130 to Defendant for $2,500.00 contains the notation:

25   "Reimbursement;"

26   Pandora's 11-1-2015 check # 1131 to Defendant for $2,500.00 contains the notation:

27   "Reimbursement;"

28

1    Pandora's 11-2-2015 check # 0005 to Defendant for $25,000.00 contains the notation:

2    "Loan Repayment;"

3    Pandora's 12-1-2015 check # 1132 to Defendant for $2,500.00 contains the notation:

4    "Reimbursement;"

5    Pandora's 12-2-2015 check # 8655 to Defendant for $25,000.00 contains the notation:

6    "Loan Repayment."

7    Cohen disclosed Defendant's witnesses to counsel: Defendant; the other Silao brothers;

8    Pandora's CPA Rufino Reyes Magpayo.

9    xiii.    **ATTEMPTS TO FIGURE OUT WHAT'S GOING ON AND MEET &**

10    **CONFER**

11    On Sunday 8-11-2019, Plaintiff's counsel emailed Cohen stating:

12    "Thanks for your email. Please know I will not litigate this matter via email, thus if
      you believe your client is entitled to relief from the Court, please file a properly
13    noticed motion pursuant to the Local Bankruptcy Rules. Consequently, at this point
      we are proceeding in the ordinary course pursuant to the Court's presently set
14    scheduling order. Finally, if you intend to proceed with any type of judicial relief,
      please note I'll be traveling to and from Shanghai China for my son's college freshman
15    activities between the afternoon of August 22 and returning to the OC on or about
      August 29, 2019, thus we will object to any relief that requires my office to take action
16    during that time period.  Thank you."[12]

17    On 9-4-2019, Cohen wrote Plaintiff again.

18    "I am writing you to meet & confer regarding: (1) the proposed Joint Pre Trial
      Stipulation; (2) the proposed Motion in Limine, & (3) the proposed Motion to
19    Withdraw the Deemed Admissions pursuant to F.R.C.P. 36(b). As I wrote you on
      8-9-2019, I'm running blind here, because I do not have: (1) Plaintiff's F.R.C.P. 26
20    Initial Disclosures; & (2) Plaintiff's written discovery including Plaintiff's Request for
      Admissions ("RFA's"). Both Ms. Bereliani and my client informed me that they do not
21    have copies of them. Accordingly, please provide them to me. If I do not receive them
      from you, I will have no choice but to file the proposed motions. As I indicated in
22    Defendant's 8-12-2019 Unilateral Pre-Trial Report [Doc-28], Defendant intends to file
      a Motion in Limine to exclude Plaintiff's evidence at trial, based on Plaintiff's failures
23    to comply with FRCP 26. Your cooperation in providing me with the requested
      documents will impact greatly on whether I will file the Motion in Limine or not. I
24    also indicated that Defendant intends to file a Motion to Withdraw the Deemed
      Admissions pursuant to F.R.C.P. 36(b), based on my client's representation that he

25

26    _____

27    [12] A true and correct copy of counsel's email chain of 8-11-2019 (including Cohen's 8-9-2019
      meet & confer letters (without exhibits) attached hereto as Exhibit "12" and is incorporated herein
28    by this reference.

1
2
3

never received Plaintiff's (alleged) Request for Admissions. Please advise if Plaintiff will stipulate to withdraw the deemed admissions and I will gladly prepare the stipulation and order. To expedite the process, enclosed please find Defendant's Verified Response to Request for Admissions that is based on Plaintiff's Unilateral PreTrial Report that identified the six (6) Requests for Admission.

4
5

Cohen served Plaintiff's Counsel with *Defendant's Verified Response to Request for Admissions* (denying the above-referenced RFA's).[13]

6
7
8
9
10
11
12

On 9-11-2019, Plaintiff responded:

"Baruch, I never received a response from you last week regarding the Meet and Confer issues noted in your 9/4/11 faxed letter. I had proposed a "Meet and Confer" telephone call for Friday September 6, 2019 but never heard back from you. Secondly, I don't understand the legal effect if any of the verified responses included with your 9/4/19 fax. Rather, *I've enclosed the RFAs that were properly served on your client's former counsel at her address of record in the above-captioned Adversary proceeding*. Thus pursuant to F.R.C.P. 36 (made applicable to this Adversary Proceeding per Rule 7036 of the Fed Rules of Bankr Procedure) the unresponded to RFAs are still, enforceable and we intend to use them until there's a court order to the contrary. Any questions or comments, please let me know. thanks." Plaintiff attached a copy of an RFA. [Emphasis added]

13
14
15
16
17
18

On 9-11-2019, Cohen responded:

"Tom: I do not recall you proposing, and me accepting, a proposed meet & confer with me on 9-6-2019. But I'm happy to do so immediately. I also want to state emphatically, that *Berliani did not share your RFA with me, and that Nick Silao swears over a stack of bibles that he never received them*. Finally, I need to see your Initial Disclosures. As I'm sure you know, F.R.C.P. 26(d)(1) prohibits discovery before the parties have met & conferred as required by F.R.C.P. 26(f). If you did not do a F.R.C.P. 26 Initial Disclosure, the RFA's would be improper. If you did do a F.R.C.P. 26 Initial Disclosure, please provide it to me. I've now asked you for this twice."[14]

19
20
21
22

On 9-11-2019 at 8:55pm, Cohen returned to Berliani informing her that Plaintiff sent Cohen an RFA that purports to have been served on her office on 3-7-2019 at her address On 3-15-2019, she moved to withdraw as counsel to Defendant. So she must have had the 3-7-2019 RFA's in her file before she moved to withdraw on 3-15-2019. Yet, she did not produce it to Defendant or to Cohen

23
24
25
26

[13] A true and correct copy of Cohen's 9-4-2019 Meet & Confer letter Re: Proposed Joint Pre Trial Stipulation; Proposed Motion in Limine, & Proposed Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. 36(b) and Defendant's Verified Response to Request for Admissions that is based on Plaintiff's Unilateral PreTrial Report that identified the six (6) Requests for Admission, that includes Defendant's *Verified Response to Request for Admissions* is attached hereto as Exhibit "13" and is incorporated herein by this reference.

27
28

[14] A true and correct copy of counsel's 9-11-2019 email exchange is attached hereto as Exhibit "14" and is incorporated herein by this reference.

in violation of Rule 4-100(b)(4). Cohen was very concerned that she had this RFA in her file and did not produce it when Defendant demanded it. So Cohen asked her again: "Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any discovery done in this adversary? If so, please send them." Cohen was very concerned that now the RFA's are deemed admitted, and Defendant will now have to spend money to file a Motion to have the Deemed Admissions Withdrawn, which he should not have to do, had she forwarded to him the RFA's when you received it on 3-7-2019.[15]

On 9-12-2019, Cohen spoke with Berliani, who represented that the *only* documents she had in her file were those that she forwarded to Cohen earlier. When pressed again whether she had the RFA in her file and whether she had Plaintiff's FRCP 26 Initial Disclosures, she repeated again,  that the *only* documents she had in her file were those that she forwarded to Cohen earlier.

xiv.    **BERELIANI'S CLARIFICATION**

On 9-16-2019 at 3:31pm Bereliani wrote Cohen:

> Hi Baruch, Per our phone call last week, I am happy to prepare a declaration which states that my office does not have a copy of RFAs that were supposedly sent by the Trustee in our files. That as of your substitution into the case I do have them since they were sent to me via email per my request, but not before then. That also, that *we were not retained for work in addition to filing an answer, attending the status conference or for preparing the joint status report* and even had we had it, we would not have been able to respond due to the breakdown of communication. Please let me know if youd like me to and I will prepare this for you today. [Emphasis added].[16]

[**Note: here, Bereliani admits that she was retained in addition to filing the Answer, to also include the joint status report and conference**].

xv.    **BERELIANI'S DECLARATION**

On 9-17-2019, Bereliani sent Cohen her declaration in support of this Motion. ¶¶ 4-6 of her Declaration she claims:

---

[15] A true and correct copy of Cohen's 9-11-2019 at 8:55pm letter to Berliani is attached hereto as Exhibit "15" and is incorporated herein by this reference.

[16] A true and correct copy of Berliani's 9-16-2019 at 3:31pm letter to Cohen is attached hereto as Exhibit "16" and is incorporated herein by this reference.

"I emailed the Defendant on January 2, 2019 to confirm how he wanted to proceed with regards to representation and the progression of the adversary proceeding. Shortly thereafter I spoke to the Defendant and was informed that the Defendant's mother passed away. As a result, the Defendant was not able to proceed with any activity or communication regarding the case until family matters were resolved. I advised Mr. Polis, attorney for the Plaintiff of this on or about January 2019. I further advised the Defendant that a joint status report must be filed, and an appearance at the joint status conference was required. ***I was then retained for the purpose of filing a Joint Status Report and an appearance at the Joint Status Conference***. After this, 1 was not successful in getting in touch with the Defendant." [Emphasis added].

The problem with this claim, is that there is no evidence in her file, that Bereliani was ever formally retained to handle the Joint Status Report and the Status Conference.

Further, ¶ 8 of her declaration, Bereliani claims:

"At this time, on or about February 2019, I communicated with the Plaintiff that I planned on withdrawing from the case due to the breakdown in communications."

xvi.    **DEFENDANT'S MOTION TO ALLOW WITHDRAWAL OF DEEMED ADMISSIONS**

On 9-25-2019, Defendant filed this Motion to Allow Withdrawal of Deemed Admissions pursuant to F.R.C.P. 36(b)[Doc-31].

On 1-23-2020, this Court denied Defendant's Motion without prejudice, instructed Defendant to withdraw the Motion and renew it after the parties properly meet and confer and jointly sign a proper Joint Stipulation. The Court scheduled the new evidentiary hearing to 3-26-2020 at 1:30pm. [Doc-54] requesting that Bereliani appear in person to testify in court as to the sum and substance of her declaration in support thereof.

On 1-23-2020, Defendant's counsel informed Bereliani that her presence is required on 3-26-2020, and she agreed to appear voluntarily, without the need for a subpoena.

Pursuant to LBR 7026-1(c)(2), the parties subsequently and successfully met and conferred by phone and emails regarding the Joint Stipulation, and pursuant to LBR 7026-1(c)(3), the signed Joint Stipulation is attached to this motion.[17]

---

[17] A true and correct copy of the Joint Stipulation is attached hereto as Exhibit "17" and is incorporated herein by this reference.

b.    **LEGAL ARGUMENT**

i.    **SINCE THE PARTIES DID NOT ISSUE INITIAL DISCLOSURES PLAINTIFF'S RFA'S WERE PREMATURE & NOT PERMITTED**

Admittedly, both parties did not serve each other with Initial Disclosures pursuant to F.R.C.P. 26(f)(1). Under F.R.C.P. 26(d)(1), discovery is not permitted without a court order prior to a conference between the parties as required by F.R.C.P. 26(f). *AF Holdings LLC v. DOES 1-96*, 2011 WL 4502413 (N.D. Cal. 2011); See also, F.R.C.P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by F.R.C.P. 26(f), except in a proceeding exempted from initial disclosure under F.R.C.P. 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.") "By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)." *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005). "F.R.C.P. 26(d)'s proscription sweeps broadly: not only may a party not 'serve' discovery, it may not even 'seek' discovery from any source until after the F.R.C.P. 26(f) conference." Id. at 499.2 A F.R.C.P. 26(f) scheduling conference has not been held, and discovery is not yet open. See *Xcentric Ventures, LLC v. Richeson*, 2010 WL 5276950 (D. Ariz. 2010) (holding that prior to a F.R.C.P. 26(f) conference, a request for discovery was propounded "before the Federal Rules of Civil Procedure permitted [the plaintiff] to do so.") Accordingly, Plaintiff's efforts to obtain discovery, formally or informally, are premature.

ii.    **THE DEEMED ADMISSIONS ARE PROPERLY WITHDRAWN**

Defendant insists that he never received Plaintiff's Request for Admissions. Nevertheless, as soon as Defendant learned of the RFA's he responded to them, and denied them substantively and produced the evidence to support those denials. Under applicable law: If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that

the information it knows or can readily obtain is insufficient to enable it to admit or deny. F.R.C.P.
36(a)(4).

Despite the self-executing nature of F.R.C.P. 36 with regard to the automatic admission of
untimely responses, the Ninth Circuit has long recognized the district court's discretion to permit late
responses to requests for admission. See, e.g., *French v. United States*, 416 F.2d 1149, 1152 (9th
Cir. 1968) ("A trial judge has discretion to permit a late response to a request for admissions made
pursuant to [F.R.C.P. 36], and thus relieve a party of apparent default.") The language of F.R.C.P.
36(a) provides a court with discretion to extend the time for responding to requests for admissions,
even after the time to respond has expired. F.R.C.P. 36(a)(3) ("A shorter or longer time for
responding may be stipulated to under F.R.C.P. 29 or be ordered by the court.").

Discretion also requires the Court to examine competing factors and interests. The Court must
weigh the public policy favoring the disposition of cases on their merits rather than on technical
violations of procedural rules, consider the scope and purpose of the F.R.C.P., and assess the
particular circumstances presented. Defendant asserts that if the RFAs are deemed admitted the result
is essentially a case-terminating sanction as the RFAs eviscerate Defendant's case and will prevent
the matter from being decided on the merits. The Ninth Circuit has repeatedly held, in a variety of
procedural contexts, that the public policy favoring disposition of cases on their merits
strongly counsels against dismissal of a case or sanctions that are ultimately case-terminating. See,
e.g., *In re Phenylpropanolamine Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006).

Further, the Rules of Civil Procedure explicitly counsel that the rules are to "be construed and
administered to secure the just, speedy, and inexpensive determination of every action and
proceeding." F.R.C.P. 1. Here, the responses were done at the first opportunity once Defendant
learned of them Allowing a technical violation of this nature to drive the resolution of the matter
essentially deprives Defendant of a merits-based decision. Construing F.R.C.P. 36 in this manner
would not comport with the scope and purpose of the Rules.

Beyond this, even assuming that Defendant is incorrect in his assertion that the admissions are
case-terminating, the circumstances of this case weigh in favor relieving Defendant of his late

2/25-6:01pm

-14-

1    responses. Allowing Defendant to respond to the RFA's can be construed as an agreement to waive

2    the original untimeliness, which was not Defendant's fault.

3        When undertaking a prejudice inquiry under F.R.C.P. 36(b), district courts should focus on

4    the prejudice that the nonmoving party would suffer at trial." *Sonoda v. Cabrera*, 255 F.3d 1035,

5    1039-40 (9th Cir. 2001, where the court granted the motion to withdraw the admissions because it was

6    made before trial and the propounding party would not have been hindered in presenting its evidence.

7    The Ninth Circuit has held that "reliance on a deemed admission in preparing a summary judgment

8    motion does not constitute prejudice." *In re Conlon*, 474 F.3d at 623. The Ninth Circuit likewise

9    concluded that when deemed admissions resulted in another party choosing not to engage in other

10   discovery, it did not amount to prejudice. It specifically noted that under those circumstances, the

11   district court has the option of re-opening the discovery.

12       Courts have stressed that a deemed admission can only be withdrawn or amended by motion

13   in accordance with F.R.C.P. 36(b). *In re American Auto*., 930 F.2d at 1120. In order to allow

14   withdrawal of a deemed admission, F.R.C.P. 36(b) requires that a trial court find that withdrawal or

15   amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the

16   party that obtained the admissions in its presentation of the case. *In re American Auto*., 930 F.2d at

17   1119); F.R.C.P. 36(b). Even when these two factors are established, a district court still has discretion

18   to deny a request for leave to withdraw or amend an admission. *United States v. Kasuboski*, 834 F.2d

19   1345, 1350 n. 7 (7th Cir. 1987) ("F.R.C.P. 36(b) allows withdrawal of admissions if certain conditions

20   are met and the district court, in its discretion, permits the withdrawal."); *Donovan v. Carls Drug Co.,*

21   *Inc*., 703 F.2d 650, 652 (2d Cir. 1983) ("Because the language of [Rule 36(b)] is permissive, the court

22   is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut

23   in favor of the party seeking exception to the rule.").

24       Two requirements, therefore, must be met before an admission may be withdrawn: (1)

25   presentation of the merits of the action must be subserved, and (2) the party who obtained the

26   admission must not be prejudiced by the withdrawal. Both requirements are met here. Defendant has

27   presented his defenses to this lawsuit on 8-9-2019, Defendant has sent Plaintiff his response to the

28

RFA's, and Plaintiff cannot possibly claim that he has been prejudiced by the withdrawal, especially in light of the fact that Plaintiff failed to prove that he first served Initial Disclosures in the case.

Defendant has shown that the proposed response to admissions are contrary to the record or that circumstances relating to the deemed admissions. More importantly, Defendant had no earlier opportunity to submit his responses to Plaintiff's discovery requests - because he never received them and because his former lawyer never sent them to him. Defendant seized the opportunity to respond to them as soon as he learned of them.

Accordingly, permitting withdrawal of Defendant's deemed admissions would promote the presentation of the merits of case, as the admissions constitute competent evidence capable of defeating the Plaintiff's claim.

iii.    **DEFENDANT DESERVES TO BE RELIEVED FROM THE HARSH & UNFAIR RESULT OF THE RFA'S BEING DEEMED ADMITTED**

Defendant maintains that Bereliani's actions amounted to gross negligence, mistake, inadvertence and/or abandonment of her legal obligations and therefore, be relieved of the harsh result of the RFA's being deemed admitted. His not responding to the RFA's was due to Bereliani.

C.C.P. §473 Relief from Consequences of Error by a Party provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect… "

In *Younessi v. Woolf*, 244 Cal.App.4th 1137 (2016), Division Three of the Fourth Appellate District reluctantly affirmed the trial court's order vacating dismissal of a legal malpractice case. Although the trial court's stated reason for vacating the dismissal – its discretion to grant relief based upon mistake, inadvertence, surprise, or excusable neglect – was not sufficiently supported, because the dismissal resulted from plaintiffs' counsel's inexcusable conduct, plaintiffs were entitled to relief under the mandatory "attorney-fault" provision of C.C.P. § 473(b).

F.R.C.P. 60(b)(1), as incorporated by F.R.B.P. 9024, provides for a party or their legal representative to obtain relief from an adverse judgment of a federal court for "mistake, inadvertence,

1   surprise or excusable neglect." F.R.C.P. 60(b)(6) has been used sparingly as an equitable remedy to

2   prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9[th]

3   Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from

4   taking timely action to prevent or correct an erroneous judgment." Relief under F.R.C.P. 60(b)(1) is

5   appropriate: when the party has made an excusable litigation mistake or an attorney in litigation acted

6   without authority *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

7           The Supreme Court has held that the inquiry into a party's mistake is not limited to the

8   excusable neglect of the client, but may include the neglect of the party's attorney. *Pioneer Inv.*

9   *Serv. Co. v. Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380 (1993). Here, Bereliani either made an

10  excusable litigation mistake by: not being aware that she received the RFA's from Plaintiff, which

11  resulted in her not forwarding the RFA's to Defendant, and not informing Defendant of them. It was

12  quite conceivable that pleadings get lost in the mail and that Bereliani never received them, because

13  otherwise she would have forwarded them to Defendant. Her letters to Cohen reiterated and insisted

14  that she never received the RFA's. When she forwarded her complete file to Cohen, there were no

15  RFA's among the 12 documents that she sent.

16          In the alternative, Defendant argues that relief is available under F.R.C.P. (60(b)(6) due to the

17  exceptional or extraordinary circumstances present in this case. Those circumstances must be

18  "unusual and extreme situations where the principles of equity mandate relief." *Olle v. Henry &*

19  *Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  Defendant argues that the facts here are somewhat

20  akin to those in *Reno v. Int'l Harvester Co.*, 115 F.R.D. 6 (S.D. Ohio 1986), where the Southern

21  District of Ohio permitted F.R.C.P. 60(b)(6) relief on the basis of gross negligence and abandonment

22  by an attorney. In *Reno*, the court addressed the narrow issue of whether, "an abandonment, which

23  ultimately prejudices a client by causing an unopposed motion for summary judgment to be sustained,

24  may serve as grounds for a client's relief from judgment." Id. at 7. The court in *Reno* found that the

25  plaintiff's attorney did nothing for the plaintiff after the preliminary pretrial conference. The attorney

26  did not file a list of witnesses, draft a pretrial order, or respond to a summary judgment motion –

27  despite the fact that the court reminded counsel of the motion and counsel promised a response. Id.

28  at 7. The facts here are analogous.

1    Here, notwithstanding Bereliani's limited scope of retention to only file an Answer, Bereliani

2    continued representing Defendant beyond that date. She subsequently participated in filing a Joint

3    Status Report appeared (via an appearance attorney) at the Joint Status Conference. LBR 7016-1(a)(1)

4    Status Conference, Pretrial, and Trial Procedure provides that each party appearing at any status

5    conference must be represented by either the attorney (or party, if not represented by counsel) ***who***

6    ***is responsible for trying the case or the attorney who is responsible for preparing the case for trial***.

7    [Emphasis added] She also confused Defendant as to the scope of her retention.

8    When Bereliani received Plaintiff's RFA's (around 3-7-2019), she was still Defendant's

9    counsel. Defendant's response to the RFA's was due on 4-11-2019. Bereliani's Motion to Withdraw

10    was filed on 3-15-2019, and ordered on 4-16-2019 [Doc-16]. During this time, she failed to forward

11    the RFA's to Defendant, and even failed to notify him of them, in violation of the California Rule of

12    Professional Responsibility 3-700 that warns that an attorney "shall not withdraw from employment

13    until [he/she] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the

14    client, including giving due notice to the client [and] allowing time for employment of new counsel.

15    She also breached her own 10-25-2018 retainer agreement by not notifying Defendant of "each step

16    of the process." She clearly did not transmit the RFA's to Defendant (for any such transmittal was not

17    in what she produced to Cohen).

18    Defendant attests that due to a Bereliani never forwarding the RFA's to him which is why he

19    never responded to them. Defendant should not be penalized with deemed admissions for RFA's that

20    Bereliani never forwarded to him, that he never received and was not even aware of. Bereliani's

21    abandonment would rise to the level required for relief under F.R.C.P.  60(b)(6).

22    This Motion boils down to one primary question: (apologies to Watergate's Howard Baker):

23    "what did Bereliani know and when did she know it?" That primary question breaks down to various

24    sub-questions: Did Bereliani receive the RFA's, was she aware of them, why did she not forward them

25    to Defendant, and why did she not disclose them to Cohen? All valid questions which is why the

26    Court wants her to testify. The evidence presents several possible scenarios as to Bereliani's  fault as

27    to the deemed admissions. The scenarios are:

28

**POSSIBLE SCENARIOS AS TO BERELIANI'S FAULT AS TO THE DEEMED ADMISSIONS**

This Motion boils down to one primary question: (apologies to Watergate's Howard Baker): "what did Bereliani know and when did she know it?" That primary question breaks down to various sub-questions: Did Bereliani receive the RFA's, was she aware of them, why did she not forward them to Defendant, and why did she not disclose them to Cohen? All valid questions which is why the Court wants her to testify. The evidence presents several possible scenarios as to Bereliani's fault as to the deemed admissions. The scenarios are:

(1)    **Option # 1: The "I Never Received Them" Defense**

Bereliani is truly innocent and never received, and was unaware of the RFA's when they were sent. This scenario would be supported by Bereliani's letters to Cohen and her Declaration.

It would be rebutted by Plaintiff's Proof of Service under penalty of perjury that they were properly served on her. Is Bereliani claiming that Plaintiff's counsel committed perjury by fabricating the Proof of Service to the RFA's?

Yet, this scenario may be supported by the fact that Plaintiff's counsel was not forthcoming about the RFA's when Cohen requested them from him on 8-9-2019 until he produced them a month later 9-11-2019. Why did it take Plaintiff a month to produce the simple RFA's to Cohen? If indeed, Plaintiff's Proof of Service of the RFA's was manufactured, then Defendant certainly cannot be held responsible for not responding to them.

In addition, once Plaintiff knew (on 3-15-2019) that Bereliani moved to withdraw, or once the Court signed off on the Order for her to withdraw (on 4-16-2019) why didn't Plaintiff merely re-serve Defendant with the RFA's at his home in NY or by email? In ¶8 of her declaration, Bereliani claims that she informed Plaintiff of her plan to withdraw as early as February 2019, and in ¶ 11 claims that Plaintiff's counsel asked her for Defendant's contact information when she withdrew. Again, why didn't Plaintiff merely re-serve Defendant with the RFA's at his home in NY or by email? Yet, he did not.

In this scenario, Plaintiff would share some culpability for the RFA's being deemed admitted.

(2)    **Option # 2: The "It Got Lost in the Office" Defense**

-19-

1    Bereliani's office received the RFA's but somehow it got lost somewhere in her files which

2    is why she was not aware of them. This scenario would be supported by her letters to Cohen and

3    Declaration. This scenario would be rebutted by Plaintiff's Proof of Service under penalty of perjury

4    that they were served on her.

5    (3)    **Option # 3: The "I Was Confused" Defense**

6    Bereliani actually received the RFA's, but was confused herself about the scope of her

7    retention and representation of Defendant was (ie., whether she had an obligation to respond to the

8    RFA's). Was she only retained to file the Answer and nothing more, and had no obligation to respond

9    to the RFA's? Or was she formally retained beyond that, in the Joint Status Report and Conference,

10   and to litigate the case to trial, and therefore, had an obligation to respond to the RFA's?

11   This scenario is supported by her inconsistent paperwork: her limited retainer agreement (to

12   only file an Answer) and her letter to Cohen and Declaration admitting that she was also formally

13   retained for the Joint Status Report and conference.

14   However, this scenario is not satisfying, as it still does not explain why Bereliani did not

15   produce the RFA's to Cohen when asked, and why she simply did not notify Defendant of them and

16   to forward the RFA's to Defendant while she still was his counsel of record and had an obligation to

17   do so.

18   (4)    **Option # 4: The "Contractual Limited Retention" Defense**

19   Bereliani received the RFA's, but stood on ceremony and insisted that she was only

20   contractually retained to file an Answer and nothing more (and therefore had no obligation to respond

21   to the RFA's).

22   This scenario is supported by her limited retainer agreement.

23   However, this spiteful scenario is rebutted by her letter to Cohen and her Declaration admitting

24   that she was also formally retained for the Joint Status Report and conference and the fact that she

25   received them before she withdrew as counsel. It is also rebutted by LBR 7016-1(a)(1)'s requirement

26   that she who appears at the status conference must be the one responsible for trying the case or the

27   attorney who is responsible for preparing the case for trial. However, this still does not explain her

28   not producing them to Cohen nor forwarding the RFA's to Defendant while she still was his counsel

1  of record.

2      And then there is the gnawing question as to why Bereliani waited 2 months (until

3  immediately after receiving the RFA's) before moving to withdraw? She threatened Defendant to

4  withdraw as early as 1-15-2019 ( Exhibit "4"), she reiterated the threat to withdraw on 1-31-2019

5  (Exhibit "5"), and then again, on 2-6-2019 (Exhibit "6"). Defendant submits and fears, that the

6  suspicious and curious timing of Bereliani's withdrawal (until immediately after receiving the RFA's)

7  was not merely serendipitous, innocent or coincidental. Rather, Defendant fears that the timing of

8  Bereliani's 3-15-2019 withdrawal corresponded so closely in time to when she received the RFA's

9  (around 3-7-2019), that it appears to have been intentional. She realized that she should have made

10  good on her threats to withdraw earlier, and now that she was served with the RFA's, she simply did

11  not want to be burdened with responding to them, so she moved to withdraw, and to cover her tracks,

12  and intentionally omitted the RFA's when turning over her file to Cohen.

13      Either way, whether it's Bereliani's confusion, breach of contract, malpractice, incompetence,

14  excusable neglect, or unethical conduct, all arrows of guilt point to her as the one at fault for

15  Defendant not responding to the RFA's.

16      iv.    **A SIMPLE RESOLUTION TO AVOID PLAINTIFF'S PREJUDICE**

17      Plaintiff's stated prejudice in opposing the Motion was his attorneys fees. Defendant's simple

18  solution is that Bereliani should be ordered to pay them to Plaintiff.

19      As this Court said at the last pretrial hearing on 1-17-2020,

20      THE COURT: And, you know, I'm obviously not going to request, Mr. Cohen, that
       you pay this, because you inherited this mess. But the person who is really at fault here
21      is the Defendant's former counsel. And I've got to tell you. This -- the reason why I'm
       saying, when we come back here we're going to try to resolve that dispute, I really
22      want to see that person in this courtroom face to face. On paper, I don't believe her.
       On paper, I think she just did a horrible job. She abandoned the client when the client
23      said, I want to hire a new attorney. I just don't believe her based on the story I've seen
       on paper. That's why I want to see her in this courtroom.
24
   [Transcript, p.7, lines 16-25, p.8, lines 1-3].
25
       MR. COHEN: To what extent do you, your Honor, need my client present? My client
26      lives in New York.

27      THE COURT: Yeah. I do not. I don't really need him here. I think -- unless there's
       something I haven't seen yet.
28

1 MR. COHEN: His declaration says he didn't receive anything from --

2 THE COURT: Right.

3 MR. COHEN: -- Bereliani's office.

4 THE COURT: Right. That part I find credible. I think this all comes down to Ms.
Bereliani, and whether I believe her. ***And, ultimately, even if she falls on the sword***
5 ***and says it's all her fault, okay, there's going to be a consequence for her, in order***
***to help her former client get over this hurdle***. I am a true believer that if you give
6 litigants, attorneys, parties, my children, anybody a free pass, a mulligan, they never
learn any lesson. My kids know this. There's always a penance, a consequence, a cost
7 for daddy's forgiveness. ***A price has to be paid***. Then they learn. It never happens
again. ***If I give Ms. Bereliani, even if she comes, she cries, she falls on the sword, it's***
8 ***all her fault, it's not the client's fault, there's going to be a price for that, so that she***
***learns to never do that again***. So, good luck to both of you, and one way or another
9 we're going to move forward with this adversary proceeding. [Emphasis added].

10 [Transcript, p. 20, lines 24-25, p.21, lines 1-25, p. 22, lines 1-25, p.23, lines 1-13].[18]

11     If this Court orders Bereliani to pay Plaintiff's attorneys fees, then Plaintiff's prejudice would

12 be abated, and the Court would have a clear and easy path in granting this Motion. Plaintiff's

13 objection to this simple solution would be unavailing.

14     c.    **CONCLUSION**

15     For all of the foregoing reasons, the Court should grant Defendant's renewed Motion.

16

17 DATED:        February 25, 2020        LAW OFFICE OF BARUCH C. COHEN, APLC

18                                By ___/S/ Baruch C. Cohen_____
                                   Baruch C. Cohen, Esq.
19                                 *Attorney For Defendant Nicholas Silao*

20

---

[18] A true and correct copy of the 1-17-2020 Pretrial Transcript is attached hereto as Exhibit
"18" and is incorporated herein by this reference.

2/25-6:01pm                        -22-

**DECLARATION OF BARUCH C. COHEN**

I, BARUCH C. COHEN, declare as follows:

2. The facts stated below are true and correct within the best of my personal knowledge and if called upon to testify to them I could and would competently do so.

3. I am a member in good standing and eligible to practice before the following court(s): California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

4. I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010. I proudly represent Defendant Nicholas Silao.

5. This declaration is in support of **DEFENDANT'S RENEWED MOTION TO ALLOW WITHDRAWAL OF DEEMED ADMISSIONS F.R.C.P. 36(B)**.

6. On 11-8-2017, the Debtor Pandora Hospice Care, Inc., commenced this bankruptcy proceeding Case No. 6:17-bk-19336-SY.

7. On 10-2-2018, Plaintiff filed this adversary action entitled: *Karl T. Anderson against Nicholas Silao*, Adversary case 6:18-ap-01193, entitled *Chapter 7 Trustee's Complaint for Turnover of Property of the Bankruptcy Estate by an Entity That Owes a Debt to the Estate under Chapter 7 Trustee's Complaint for Turnover of Property of the Bankruptcy Estate by an Entity That Owes a Debt to the Estate under Section 542(b) of the Bankruptcy Code* [Doc-1]. ¶7 of the Complaint alleged that the Debtor (Pandora) loaned/transferred $137,000 to Nicholas Silao, allegedly based on the Debtor's federal income tax returns signed under penalty of perjury reflected the outstanding loan owed to the Debtor's bankruptcy estate.

8. On 10-25-2018, Sanaz S. Bereliani ("Bereliani") executed an ("initial") Attorney Client Fee Contract with Defendant Nicholas Silao to ("only") file an Answer to the Complaint to prevent a default and charged him $850.00. Bereliani retainer agreement provided that she

1    would notify Defendant of "each step of the process."[19]

2    9.   On 10-31-2018, Bereliani, pursuant to her Attorney Client Fee Contract with Defendant filed

3    an Answer to the Complaint [Doc-4]. In Defendant's 10-31-2018 Answer, Bereliani asserted

4    a 2nd Affirmative Defense that Plaintiff has insufficient evidence to establish their case, and

5    a 4th Affirmative Defense that even if the Plaintiff had a legitimate claim against the

6    Defendant, that claim is excepted from turnover to the extent that such debt may be offset

7    under 11 U.S.C. § 553.

8    10.  On 1-2-2019, notwithstanding her limited scope of retention to *only* file an Answer, Bereliani

9    subsequently participated in filing a Joint Status Report [Doc-5][20] and in the Joint Status

10   Conference via an appearance attorney.[21] Of particular interest, in Section # 5 Bereliani

11   represented that given the holidays, the parties have not had a chance to meet and confer, but

12   will definitely do so before the Status Hearing of 1-17-2019.

13        a.    In Section # B1 (Readiness for Trial), Bereliani represented that she would be ready

14              for trial in July 2019.

15        b.    In Section Question # B2 (Readiness for Trial), Bereliani represented that her reason

16              for being ready for trial in July 2019 was because she intended to propound discovery

17              and attend mediation.

18        c.    In Section  # B3 (Readiness for Trial), Bereliani represented that she expects to

19              complete her discovery by May 2019.

20        d.    In Section # C1 (Trial Time), Bereliani represented that her estimate of trial would be

21              1 court day.

22        e.    In Section # D (PreTrial Conference), Bereliani represented that Defendant requested

23

---

24    [19] A true and correct copy of Bereliani's 10-25-2018  Attorney Client Fee Contract with

25  Defendant is attached hereto as Exhibit "1" and is incorporated herein by this reference.

26    [20] A true and correct copy of the 1-2-2019 Joint Status Report [Doc-5] is attached hereto as
Exhibit "2" and is incorporated herein by this reference.

27

28    [21] A true and correct copy of the Transcript of the Status Conference  is attached hereto as
Exhibit "3" and is incorporated herein by this reference.

a pretrial conference after 5-31-2019.

    f.    In Section # E (Settlement), Bereliani represented that Defendant requested that this case be mediated.

    g.    In Section # F (Final Judgment Order), Bereliani represented that Defendant consented to this Court's jurisdiction.

11.    Pursuant to the Status Conference and Scheduling Order Pursuant to LBR 7016-1(a)(4) [Doc-10], the discovery cutoff was 6-28-2019, the pre-trial stipulation was due 8-1-2019, the pretrial hearing was 8-15-2019, and the mediation completion date was 7-31-2019.

12.    On 1-15-2019 at 4:45pm, Bereliani wrote Defendant:

> I mentioned to Nick that the Status Conference Scheduled with Judge Yun for Thursday at 9:30am in Riverside is a Mandatory hearing that cannot be continued. Its like a scheduling hearing, we'll be setting deadlines for all three of your cases -discovery, etc. That being said, either you or someone from my office needs to be there to represent you. I can have Mike Smith appear on your behalf and set the hearing dates going forward, ***scheduling them out as far as possible to buy you some time***. However, ***please note that the retainer you initially signed with my office retained me <u>only</u> for preparing and filing the Answers to the Complaints. I have not been retained further***. [Emphasis added].[22]

13.    On 1-31-2019 at 2:09pm, Bereliani reported to Defendant (and his brothers) about her appearance at the Status Conference and future deadlines.

14.    On 2-6-2019 at 11:22am, Bereliani wrote Defendant (and his brothers):

> "...***At this point, please note that our office is not retained to represent you in your cases as our retainer was of a "limited scope"*** and we have been unsuccessful in scheduling a call to discuss further representation and action on your behalf. ***If I do not hear from you by Thursday evening as to a conference call time for all of us to speak together ASAP then I will be preparing a Substitution of Attorney for you to sign to advise the court that the limited scope retainer has expired. This will not affect your case with the Trustee*** but just Update the Status of your representation." [Emphasis added][23]

15.    On 2-11-2019 at 1:44pm, Bereliani wrote Defendant:

> "...***However, be mindful that this case is still pending*** and you do need to either be in contact with the Trustee or to retain new counsel to proceed on your behalf if you

---

[22] A true and correct copy of Bereliani's 1-15-2019 at 4:45pm letter to Defendant is attached hereto as Exhibit "4" and is incorporated herein by this reference.

[23] A true and correct copy of Bereliani's 2-6-2019 at 11:22am letter to Defendant is attached hereto as Exhibit "5" and is incorporated herein by this reference.

wish to proceed. Unfortunately, with the lack of communication or further representation agreement, I am not able to proceed on your behalf." [Emphasis added][24]

16.    Both parties did not serve each other with Initial Disclosures pursuant to F.R.C.P. 26(f)(1).

17.    On 3-7-2019, Plaintiff's counsel propounded *Requests for Admission [Set One]* ("RFA's") to Defendant, and per the Proof of Service signed under penalty of perjury, Plaintiff mailed it to Bereliani at her office at the Bereliani Law Firm, 11400 W Olympic Blvd Ste 200, Los Angeles, CA 90064.[25] The RFA's in question were:

a.    RFA # 4. The Debtor loaned/transferred $137,000 to Defendant, Nicholas Silao. The Debtor's 2016 Federal Income Tax Returns signed under penalty of perjury reflected the outstanding loan owed by Defendant, Nicholas Silao to the Corporate Debtor.

b.    RFA # 5. Pursuant to the Debtor's 2016 Federal Income Tax Returns, Defendant, Nicholas Silao owes the Plaintiff/Chapter 7 Trustee no less than $137,000, plus any and all costs of collection.

c.    RFA # 6. Plaintiff/Chapter 7 Trustee is entitled to pre-judgment interest as provided under applicable non-bankruptcy law.

d.    RFA # 7. Defendant, Nicholas Silao has no defenses and/or counterclaims to Plaintiff/Chapter 7 Trustee's demand for $137,000.

e.    RFA # 8. Defendant, Nicholas Silao has no facts that dispute Plaintiff/Chapter 7 Trustee's entitlement to $137,000 demanded in the Trustee's Complaint.

f.    RFA # 9. Defendant, Nicholas Silao has no documents, notes or other writings that disputes the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint.

g.    RFA # 10. Defendant, Nicholas Silao has no witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint.

---

[24] A true and correct copy of Bereliani's 2-11-2019 at 1:44pm letter to Defendant is attached hereto as Exhibit "6" and is incorporated herein by this reference.

[25] A true and correct copy of Plaintiff's 3-7-2019 *Requests for Admission [Set One]* is attached hereto as Exhibit "7" and is incorporated herein by this reference.

18. Pursuant to F.R.C.P. 36(a)(3) and F.R.C.P. 6(d), Defendant had 35 days from 3-7-2019 to serve Plaintiff with a written response to the RFA's or by 4-11-2019.

19. Defendant did not respond to Plaintiff's RFA's, because Bereliani never forwarded the RFA's to him, he never received them, and was not even aware of them. Consequently, the matters set forth in Plaintiff's RFA's were automatically admitted by operation of law (F.R.C.P. 36).

20. (Presumably, 1-week after she received Plaintiff's RFA) on 3-15-2019, Bereliani formally moved to withdraw as counsel of record [Doc-12], and on 4-16-2019, the Court entered its Order Granting Motion To Withdraw As Counsel Of Record [Doc-16].

21. On 8-8-2019, Plaintiff filed his Unilateral Pre-Trial Stipulation and Declaration [Doc-23] reporting that Defendant did not respond to Plaintiff's RFA's, and were deemed admitted.[26] Both documents did not attach a copy of the RFA's, and Plaintiff did not list the RFA's as an exhibit to be used at trial.

22. On 7-5-2019, the Court entered an Order Rescheduling the pretrial conference to 8-22-2019 [Doc-21].

23. On 8-9-2019, Defendant formally retained me as litigation counsel to defend him in this action, who then filed the *Substitution of Attorney* [Doc-25] on 8-12-2019. But before being formally retained, I specifically inquired of Defendant whether he received any discovery from Plaintiff in this adversary. Defendant responded that he did not. On that basis, I took the case, and was contemplating filing a declaration pursuant to LBR 7016-1(E)(2). I then checked PACER and discovered Plaintiff's Unilateral Pre Trial and Declaration filings of 8-8-2019, and was surprised, to see that Defendant did not respond to Plaintiff's RFA's, and were deemed admitted. I needed to see the RFA's (that were omitted from Plaintiff's 8-8-2019, Unilateral Pre-Trial Stipulation and Declaration, and instructed Defendant to request his entire file from Bereliani.

24. On 8-7-2019 at 10:42am, Defendant wrote Berliani (copying me) and demanded his file from

---

[26] A true and correct copy of Plaintiff's 8-8-2019 Unilateral Pre-Trial Stipulation [Doc-23] is attached hereto as Exhibit "8" and is incorporated herein by this reference.

her pursuant to the California Rule of Professional Responsibility 4-100(B)4, that provides

that an attorney must promptly pay or deliver, as requested by the client, any funds, securities,

or other properties in the possession of the member which the client is entitled to receive.

25.    On 8-7-2019, at 2:17pm, Berliani wrote back:

"*Not much - Nick went MIA on us shortly after the beginning **and we just bought him
time with the Tee's attorney***... " [Emphasis added][27]

26.    On her 8-7-2019 email, Bereliani sent the following 12 documents to me:  (1) The Complaint;

(2) the Retainer Agreement; (3) A Waiver of Conflict of Interest for a Joint Representation

signed by Nick Silao; (4) A Waiver of Conflict of Interest for a Joint Representation signed

by Ray Silao; (5) A Paypal receipt of Nick"s payment to you; (6) the Answer to the

Complaint; (7) Another copy of the Answer to the Complaint; (8) the filed JSR; (9) the filed

Scheduling Order; (10) a blank form Substitution of Attorney; (11) the Order Granting your

Motion to Withdraw; & (12) the LOU receipt of her Order Granting her Motion to Withdraw.

**[Note: Berliani did not acknowledge in her file, and did not produce to Cohen, Plaintiff's

RFA's, notwithstanding Plaintiff's 3-7-2019 Proof of Service to her while she was still

Defendant's counsel (Bereliani moved to withdraw as counsel of record on 3-15-2019)

[Doc-12])**.

27.    On 8-8-2019, at 6:53am, I wrote Berliani: "....Was any discovery done in this adversary? If

so, please send them." On 8-8-20189 at 8:16am, Berliani responded:

"Per my previous email, there was no communication by your client *so no nothing
further was done. They retained me on a limited scope* and were not in touch after
with further instruction or guidance. I recommend calling Trustees counsel regarding
case status, I'm surprised they haven't filed anything else yet. Nick got lucky."
[Emphasis added][28]

28.    On 8-9-2019 at 6:34am, I wrote Berliani informing her that Plaintiff's Unilateral Pretrial stated

that he indeed propounded RFA's to the Defendant that were now deemed admitted. I  asked

---

[27] A true and correct copy of Berliani's 8-7-2019  at 2:17pm letter to Cohen is attached hereto
as Exhibit "9" and is incorporated herein by this reference.

[28]A true and correct copy of Berliani's 8-8-2019 at 8:16am letter to Cohen is attached hereto
as Exhibit "10" and is incorporated herein by this reference.

1   Berliani why wasn't I given copies of this discovery?" On 8-9-2019 at 12:17pm, Berliani

2   responded:

3   "Ps I'll speak to my office regarding receipts of anything on their end but please note
    ***we were retained specifically for an answer <u>and joint status report and conference</u>.***
4   ***We had no further involvement or guidance***. Lastly, I appreciate your
    professionalism going forward."[29]

5

6   29.     On Friday 8-9-2019 at 11:22am, I wrote Plaintiff's counsel to meet & confer regarding

7           Plaintiff's *Unilateral Pre Trial* [Doc-23] and *Declaration* [Doc-24] in advance of the

8           upcoming Pre Trial hearing of 8-22-2019. I further stated that Defendant <u>has</u> evidence to

9           dispute Plaintiff's turnover claim for $137,000.00, that he has witnesses and exhibits re same.

10          I produced these documents to counsel sight unseen, without the Plaintiff having to formally

11          demand them from Defendants to substantiate Defendant's claim that he has exhibits to

12          support his defense. (See email chain below). Specifically, I asked Plaintiff's counsel: (1) to

13          see Plaintiff's F.R.C.P. 26 Initial Disclosures; (2) to See Plaintiff's Discovery; (3) to show

14          Plaintiff that Defendant <u>has</u> evidence to dispute Plaintiff's turnover claim for $137,000.00; &

15          (4) to seek clarification regarding Plaintiff's efforts to meet & confer with Defendant

16          regarding the Joint Pre-Trial Report. I presented to Plaintiff:

17          a.     Pandora's loan report to the Silao brothers reflecting that during the period of 12-16-

18                 2013 - 5-20-2015, Defendant lent Pandora approximately $442,000.00 (and that his

19                 brothers Michael Silao lent Pandora $70,000.00, Sam Silao lent Pandora $6,000.00,

20                 & Ray Silao lent Pandora $143,911.37, totaling $662,411.37).

21          b.     The last page of Pandora's 2014 tax return (FYE 12-31-2014) Form 1120, Page 5,

22                 Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was

23                 owed $389,750.00 by Pandora for that year ("Loan Payable N Silao");

24          c.     The last page of Pandora's 2015 tax return (FYE 12-31-2015) Form 1120, Page 5,

25                 Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was

26                 owed between  $389,750.00 - $297,250.00 by Pandora for that year ("Loan Payable

27          ─────────────────────

28          [29] A true and correct copy of Berliani's 8-8-2019 at at 12:17pm letter to Cohen is attached
            hereto as Exhibit "11" and is incorporated herein by this reference.

1    N Silao");

2    d.    Pandora's Balance Sheet as of 12-31-2015, under the section entitled: "Liabilities &

3    Equity" reflecting "Loan/Financing Payable N. Silao $297,250.00;

4    e.    The last page of Pandora's 2016 tax return (FYE 12-31-2016) Form 1120, Page 5,

5    Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was

6    owed between $297,250.00 - $295,250.00 by Pandora for that year ("Loan Payable N

7    Silao");

8    f.    Pandora's (9) checks to my client that contain the notation: "Reimbursement - Loan:"

9        i.    Pandora's 7-31-2015 check # 9001 to Defendant for $25,000.00;

10        ii.    Pandora's 9-4-2015 check # 9002 to Defendant for $25,000.00 contains the

11            notation: "Loan Repayment;"

12        iii.    Pandora's 9-15-2015 check # 1112 to Defendant for $2,500.00 contains the

13            notation: "Reimbursement - Loan;"

14        iv.    Pandora's 10-9-2015 check # 9003 to Defendant for $25,000.00 contains the

15            notation: "Loan Repayment;"

16        v.    Pandora's 10-15-2015 check # 1130 to Defendant for $2,500.00 contains the

17            notation: "Reimbursement;"

18        vi.    Pandora's 11-1-2015 check # 1131 to Defendant for $2,500.00 contains the

19            notation: "Reimbursement;"

20        vii.    Pandora's 11-2-2015 check # 0005 to Defendant for $25,000.00 contains the

21            notation: "Loan Repayment;"

22        viii.    Pandora's 12-1-2015 check # 1132 to Defendant for $2,500.00 contains the

23            notation: "Reimbursement;"

24        ix.    Pandora's 12-2-2015 check # 8655 to Defendant for $25,000.00 contains the

25            notation: "Loan Repayment."

26    30.    I disclosed Defendant's witnesses to counsel: Defendant; the other Silao brothers; Pandora's

27    CPA Rufino Reyes Magpayo.

28    31.    On Sunday 8-11-2019, Plaintiff's counsel emailed me stating:

2/25-6:01pm

-30-

"Thanks for your email. Please know I will not litigate this matter via email, thus if you believe your client is entitled to relief from the Court, please file a properly noticed motion pursuant to the Local Bankruptcy Rules. Consequently, at this point we are proceeding in the ordinary course pursuant to the Court's presently set scheduling order. Finally, if you intend to proceed with any type of judicial relief, please note I'll be traveling to and from Shanghai China for my son's college freshman activities between the afternoon of August 22 and returning to the OC on or about August 29, 2019, thus we will object to any relief that requires my office to take action during that time period.  Thank you."[30]

32.    On 9-4-2019, I wrote Plaintiff again.

"I am writing you to meet & confer regarding: (1) the proposed Joint Pre Trial Stipulation; (2) the proposed Motion in Limine, & (3) the proposed Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. 36(b). As I wrote you on 8-9-2019, I'm running blind here, because I do not have: (1) Plaintiff's F.R.C.P. 26 Initial Disclosures; & (2) Plaintiff's written discovery including Plaintiff's Request for Admissions ("RFA's"). Both Ms. Bereliani and my client informed me that they do not have copies of them. Accordingly, please provide them to me. If I do not receive them from you, I will have no choice but to file the proposed motions. As I indicated in Defendant's 8-12-2019 Unilateral Pre-Trial Report [Doc-28], Defendant intends to file a Motion in Limine to exclude Plaintiff's evidence at trial, based on Plaintiff's failures to comply with FRCP 26. Your cooperation in providing me with the requested documents will impact greatly on whether I will file the Motion in Limine or not. I also indicated that Defendant intends to file a Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. 36(b), based on my client's representation that he never received Plaintiff's (alleged) Request for Admissions. Please advise if Plaintiff will stipulate to withdraw the deemed admissions and I will gladly prepare the stipulation and order. To expedite the process, enclosed please find Defendant's Verified Response to Request for Admissions that is based on Plaintiff's Unilateral PreTrial Report that identified the six (6) Requests for Admission.

and served Plaintiff's Counsel with *Defendant's Verified Response to Request for Admissions*

(denying the above-referenced RFA's).[31]

33.    On 9-11-2019, Plaintiff responded:

"Baruch, I never received a response from you last week regarding the Meet and Confer issues noted in your 9/4/11 faxed letter. I had proposed a "Meet and Confer" telephone call for Friday September 6, 2019 but never heard back from you. Secondly,

---

[30] A true and correct copy of counsel's email chain of 8-11-2019 (including Cohen's 8-9-2019 meet & confer letters (without exhibits) attached hereto as Exhibit "12" and is incorporated herein by this reference.

[31] A true and correct copy of Cohen's 9-4-2019 Meet & Confer letter Re: Proposed Joint Pre Trial Stipulation; Proposed Motion in Limine, & Proposed Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. 36(b) and Defendant's Verified Response to Request for Admissions that is based on Plaintiff's Unilateral PreTrial Report that identified the six (6) Requests for Admission, that includes Defendant's *Verified Response to Request for Admissions* is attached hereto as Exhibit "13" and is incorporated herein by this reference.

1  I don't understand the legal effect if any of the verified responses included with your
   9/4/19 fax. Rather, ***I've enclosed the RFAs that were properly served on your client's***
2  ***former counsel at her address of record in the above-captioned Adversary***
   ***proceeding***. Thus pursuant to F.R.C.P. 36 (made applicable to this Adversary
3  Proceeding per Rule 7036 of the Fed Rules of Bankr Procedure) the unresponded to
   RFAs are still, enforceable and we intend to use them until there's a court order to the
4  contrary. Any questions or comments, please let me know. thanks." Plaintiff attached
   a copy of an RFA. [Emphasis added]

5

6  34.    On 9-11-2019, I responded:

7      "Tom: I do not recall you proposing, and me accepting, a proposed meet & confer with
       me on 9-6-2019. But I'm happy to do so immediately.   I also want to state
8      emphatically, that ***Berliani did not share your RFA with me, and that Nick Silao***
       ***swears over a stack of bibles that he never received them***. Finally, I need to see your
9      Initial Disclosures. As I'm sure you know,  F.R.C.P. 26(d)(1) prohibits discovery
       before the parties have met & conferred as required by F.R.C.P. 26(f). If you did not
10     do a F.R.C.P. 26 Initial Disclosure, the RFA's would be improper. If you did  do a
       F.R.C.P. 26  Initial Disclosure, please provide it to me. I've now asked you for this
       twice."[32]

11

12 35.    On 9-11-2019 at  8:55pm, I returned to Berliani informing her that Plaintiff sent me an RFA

13     that purports to have been served on her office on  3-7-2019 at her address On 3-15-2019, she

14     moved to withdraw as counsel to Defendant. So she must have had the 3-7-2019 RFA's in her

15     file before she moved to withdraw on 3-15-2019. Yet, she did not produce it to Defendant or

16     to me in violation of Rule 4-100(b)(4). I was very concerned that she had this RFA in her file

17     and did not produce it when Defendant demanded it. So I asked her again: "Did Plaintiff send

18     you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any discovery done in

19     this adversary? If so, please send them." I was very concerned that now the RFA's are deemed

20     admitted, and Defendant will now have to spend money to file a Motion to have the Deemed

21     Admissions Withdrawn, which he should not have to do, had she forwarded to him the RFA's

       when you received it on 3-7-2019.[33]

22

23 36.    On 9-12-2019, I spoke with Berliani, who represented that the *only* documents she had in her

24     file were those that she forwarded to Cohen earlier. When pressed again whether she had the

25 _____

26     [32] A true and correct copy of counsel's 9-11-2019 email exchange  is attached hereto as
   Exhibit "14" and is incorporated herein by this reference.

27
       [33] A true and correct copy of Cohen's 9-11-2019 at 8:55pm letter to Berliani is attached hereto
28 as Exhibit "15" and is incorporated herein by this reference.

RFA in her file and whether she had Plaintiff's FRCP 26 Initial Disclosures, she repeated

again, that the *only* documents she had in her file were those that she forwarded to me earlier.

37.    On 9-16-2019 at 3:31pm Bereliani wrote me:

Hi Baruch, Per our phone call last week, I am happy to prepare a declaration which states that my office does not have a copy of RFAs that were supposedly sent by the Trustee in our files. That as of your substitution into the case I do have them since they were sent to me via email per my request, but not before then. That also, that ***we were not retained for work in addition to filing an answer, attending the status conference or for preparing the joint status report*** and even had we had it, we would not have been able to respond due to the breakdown of communication. Please let me know if youd like me to and I will prepare this for you today. [Emphasis added].[34]

38.    On 9-25-2019, Defendant filed this Motion to Allow Withdrawal of Deemed Admissions

pursuant to F.R.C.P. 36(b)[Doc-31].

39.    On 1-23-2020, this Court denied Defendant's Motion without prejudice, instructed Defendant

to withdraw the Motion and renew it after the parties properly meet and confer and jointly sign

a proper Joint Stipulation. The Court scheduled the new evidentiary hearing to 3-26-2020 at

1:30pm. [Doc-54] requesting that Bereliani appear in person to testify in court as to the sum

and substance of her declaration in support thereof.

40.    On 1-23-2020, I informed Bereliani that her presence is required on 3-26-2020, and she agreed

to appear voluntarily, without the need for a subpoena.

41.    Pursuant to LBR 7026-1(c)(2), the parties subsequently and successfully met and conferred

by phone and emails regarding the Joint Stipulation, and pursuant to LBR 7026-1(c)(3), the

signed Joint Stipulation is attached to this motion.[35]

42.    A true and correct copy of the Pretrial Transcript is attached hereto as Exhibit "18" and is

incorporated herein by this reference.

---

[34] A true and correct copy of Berliani's 9-16-2019 at 3:31pm letter to Cohen is attached hereto as Exhibit "16" and is incorporated herein by this reference.

[35] A true and correct copy of the Joint Stipulation is attached hereto as Exhibit "17" and is incorporated herein by this reference.

1          I declare under penalty of perjury under the laws of the United States and the State of

2    California that the foregoing is true and correct.

3    DATED: February 25, 2020

4    By    /S/ Baruch C. Cohen      
   Baruch C. Cohen, Esq.

**DECLARATION OF NICHOLAS SILAO**

I, NICHOLAS SILAO, declare as follows:

1. The facts stated below are true and correct within the best of my personal knowledge and if called upon to testify to them I could and would competently do so.

2. I am the defendant in this case.

3. This declaration is in support of **DEFENDANT'S RENEWED MOTION TO ALLOW WITHDRAWAL OF DEEMED ADMISSIONS F.R.C.P. 36(B)**.

4. On 11-8-2017, the Debtor Pandora Hospice Care, Inc., commenced this bankruptcy proceeding Case No. 6:17-bk-19336-SY.

5. On 10-2-2018, Plaintiff filed this adversary action entitled: *Karl T. Anderson against Nicholas Silao*, Adversary case 6:18-ap-01193, entitled *Chapter 7 Trustee's Complaint for Turnover of Property of the Bankruptcy Estate by an Entity That Owes a Debt to the Estate under Chapter 7 Trustee's Complaint for Turnover of Property of the Bankruptcy Estate by an Entity That Owes a Debt to the Estate under Section 542(b) of the Bankruptcy Code* [Doc-1]. I am the named defendant herein ("Defendant"). ¶7 of the Complaint alleged that the Debtor (Pandora) loaned/transferred $137,000 to Nicholas Silao, allegedly based on the Debtor's federal income tax returns signed under penalty of perjury reflected the outstanding loan owed to the Debtor's bankruptcy estate.

6. On 10-25-2018, Sanaz S. Bereliani ("Bereliani") executed an ("initial") Attorney Client Fee Contract with me to ("only") file an Answer to the Complaint to prevent a default and charged him $850.00. Bereliani retainer agreement provided that she would notify me of "each step of the process."[36]

7. On 10-31-2018, Bereliani, pursuant to her Attorney Client Fee Contract with Defendant filed an Answer to the Complaint [Doc-4].

8. In Defendant's 10-31-2018 Answer, Bereliani asserted a 2nd Affirmative Defense that Plaintiff

---

[36] A true and correct copy of Bereliani's 10-25-2018 Attorney Client Fee Contract with Defendant is attached hereto as Exhibit "1" and is incorporated herein by this reference.

1  has insufficient evidence to establish their case, and a 4th Affirmative Defense that even if the

2  Plaintiff had a legitimate claim against the Defendant, that claim is excepted from turnover

3  to the extent that such debt may be offset under 11 U.S.C. § 553.

4  9.    On 1-2-2019, notwithstanding her limited scope of retention to *only* file an Answer, Bereliani

5  subsequently participated in filing a Joint Status Report [Doc-5][37] and in the Joint Status

6  Conference via an appearance attorney.[38] Bereliani did not consult with me before making any

7  of the representations in the Status Report.

8        a.    In Section # B1 (Readiness for Trial), Bereliani represented that she would be ready

9              for trial in July 2019.

10       b.    In Section Question # B2 (Readiness for Trial), Bereliani represented that her reason

11             for being ready for trial in July 2019 was because she intended to propound discovery

12             and attend mediation.

13       c.    In Section  # B3 (Readiness for Trial), Bereliani represented that she expects to

14             complete her discovery by May 2019.

15       d.    In Section # C1 (Trial Time),  Bereliani represented that her estimate of trial would be

16             1 court day.

17       e.    In Section # D (PreTrial Conference), Bereliani represented that Defendant requested

18             a pretrial conference after 5-31-2019.

19       f.    In Section # E (Settlement), Bereliani represented that Defendant requested that this

20             case be mediated.

21       g.    In Section # F (Final Judgment Order), Bereliani represented that Defendant consented

22             to this Court's jurisdiction.

23 10.    So while Bereliani's retainer was limited to only filing an Answer, it appears that Bereliani

24       continued representing me past the filing of the Answer, into the Status Conference stage, and

25

26       [37] A true and correct copy of the 1-2-2019 Joint Status Report [Doc-5] is attached hereto as
   Exhibit "2" and is incorporated herein by this reference.

27

28       [38] A true and correct copy of the Transcript of the Status Conference  is attached hereto as
   Exhibit "3" and is incorporated herein by this reference.

1     I was confused as to her representation of me.

2  11.   On 1-15-2019 at 4:45pm, Bereliani wrote me:

3     I mentioned to Nick that the Status Conference Scheduled with Judge Yun for Thursday at 9:30am in Riverside is a Mandatory hearing that cannot be continued. Its like a scheduling hearing, we'll be setting deadlines for all three of your cases -discovery, etc. That being said, either you or someone from my office needs to be there to represent you. I can have Mike Smith appear on your behalf and set the hearing dates going forward, *scheduling them out as far as possible to buy you some time*. However, *please note that the retainer you initially signed with my office retained me <u>only</u> for preparing and filing the Answers to the Complaints. I have not been retained further*. [Emphasis added].[39]

8  12.   On 1-31-2019 at 2:09pm, Bereliani reported to me and my brothers about her appearance at

9     the Status Conference and future deadlines.

10  13.   On 2-6-2019 at 11:22am, Bereliani wrote me (and my brothers):

11     "...*At this point, please note that our office is not retained to represent you in your cases as our retainer was of a "limited scope"* and we have been unsuccessful in scheduling a call to discuss further representation and action on your behalf. *If I do not hear from you by Thursday evening as to a conference call time for all of us to speak together ASAP then I will be preparing a Substitution of Attorney for you to sign to advise the court that the limited scope retainer has expired. This will not affect your case with the Trustee* but just Update the Status of your representation." [Emphasis added][40]

14  14.   On 2-11-2019 at 1:44pm, Bereliani wrote me:

17     "...*However, be mindful that this case is still pending* and you do need to either be in contact with the Trustee or to retain new counsel to proceed on your behalf if you wish to proceed. Unfortunately, with the lack of communication or further representation agreement, I am not able to proceed on your behalf." [Emphasis added][41]

20  15.   On 3-7-2019, Plaintiff's counsel apparently propounded *Requests for Admission [Set One]*

21     ("RFA's") to Bereliani, and per the Proof of Service signed under penalty of perjury, Plaintiff

22     mailed it to Bereliani at her office at the Bereliani Law Firm, 11400 W Olympic Blvd Ste 200,

---

24     [39] A true and correct copy of Bereliani's 1-15-2019 at 4:45pm letter to Defendant is attached hereto as Exhibit "4" and is incorporated herein by this reference.

26     [40] A true and correct copy of Bereliani's 2-6-2019 at 11:22am letter to Defendant is attached hereto as Exhibit "5" and is incorporated herein by this reference.

    [41] A true and correct copy of Bereliani's 2-11-2019 at 1:44pm letter to Defendant is attached
28  hereto as Exhibit "6" and is incorporated herein by this reference.

1    Los Angeles, CA 90064.[42]

2    16.   **I did not respond to Plaintiff's RFA's, because Bereliani never forwarded the RFA's to**

3          **me, I never received them, and was not even aware of them**.

4    17.   (Presumably, 1-week after she received Plaintiff's RFA) on 3-15-2019, Bereliani formally

5          moved to withdraw as counsel of record [Doc-12], and on 4-16-2019, the Court entered its

6          Order Granting Motion To Withdraw As Counsel Of Record [Doc-16].

7    18.   On 8-8-2019, Plaintiff filed his Unilateral Pre-Trial Stipulation and Declaration [Doc-23]

8          reporting that I did not respond to Plaintiff's RFA's, and were deemed admitted.[43] Both

9          documents did not  attach a copy of the RFA's, and Plaintiff did not list the RFA's as an

10         exhibit to be used at trial.

11   19.   On 7-5-2019, the Court entered an Order Rescheduling the pretrial conference to 8-22-2019

12         [Doc-21].

13   20.   On 8-9-2019, I formally retained litigation counsel Baruch Cohen to defend me in this action,

14         who then filed the *Substitution of Attorney* [Doc-25] on 8-12-2019. But before being formally

15         retained, Cohen specifically inquired of me whether I received any discovery from Plaintiff

16         in this adversary. I responded that he did not. On that basis, Cohen took the case, and was

17         contemplating filing a declaration pursuant to LBR 7016-1(E)(2). Cohen then checked

18         PACER and discovered Plaintiff's Unilateral Pre Trial and Declaration filings of 8-8-2019,

19         and was surprised, to see that I did not respond to Plaintiff's RFA's, and were deemed

20         admitted. Cohen needed to see the RFA's (that were omitted from Plaintiff's 8-8-2019,

21         Unilateral Pre-Trial Stipulation and Declaration, and instructed me to request my entire file

22         from Bereliani.

23   21.   On 8-7-2019 at 10:42am, I wrote Berliani (copying Cohen) and demanded my file from her

24         pursuant to the California Rule of Professional Responsibility 4-100(B)4, that provides that

25   _____

26         [42] A true and correct copy of Plaintiff's 3-7-2019 *Requests for Admission [Set One]* is attached
     hereto as Exhibit "7" and is incorporated herein by this reference.

27         [43] A true and correct copy of Plaintiff's 8-8-2019 Unilateral Pre-Trial Stipulation [Doc-23] is
28   attached hereto as Exhibit "8" and is incorporated herein by this reference.

1   an attorney must promptly pay or deliver, as requested by the client, any funds, securities, or

2   other properties in the possession of the member which the client is entitled to receive.

3   On 8-7-2019, at 2:17pm, Berliani wrote back:

4   "***Not much - Nick went MIA on us shortly after the beginning and we just bought him
    time with the Tee's attorney*** ... " [Emphasis added][44]

5

6   22.    In her 8-7-2019 email, Bereliani sent the following 12 documents to me and Cohen:  (1) The

7          Complaint; (2) the Retainer Agreement; (3) A Waiver of Conflict of Interest for a Joint

8          Representation signed by Nick Silao; (4) A Waiver of Conflict of Interest for a Joint

9          Representation signed by Ray Silao; (5) A Paypal receipt of Nick"s payment to you; (6) the

10         Answer to the Complaint; (7) Another copy of the Answer to the Complaint; (8) the filed JSR;

11         (9) the filed Scheduling Order; (10) a blank form Substitution of Attorney; (11) the Order

12         Granting your Motion to Withdraw; & (12) the LOU receipt of her Order Granting her Motion

13         to Withdraw.

14  [Note: Berliani did not acknowledge in her file, and did not produce to us Plaintiff's RFA's,

15  notwithstanding Plaintiff's 3-7-2019 Proof of Service to her while she was still Defendant's

16  counsel (Bereliani moved to withdraw as counsel of record on 3-15-2019) [Doc-12]).

17  23.    On Friday 8-9-2019 at 11:22am, Cohen wrote Plaintiff's counsel at my urging, to meet &

18         confer regarding Plaintiff's *Unilateral Pre Trial* [Doc-23] and *Declaration* [Doc-24] in

19         advance of the upcoming Pre Trial hearing of 8-22-2019. Cohen further stated that I have

20         evidence to dispute Plaintiff's turnover claim for $137,000.00, that I have witnesses and

21         exhibits re same. Cohen produced these documents to counsel sight unseen, without the

22         Plaintiff having to formally demand them from me to substantiate my claim that I have

23         exhibits to support my defense. I presented to Cohen who then presented to Plaintiff:

24         a.     Pandora's loan report to the Silao brothers reflecting that during the period of 12-16-

25                2013 - 5-20-2015, Defendant lent Pandora approximately $442,000.00 (and that his

26                brothers Michael Silao lent Pandora $70,000.00, Sam Silao lent Pandora $6,000.00,

27

28         [44] A true and correct copy of Berliani's 8-7-2019  at 2:17pm letter to Cohen is attached hereto
    as Exhibit "9" and is incorporated herein by this reference.

1    & Ray Silao lent Pandora $143,911.37, totaling $662,411.37).

2    b.    The last page of Pandora's 2014 tax return (FYE 12-31-2014) Form 1120, Page 5,

3    Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was

4    owed $389,750.00 by Pandora for that year ("Loan Payable N Silao");

5    c.    The last page of Pandora's 2015 tax return (FYE 12-31-2015) Form 1120, Page 5,

6    Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was

7    owed between  $389,750.00 - $297,250.00 by Pandora for that year ("Loan Payable

8    N Silao");

9    d.    Pandora's Balance Sheet as of 12-31-2015, under the section entitled: "Liabilities &

10    Equity" reflecting "Loan/Financing Payable N. Silao $297,250.00;

11    e.    The last page of Pandora's 2016 tax return (FYE 12-31-2016) Form 1120, Page 5,

12    Schedule L, Line 19, entitled: "*Loans **from** Shareholders*" showing that my client was

13    owed between $297,250.00 - $295,250.00 by Pandora for that year ("Loan Payable N

14    Silao");

15    f.    Pandora's (9) checks to my client that contain the notation: "Reimbursement - Loan:"

16        i.    Pandora's 7-31-2015 check # 9001 to Defendant for $25,000.00;

17        ii.    Pandora's 9-4-2015 check # 9002 to Defendant for $25,000.00 contains the

18            notation: "Loan Repayment;"

19        iii.    Pandora's 9-15-2015 check # 1112 to Defendant for $2,500.00 contains the

20            notation: "Reimbursement - Loan;"

21        iv.    Pandora's 10-9-2015 check # 9003 to Defendant for $25,000.00 contains the

22            notation: "Loan Repayment;"

23        v.    Pandora's 10-15-2015 check # 1130 to Defendant for $2,500.00 contains the

24            notation: "Reimbursement;"

25        vi.    Pandora's 11-1-2015 check # 1131 to Defendant for $2,500.00 contains the

26            notation: "Reimbursement;"

27        vii.    Pandora's 11-2-2015 check # 0005 to Defendant for $25,000.00 contains the

28            notation: "Loan Repayment;"

1        viii.    Pandora's 12-1-2015 check # 1132 to Defendant for $2,500.00 contains the

2                notation: "Reimbursement;"

3        ix.    Pandora's 12-2-2015 check # 8655 to Defendant for $25,000.00 contains the

4                notation: "Loan Repayment."

5    g.    Cohen disclosed my witnesses to counsel: myself; my brothers; Pandora's CPA Rufino

6        Reyes Magpayo.

7    24.    On 9-25-2019, Cohen filed this Motion to Allow Withdrawal of Deemed Admissions pursuant

8        to F.R.C.P. 36(b)[Doc-31].

9    25.    I wish to reiterate and emphasize, that I did not respond to Plaintiff's RFA's, because Bereliani

10        never forwarded the RFA's to me, I never received them, and was not even aware of them.

11

12        I declare under penalty of perjury under the laws of the United States and the State of New

13    York and of California that the foregoing is true and correct.

14    DATED: February 23, 2020

15    By ___ /S/ Nicholas Silao _____

16    NICHOLAS SILAO

17

18

19

20

21

22

23

24

25

26

27

28

1    Sanaz S. Bereliani, SBN 256465
     **Bereliani Law Firm, PC**
2    11400 W. Olympic Blvd., Ste 200
     Los Angeles, CA 90064
3    Telephone: 818-920-8352
     Fax: 888-876-0896
4    E-mail: berelianilaw@gmail.com

5

6

7

8                        UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

10

11   In re:                                    BK Case No.:  6:17-bk-19336-SY

12   PANDORA HOSPICE CARE, INC                  Adv. Case No.: 6:18-ap-01193-SY

13                    Debtor.                   Chapter 7

14
                                               **SUPPLEMENTAL DECLARATION OF**
15   KARL T. ANDERSON, CH 7 TRUSTEE,            **ATTORNEY SANAZ SARAH BERELIANI**
                                               **DECLARATION RE DEFENDANT'S**
16                    Plaintiff                 **MOTION TO ALLOW WITHDRAWAL OF**
                                               **DEEMED ADMISSIONS F.R.C.P. 36(b)**
17   vs.

18   NICHOLAS SILAO,

19                    Defendant.

20

21   I, Sanaz Sarah Bereliani, hereby declare as follows:

22      1.  I am the former attorney for the Defendant, Nicholas Silao, in the herein Adversary

23          Complaint filed in the Debtor's Chapter 7 bankruptcy case.  I am admitted to practice law

24          before this Court and all Courts in California and am a member in good standing.  I have

25          personal knowledge of the facts and if called upon as a witness, I could and would

26          competently testify hereto in a court of law.

27

28

2. I was retained in this matter by the Defendant on October 30, 2018, for the purpose of filing an Answer to an Adversary Complaint. As the Answer was due imminently, the Defendant and I agreed that after the Adversary Complaint Answer was filed, we would re-negotiate the retainer agreement as needed.

3. The Adversary Complaint Answer was filed on October 31, 2018.

4. I emailed the Defendant on January 2, 2019 to confirm how he wanted to proceed with regards to representation and the progression of the adversary proceeding.

5. Shortly thereafter I spoke to the Defendant and was informed that the Defendant's mother passed away. As a result, the Defendant was not able to proceed with any activity or communication regarding the case until family matters were resolved. I advised Mr. Polis, attorney for the Plaintiff of this on or about January 2019. I further advised the Defendant that a joint status report must be filed, and an appearance at the joint status conference was required.

6. I was then retained for the purpose of filing a Joint Status Report and an appearance at the Joint Status Conference. After this, I was not successful in getting in touch with the Defendant.

7. On February 11, 2019, I emailed the Defendant, advising him that because of the lack of communication and since he had not contemplated further representation, I was not able to proceed as I could not respond on behalf of the Defendant since I did not know the further facts of the case or preferred game plan of the part(ies). I provided him with a Substitution of Attorney to review and sign.

8. At this time, on or about February 2019, I communicated with the Plaintiff that I planned on withdrawing from the case due to the breakdown in communications.

9. For one month, my office followed up with the Defendant in regards to my email and Motion to Withdraw to no avail. I never heard back from him. My last attempt was on March 13, 2019, when I called and left a message for the Defendant.

10. Due to the breakdown in communication between the Defendant and I, specifically the lack of responsive communication and further retention by the Defendant, I was forced to withdraw as counsel [Docket 12] and on April 16, 2019, the Court entered its Order Granting Motion to Withdraw as Counsel of Record [Docket 16].

11. On or about April 11, 2019 I appeared via telephonic Courtcall for the hearing on the Motion to Withdraw. At this time, the Court and Mr. Polis requested that I provide contact information for the Defendant in the Order on Motion to Withdraw, so Mr. Polis could get in touch directly with the Defendant. To the best of my recollection, Mr. Polis did not address the court regarding discovery efforts and/or requesting any extensions on time to do discovery, given the withdrawal. I was not aware of any outstanding discovery issues as of that date.

12. On or about April 26, 2019 I caused to be filed a Notice of Lodgment with an Amended Order Granting the Motion to Withdraw. This document had the last known contact information for the Defendant.

13. On or about August 7, 2019, I received an email from the Defendant, copying Attorney Cohen, requesting a copy of his file. The same day I forwarded him an email with 12 attachments, which include the following: (1) The Complaint; (2) Retainer Agreement; (3) A Waiver of Conflict of Interest for a Joint Representation signed by Nick Silao; (4) A Waiver of Conflict of Interest for a Joint Representation signed by Ray Silao; (5) A Paypal receipt of Nick's payment to you; (6) the Answer to the Complaint; (7) Another copy of the Answer to the Complaint; (8) the filed JSR; (9) the filed Scheduling Order; (10) a blank form Substitution of Attorney; (11) the Order Granting your Motion to Withdraw; & (12) the LOU receipt of Order Granting Motion to Withdraw.

14. On August 8, 2019, Cohen wrote me: "Thx for the prompt reply. Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any discovery done in this adversary? If so, please send them."

15. On August 8, 2019, I responded: "Per my previous email, there was no communication by your

client so no nothing further was done. They retained me on a limited scope and were not in

touch after with further instruction or guidance. I recommend calling Trustees counsel

regarding case status, I'm surprised they haven't filed anything else yet. Nick got lucky."

16. On August 9, 2019, Cohen wrote me informing me that Plaintiff's Unilateral Pretrial stated that

he indeed propounded discovery Request for Admissions ("RFA's") to the Defendant, that

Defendant did not respond to, and that they are now deemed admitted. Cohen asked me why

wasn't he given copies of this discovery?"

17. On August 9, 2019 I responded: "Ps I'll speak to my office regarding receipts of anything on

their end but please note we were retained specifically for an answer and joint status report and

conference. We had no further involvement or guidance. Lastly, I appreciate your

professionalism going forward."

18. Soon thereafter communicating with Cohen, I reached out to the Plaintiff and was put in touch

with his legal assistant, Cristina Allen, whom I requested a copy of the alleged documents. Ms.

Allen forwarded to me a copy of an RFA and Roggs. I have not received any Initial

Disclosures from Ms. Allen or the Plaintiff at any point during the pendency of this adversary

proceeding and I do not believe any have been prepared or served.

19. On or about September 12, 2019, after unproductive email communication with Cohen, I

suggested and we had a conference call to discuss the subject of the Plaintiff's discovery. I

advised him that in reviewing my file as of August 7, 2019 (when Defendant reached out to me

for a copy of his file) I did not find a copy of any propounded discovery in my possession –

scanned or paper versions. It is my office's protocol to save a copy of paper documents

received and also to email a PDF version to clients and to save an electronic version.

Therefore, it is my understanding and belief that I am not in possession of any discovery

served upon my office for the Defendant prior to August 7, 2019. The only discovery in my

1    possession is the copy of the RFA and Roggs emailed to me by Ms. Allen on or about August

2    9, 2019.

3

4    I declare under penalty of perjury under the laws of the State of California and the United States of

5    America that the foregoing is true and correct.

6

7

8    Date: September 17, 2019

9                                         _____

10                                        Sanaz Sarah Bereliani, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT - 1

# BERELIANI LAW FIRM

11400 W. Olympic Blvd, Suite 200
Los Angeles, California 90064
Telephone: (310)914-0152
Fax (888)876-0896
Email: Sanaz @BerelianiLaw.com

## ATTORNEY - CLIENT FEE CONTRACT

This retainer agreement (this "Agreement") is entered into as of the 25th day of October 2018, by and between: Nicholas Silao ("Client") and Bereliani Law Firm ("Bereliani"). Client is retaining Bereliani for the purpose of limited representation in the Adversary Proceeding Case #6:18-ap-01193-SY filed by Chapter 7 Trustee Karl T. Anderson for the turnover of funds received by Client from Pandora Hospice Care, Inc (the "adversary").

Client desires Bereliani to prepare and file an answer to the Adversary Complaint in order to prevent a default judgment. At this time, Bereliani's only action in this case is to file an Answer (general denial). Once Client decides on how to proceed with this case, Client has the option to furhter retain Bereliani for further representation – litigation and/or settlement.

Bereliani understands that Client's brothers (the "additional defendants") may ask Bereliani to also prepare answers for them in their related Adversaries. Client undertands and agrees that he will need to sign a Conflict of Interest Waiver before Bereliani will agree to representation of the additional defendants. In the case of all additional defendants retaining Bereliani, Client understands that all information provided from Client will be available and shared with the additional defendants. I cannot provide any advice to any one party that would be adverse or detrimental to the other two Client.

If there is ever a conflict of interest or disagreement between us of how things should be done due to ethics or other concerns, then either of us has a right to substitute out of the case immediately without further notice. Should there be any conflicts between the three Client, please advise me of this as it may affect our negotiation efforts and if necessary we may need to determine whether a second unassociated independent attorney should represent the party with the conflict.

When you retain me, you will need to keep me apprised of all facts having to do with this case. I would prefer any communication between you and the Parties to be limited to what I communicate with them or their attorney.  Please do not reach out to them on your own.

At this time, Bereliani is being retained solely and specifically for the purpose of communicating and drafting an Answer in this Adversary. Bereliani is not retained to handle any discovery or litigation in this case. Bereliani will not be formally handling this case without a further retainer.

> Initial if
> Agreed:

1

1. **FEES:**

   a. **Initial Retainer:** $850 – this will cover the case review and filing of a general denial Answer. Should you wish to retain Bereliani for further representation, you understand that you will be required to provide a new retainer of $2500 to be placed in the Attorney Client Trust Account and billed at $395/hr. Once these funds are depleted, further funds will need to be provided for additional work. You will be notified each step of the process and it is your choice to have Bereliani Law Firm continue or stop work at any point in the process.

<table>
<tr><td>Initial if<br>Agreed:<br><br>_____</td></tr>
</table>

2. **LUMP SUM SETTLEMENT SERVICE:** After retention for additional services, if the Client wishes to settle with the Trustee, Client shall provide confirmation to Bereliani Law Firm that funds are available for the lump sum settlement of Client's debt prior to negotiation takes place. Bereliani Law Firm is retained to communicate with Client's creditors, negotiate potential settlements and present these settlement offers to Client. Upon Client's approval of the terms of settlement, Client is to forward the lump sum payment(s) to the attorney client trust account, unless a separate agreement is reached between Client and Bereliani Law Firm for Client to handle settlement payments on his own. All final decisions are made by Client, in Client's sole and absolute discretion.

**SETTLEMENT FEES WILL BE DUE AND OWING AT ACCEPTANCE OF THE SETTLEMENT OFFER.**

3. **TERMINATION:** Either party may terminate this Agreement with written notice.

4. **CONSUMER NOTICE:** Client understands the following that:
   a) that a debt negotiation program will have an adverse affect on Client's credit rating,
   b) that his/her consumer debts can grow bigger before any settlement and that settlement is not always suitable for everyone; that especially if Client is current on all his obligations at the time he retains Bereliani Law Firm.
   c) that settlement services may result in the Client being subject to further collection actions by creditors or debt collectors until a settlement is reached, if any.
   d) that not all creditors will accept a reduction in the balance, interest rate, or fees a consumer owes;
   e) that if Client enters into a payment plan with the Creditor, it will be the Client's legal obligation to make these payments and to stay current, Bereliani Law Firm will not be involved in these activities.

5. **CLIENT'S DUTIES:** Client shall honestly and without reservation advice Bereliani Law Firm as to the true and correct status of their (and their spouse's) debt at the time of retainer and all future times. Client shall avoid initiating contact with creditors. Client duties are also set forth in the Disclosures and Acknowledgements.

6. **TAX RAMIFICATIONS: Although it is rare, the settlement of a debt may result in a tax liability (due to forgiven debt being seen as income). Please consult an accountant or other tax specialist regarding any tax ramifications.**

2

7. **FAILURE TO PAY FEES:** In the event that any settlement fee is not paid by Client to Bereliani Law Firm as provided above, Bereliani Law Firm has the right to pursue a suit against Client to collect fees due and owing for settled account(s) even if Client pays Creditor directly for the negotiated settlement balance. Fees paid are non-refundable.

8. **NSF CHECK POLICY:** In the event that Client tenders to Bereliani Law Firm a check that is returned due to non-sufficient funds, Client shall pay to Bereliani Law Firm a fee in the amount of $30.

9. **NO REPRESENTATIONS:** No representations are made, and there is no guarantee, warranty or prediction, written or implied, that any mediation or negotiations by Bereliani Law Firm or its agents will succeed, or produce any specific desired results.

10. **ARBITRATION:** Any and all disputes between the parties shall be resolved by way of binding arbitration before the Beverly Hills Bar Association. Bereliani Law Firm is a California corporation.

The parties have executed this Agreement as of the date set forth above, further:

I/We have read and understood the foregoing terms and conditions set forth on this Attorney-Client Fee Contract and the attached Rate Schedule and agree to the terms and conditions of this Agreement and Rate Schedule. I acknowledge receipt of my own signed copy of this Agreement and Rate Schedule. If more than one party signs below, we each agree to be liable, jointly and severally, for all obligations under this agreement.

Dated: _____10/30/18_____

_____
Nicholas Silao

_____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_____
Social Security Number

_____10-11-57_____
Date of Birth


**Bereliani Law Firm, P.C.**

Dated: _____

_____
Sanaz Sarah Bereliani, Esq.

# RATE SCHEDULE

## IDENTIFICATION:

| | |
|---|---|
| Client: | Nicholas Silao |
| Type of Case: | Initial preparation of Answer to Complaint (limited scope) |

## HOURLY CHARGES: (if necessary)

| | |
|---|---|
| Initial Retainer: | $850 for preparation and filing of an answer |
| Attorney: | $395.00 per hour for additional work at retainer of $2500 |
| Paralegal: | $120.00 |
| Law Clerk and Secretary: | $60.00 per hour |

## STANDARD CHARGES:

We charge for our time in minimum units of .25 hours

## COST AND EXPENSES:

| | |
|---|---|
| In-office photocopying: | $0.25 per page |
| Computerized Legal Research and use of Legal Programs: | $50.00 per hour plus regular hourly rates. |
| Toll calls: | Actual cost |
| Courier: | $50.00 (includes per delivery and pickup of documents to and from court) |
| Bank Fees: | Actual cost (i.e., returned checks, etc.) |
| Postage: | Actual |
| Express Mail: | Actual |

## SUBJECT TO CHANGE:

The above rates are subject to change upon 30 days written notice. Failure to agree to the increased rates will be sufficient cause for withdrawal of our law firm as your attorneys.

# BERELIANI LAW FIRM

11400 W. Olympic Blvd, Suite 200
Los Angeles, California 90064
Telephone: (310)914-0152
Fax (888)876-0896
Email: Sanaz@BerelianiLaw.com

October 29, 2018

## RE: CONSENT TO JOINT REPRESENTATION AND/OR WAIVE OF CONFIDENTIALITY

The terms of this Consent to Joint Representation and/or Waiver of Confidentiality ("Consent and Waiver") are in addition to the terms of the attached Attorney-Client Fee Contract (the "Retainer Agreements").

## 1. The Purpose of This Document

### a.   Joint Representation

You, the undersigned, Nicholas Silao, Michael Silao, and Ray Silao (collectively "You"), have requested representation from the Bereliani Law Firm, P.C. (the "Attorney") for the purpose of the initial representation in the adversary proceedings (the "Adversaries") (6:18-ap-01193-SY, 6:18-ap-01192-SY, and 6:18-ap-01194-SY respectively) filed against you by Trustee Karl T. Anderson in the lead bankruptcy case of 6:17-bk-19336-SY for Pandora Hospice Care, Inc. There may be potential conflicts of interest in the representation of more than one party in a case. This Consent and Waiver is to inform You of such potential conflicts of interest, and to obtain Your informed consent in writing.

When the same attorney represents two or more persons on the same side of a matter, areas of conflict may arise during the representation. For example, one client may have different goals, or strategies or defenses related to the legal problem, which may result in different instructions from the individual clients to the attorney regarding how the matter should be handled, or how it should proceed.

Attorney will represent all of You in this matter as long as there is no conflict as to how the settlement should proceed. If one of You gives Attorney instructions that contradict instructions from the other of You, then Attorney will inform and advise each of You that an actual conflict has arisen. At that point, one or both of You may decide to seek the advice of another attorney, to try to resolve the conflict and agree upon joint instructions to Attorney, or to discontinue Attorney's joint representation. If all of You cannot come to an agreement as to how to resolve the conflict, Attorney will withdraw from representing all of You. That is, Attorney will withdraw and not represent anyone. To the extent that the facts of your respective Adversaries do not collide with one another's, then these issues will likely not arise.

Attorney is willing to represent each of You in this matter, provided that each of You acknowledge the potential that a conflict of interest may arise, and consent to Attorney's representation of each of You despite the potential for conflict.

### b.    Client Confidentiality

Under most circumstances, an attorney who represents a client is obligated to keep all communications with his or her client confidential. That is, the attorney cannot tell other people about the contents of his or her conversations with his or her client(s). This is called the "attorney-client privilege."

When an attorney represents more than one client in the same transaction, however, the attorney must be able to tell one client what the other client said with regard to matters related to the subject of the joint representation. For example, during settlement negotiations, the attorney must be able to tell one client what the other thinks about a particular settlement offer.

Therefore, Attorney asks that each of You waive Your right to confidentiality as to the other of You in this matter. Your waiver concerns the confidentiality of communications to the other of You in this matter only, not as to any other persons, such as opposing parties or other third parties.

### c.    Duty of Loyalty

An attorney owes a duty of loyalty to his or her client. In a case of joint representation, this duty of loyalty is owed to each of the jointly represented clients. A conflict of interest may exist if Attorney's loyalty to one of You causes Attorney to limit Attorney's advocacy for the other one of You in any way with respect to this matter. In the event of such a conflict of interest, Attorney will notify You and discuss possible ways to proceed.

## 2.    Client Agreement to Joint Representation and/or Waiver of Confidentiality

Each of You have read or had the opportunity to read the foregoing statements and You each have been informed by Attorney of the potential conflicts of interest that may arise in this matter and of the consequences should an actual conflict arise. Each of You consents to Attorney's joint representation of You regarding the matter described in the Retainer Agreements. You understand that due to this joint representation, a conflict of interest may arise in the future.

Each of You agrees to waive Your respective right to attorney-client confidentiality as to the other of You. You authorize Attorney to discuss communications between each of You and Attorney with the other of You who has signed this Consent and Waiver. In signing this Consent and Waiver, You are not waiving Your respective rights to attorney-client confidentiality as to any other person or entity other than the other of You.

You are all responsible for payment of any and all costs related to this representation, as set forth in the Retainer Agreements.

Signatures continued on the next page.

Please sign a copy of this Consent and Waiver in the space provided below and return a signed copy to me via email. We very much appreciate the opportunity to serve as your lawyers, and look forward to working with you.

Sincerely,

Sanaz S. Bereliani, Esq.

I have read and understand the foregoing and agree to the terms of this Consent and Waiver. Signed as of the date first written above.

By: Nicholas Silao

By: Michael Silao

By: Ray Silao

Please sign a copy of this Consent and Waiver in the space provided below and return a signed copy to me via email. We very much appreciate the opportunity to serve as your lawyers, and look forward to working with you.

Sincerely,

Sanaz S. Bereliani, Esq.

I have read and understand the foregoing and agree to the terms of this Consent and Waiver. Signed as of the date first written above.

_____

By: Nicholas Silao

_____

By: Michael Silao

Please sign a copy of this Consent and Waiver in the space provided below and return a signed copy to me via email. We very much appreciate the opportunity to serve as your lawyers, and look forward to working with you.

Sincerely,

Sanaz S. Bereliani, Esq.

I have read and understand the foregoing and agree to the terms of this Consent and Waiver. Signed as of the date first written above.

_____
By: Nicholas Silao

_____
By: Michael Silao

_____
By: Ray Silao

# EXHIBIT - 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Thomas J. Polis, Esq. (SBN 119326)<br>POLIS & ASSOCIATES, APLC<br>19800 MacArthur Blvd., Suite 1000<br>Irvine, CA 92612<br>Tel: (949) 862-0040<br>Fax: (949) 862-0041<br>Email:  tom@polis-law.com<br><br><br>☐ *Individual appearing without attorney*<br>☒ Attorney for: Karl T. Anderson, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>Pandora Hospice Care, Inc.,<br><br><br><br>Debtor(s). | CASE NO.:        6:17-bk-19336-SY<br><br>ADVERSARY NO.:  6:-18-ap-01193-SY<br><br>CHAPTER:        7 |
|---|---|
| Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee,<br><br><br><br>Plaintiff(s).<br><br>vs.<br><br>Nicholas Silao,<br><br><br><br>Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE:          01/17/2019<br>TIME:          9:30 AM<br>COURTROOM:      302<br>ADDRESS:        US Bankruptcy Court<br>                3420 Twelfth Street<br>                Riverside, CA  92501 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

A. **PLEADINGS/SERVICE:**

   1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?    ☒ Yes    ☐ No

   2. Have all parties filed and served answers to the Claims Documents?    ☒ Yes    ☐ No

   3. Have all motions addressed to the Claims Documents been resolved?    ☐ Yes    ☒ No

   4. Have counsel met and conferred in compliance with LBR 7026-1?    ☐ Yes    ☒ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Case 6:18-ap-01193-SY    Doc 5    Filed 01/02/19    Entered 01/02/19 18:54:10    Desc
Main Document    Page 2 of 5

5.  If your answer to any of the four preceding questions is anything *other* than an unqualified "YES," please
explain below (*or on attached page*):
Given the holidays, the parties have not had a chance to meet and confer, but will definitely do so before the
Status Hearing on January 17, 2019.

B.  **READINESS FOR TRIAL:**

1.  When will you be ready for trial in this case?

Plaintiff                                           Defendant

May/June 2019                                       July 2019

2.  If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further
delay.

Plaintiff                                           Defendant

discovery and mediation                             discovery and mediation

3.  When do you expect to complete your discovery efforts?

Plaintiff                                           Defendant

April 2019                                          May 2019

4.  What additional discovery do you require to prepare for trial?

Plaintiff                                           Defendant

C.  **TRIAL TIME:**

1.  What is your estimate of the time required to present your side of the case at trial (*including rebuttal stage if
applicable*)?

Plaintiff                                           Defendant

½ court day                                         1 court day

2.  How many witnesses do you intend to call at trial (*including opposing parties*)?

Plaintiff                                           Defendant

presently unknown                                   presently unknown

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. How many exhibits do you anticipate using at trial?

   <u>Plaintiff</u>                                        <u>Defendant</u>


D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

<u>Plaintiff</u>                                        <u>Defendant</u>

Pretrial conference ☒ is ☐ is not requested          Pretrial conference ☒ is ☐ is not requested
Reasons:                                               Reasons:

resolve trial stipulation


<u>Plaintiff</u>                                        <u>Defendant</u>

Pretrial conference should be set <u>after</u>:          Pretrial conference should be set <u>after</u>:

(date) 05/01/2019                                       (date) 05/31/2019


E. **SETTLEMENT:**

1. What is the status of settlement efforts?



2. Has this dispute been formally mediated?    ☐ Yes    ☒ No
   If so, when?



3. Do you want this matter sent to mediation at this time?

   <u>Plaintiff</u>                                        <u>Defendant</u>

   ☒ Yes  ☐ No                                          ☒ Yes  ☐ No

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                          Page 3                          F 7016-1.STATUS.REPORT

F.  FINAL JUDGMENT/ORDER:

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

|  | Plaintiff | | Defendant |
|---|---|---|---|
| ☒ | I do consent | ☒ | I do consent |
| ☐ | I do not consent | ☐ | I do not consent |
| | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

G.  ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL: (Use additional page if necessary)

Respectfully submitted.

Date: 1/2/19                                          Date: 01/02/2019

POLIS & ASSOCIATES, APLC                             BERELIANI LAW FIRM
Printed name of law firm                             Printed name of law firm


/s/ Thomas J. Polis                                  
Signature                                            Signature

Thomas J. Polis                                      Sanaz S. Bereliani (limited scope)
Printed name                                         Printed name

Attorney for: Karl T. Anderson, Chapter 7 Trustee    Attorney for: Nicholas Silao

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
19800 MacArthur Blvd., Suite 1000, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 01/02/2019 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)    edansie@hotmail.com, kanderson@ecf.epiqsystems.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Sanaz S Bereliani -   berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) 01/02/2019 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Mark Houle, US Bankruptcy Court, 3420 Twelfth Street, Suite 365, Riverside, CA 92501
Debtor-Pandora Hospice Care, Inc., 600 North Mountain Avenue, Suite A201, Upland, CA 91786
Nicholas Silao, 24 Central Park South, New York, NY  10019

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/02/2019 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                Page 5                **F 7016-1.STATUS.REPORT**

# EXHIBIT - 3

1              UNITED STATES BANKRUPTCY COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                      --oOo--

4  In Re:                          )  Case No. 6:17-bk-19336-SY
                                    )
5  PANDORA HOSPICE CARE, INC.,      )  Chapter 7
                                    )
6            Debtor.                )  Riverside, California
   _____ )  Thursday, January 17, 2019
7                                   )  9:30 a.m.
   ANDERSON,                        )
8                                   )  Adv. No. 6:18-ap-01192-SY
            Plaintiff,              )
9                                   )
       vs.                          )
10  SILAO,                          )
                                    )
11                                  )
            Defendant.              )
12  _____ )
                                    )
13  ANDERSON, CHAPTER 7 TRUSTEE,    )  Adv. No. 6:18-ap-01193-SY
                                    )
14          Plaintiff,              )
                                    )
15     vs.                          )
                                    )
16  SILAO,                          )
                                    )
17          Defendant.              )
                                    )
18  _____ )
                                    )
    ANDERSON, CHAPTER 7 TRUSTEE,    )  Adv. No. 6:18-ap-01194-SY
19                                  )
            Plaintiff,              )
20                                  )
       vs.                          )
21                                  )
    SILAO,                          )
22                                  )
            Defendant.              )
23  _____ )

24

   Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

*Briggs Reporting Company, Inc.*

ii

```
 1  ANDERSON, CHAPTER 7 TRUSTEE,    )  Adv. No. 6:18-ap-01195-SY
                                    )
 2          Plaintiff,              )
                                    )
 3      vs.                         )
                                    )
 4  ALBRIGHT HOSPICE OF             )
    RIVERSIDE, INC.,                )
 5                                  )
            Defendant.              )
 6  _____)
 7                                  STATUS CONFERENCE RE: CHAPTER
                                    7 TRUSTEE'S COMPLAINT FOR
 8                                  TURNOVER OF PROPERTY OF THE
                                    BANKRUPTCY ESTATE BY AN ENTITY
 9                                  THAT OWES A DEBT TO THE ESTATE
                                    UNDER SECTION 542(b) OF THE
10                                  BANKRUPTCY CODE
11                      TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE SCOTT YUN
12                 UNITED STATES BANKRUPTCY JUDGE
13  APPEARANCES:
14  For the Plaintiff:            THOMAS J. POLIS, ESQ.
                                  Polis & Associates
15                                Newport Gateway
                                  19800 MacArthur Boulevard
16                                Suite 1000
                                  Irvine, California 92612
17                                (949) 862-0040
18  For the Defendants:           MICHAEL SMITH, ESQ.
                                  Langley & Chang
19                                4158 14th Street
                                  Riverside, California 92501
20                                (951) 383-3388
21  Court Recorder:               Shari Mason
                                  United States Bankruptcy Court
22                                3420 Twelfth Street
                                  Riverside, California 92501
23
24
25
```

iii

1   Transcriber:                    Briggs Reporting Company, Inc.
                                    2160 Fletcher Parkway
2                                   Suite 209
                                    El Cajon, California 92020
3                                   (310) 410-4151

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

1  RIVERSIDE, CALIFORNIA  THURSDAY, JANUARY 17, 2019  9:30 AM

2                          --oOo--

3      (Call to order of the Court.)

4          THE COURT:  That brings us to Pandora Hospice

5  Care.  I'm going to group this into -- I guess two.  Number

6  four, five and six, status conference in Trustee versus

7  Silao -- various Silao parties.  That's four -- four is

8  Michael Silao, number five is Nicholas Silao and number six

9  is Ray Silao.

10         May I have appearances on four, five and six?

11         MR. SMITH:  Good morning, your Honor.  Michael

12  Smith, specially appearing for Defendants Silao.

13         MR. POLIS:  Good morning, your Honor.  Tom Polis

14  on behalf of the Plaintiff, Karl Anderson, as Trustee, in

15  all matters of Pandora Hospice, but specifically four, five

16  and six.

17         THE COURT:  Good morning to all of you, and thank

18  you for the joint status report.  And based on the joint

19  status reports that were filed, I posted some Bates for all

20  three matters.  Deadline for completing discovery, June 28,

21  2019. Pretrial conference, August 15th at 9:30 a.m.  Joint

22  pretrial stipulation will be due August 1, 2019.

23         The parties requested, or they were open to

24  mediation.  The one-day mediation to be completed by July

25  31, 2019.

*Briggs Reporting Company, Inc.*

2

1      Are those dates acceptable to the parties on four,

2  five and six?

3      MR. POLIS:  On behalf of the Plaintiff, those

4  dates will be fine, your Honor.

5      THE COURT:  Mr. Smith?

6      MR. SMITH:  Likewise.

7      THE COURT:  All right.  So, as I've read the

8  complaints, although they're separate adversaries, they seem

9  sort of all related.

10      I'm assuming Silao's are all related?

11      MR. POLIS:  They're all brothers.

12      THE COURT:  They're all brothers.

13      MR. POLIS:  They were insiders of the Debtor

14  entity, and it shows references on tax returns and documents

15  that they had loans payable back to the corporation that we

16  are pursuing.

17      THE COURT:  Right.  So, I'm going to probably

18  track all of these together.  It probably makes sense --

19      MR. POLIS:  Of course.

20      THE COURT:  -- for all of the -- all three matters

21  to be mediated at the same time.  If we have a trial, we're

22  going to try all three matters at the same time.

23  Straightforward, I want my money and litigation.

24      MR. POLIS:  I know.

25      THE COURT:  So, I suspect it should be a

3

1  relatively short trial.  So, that's sort of my plan, if
2  parties don't settle.  Hopefully mediate all three matters
3  together.  If not, I'm going to set a trial for all three
4  matters at the same date and time, and I suspect it will be
5  a relatively short trial.

6       MR. POLIS:  We probably won't get to trial, as
7  your Honor, I think, is saying.  We'll figure out what is
8  the real number, and just pay us.  If they don't want to pay
9  us, obviously, we'll proceed from there.  But, it seems
10  pretty straight forward.

11       THE COURT:  Right.  Mr. Polis, if you can, as
12  counsel for the Plaintiff, prepare and lodge a scheduling
13  order on all three matters with the proposed dates.  And
14  with respect to mediation, I leave it up to your preference.
15  If you officially want an order assigning these three
16  matters to mediation, if you can work with Mr. Smith, or I
17  forget who's the counsel of record.

18       MR. POLIS:  Well, it's my understanding with the
19  counsel of record -- I did receive an email -- in case your
20  Honor's understanding is different -- I received an email
21  from her the first of the year, right before the status
22  conference.  I guess the Silao's, I think it's their mother,
23  she passed, and so that was something they had to deal with.
24  But, the reason why she said that, this is -- the lawyer,
25  who's the counsel of record, who filed the answers for the

4

1 three Silao's, she was just in for filing the answer. As

2 far as where she goes from here is a big question mark, and

3 she should have an answer for that in the next week or so.

4          THE COURT: Okay. All right. I'll leave it up to

5 you. If you want an official --

6          MR. POLIS: As far the mediation, yeah. I don't

7 need an order, your Honor, to answer the Court's question.

8 I'll just put it in the schedule and order that we have to

9 do it, the Court's ordered it. And everybody, hopefully,

10 gets along, and we'll find a mediator and try to get this

11 mediated.

12          THE COURT: Right. I don't need it. I know some

13 judges want it.

14          MR. POLIS: I'm okay with it.

15          THE COURT: I don't care. If parties want to

16 mediate, they can.

17          MR. POLIS: It's more paper that I don't think is

18 necessary, your Honor.

19          THE COURT: Right. And so, Mr. Smith, are you

20 just in for today, or are you potentially discussing --

21          MR. SMITH: Yeah.

22          THE COURT: Well, I was hoping to have actual

23 counsel who was going to be in the case for the long haul.

24 This is the reason why I require personal appearance.

25 Sometimes when both attorneys have to be here, they often

*Briggs Reporting Company, Inc.*

5

1  talk before or after, and things happen quicker.

2         MR. SMITH:  Like you said, their mother just

3  passed away, so they're allowing the grieving period.  They

4  should be in conversation shortly to see whether it will go

5  beyond today.

6         THE COURT:  All right.  Anyway, I guess that's all

7  I have for today on four, five and six.

8         MR. POLIS:  We'll prepare the scheduling order,

9  and we'll get that out.

10        THE COURT:  Great.  Thank you.

11        MR. SMITH:  Thank you, your Honor.

12        THE COURT:  And now I have to call the other

13 matters, but if you can give me a few minutes, Mr. Polis, as

14 I have to mark this on all the calendars here.

15        I'm going to call the next matter, seven and

16 eight, same case, Pandora Hospice Care, Chapter 7 Trustee,

17 and number seven is Albright.

18        MR. POLIS:  Again, Tom Polis for the Plaintiff in

19 both matters.

20        THE COURT:  Seven is the Albright Hospice in

21 Riverside.  Eight is the Albright Hospice in San Bernardino.

22        Mr. Polis has made his appearance.

23        And on both of these matters, is Albright Hospital

24 (sic.) sort of related to Pandora, or do they have any

25 relations to the Silao folks?

6

1          MR. POLIS:  Yes.  To answer the Court's question,

2  yes, they're all related.  I think these were entities that

3  were set up, I don't know if they ever started to operate,

4  but there were monies transferred from the non-Debtor

5  entities from the Debtor to the Albright Riverside, Albright

6  San Bernardino.  And as the Court made it very clear in the

7  last one, we just want our money back.

8          THE COURT:  Right.  I suspect -- probably don't

9  have any.  We'll see.

10          For these matters I think what I'm going to do is,

11  seven and eight I'm going to continue out the status

12  conference for awhile, and if you can get the default

13  turned, and also use those dates as the date for the motions

14  for default judgment.

15          The dates that I'm going to give you are probably

16  going to be further out than I generally do because we're

17  going to be going into a shutdown mode very quickly.  The

18  money was supposed to run out tomorrow, we got another week

19  of funding.  The initial -- everyone's necessary and

20  essential.  The Court's going to be in operation.  That

21  judge, Tighe, is our new Chief.  I was issued that general

22  order.  We have been told in no uncertain terms by the

23  general counsel for the administrative office, that is not a

24  defensible position during a shutdown.

25          I've already started doing it, as you know,

*Briggs Reporting Company, Inc.*

7

1  kicking out any matter that I don't think needs immediate

2  attention, but I think all judges starting -- I think

3  they're going to start doing it this week, but definitely as

4  of next week, all of the matters are going to be kicked out

5  that are non-essential.

6          So, I'm probably going to give you status

7  conference dates on seven and eight that are further out

8  than I generally do, just because I don't want to make you

9  do something, and then you come here in March, and I tell

10 you we're still in a shutdown, I'm not going to hear it.

11         So, February, March --

12         MR. POLIS:  Your Honor, you said you were going to

13 give me a status conference, and those are dates that you

14 want to have me do the motions for default judgment and

15 prove ups.

16         THE COURT:  Right.

17         MR. POLIS:  The Court -- and those are the only

18 dates you're saying I can do default prove up?  And I

19 realize the shutdown issue, but -- and there has to be a

20 hearing for the default prove up, it's not by declaration?

21         THE COURT:  It can be by declaration.  And, you

22 know, you file a motion.  I know the Court has the form

23 motion for default judgment.  I don't like it.

24         MR. POLIS:  Okay.  So, I'm going to put, "Don't

25 use court form."

8

1          THE COURT:  Yeah, don't use the court form.  Just

2    treat it like the real motion.  You can use a declaration.

3    But, for me it has to be just more than, here's a complaint,

4    nobody filed an answer, everything is true.  I still want

5    some sort of a declaration, attach some evidence.

6          MR. POLIS:  Documentation supporting -- yes.

7          THE COURT:  And 90-percent of the time you set it

8    for a hearing, but motion's granted, appearances waived.

9          MR. POLIS:  All right.

10          THE COURT:  Is there any rush here to get that

11    motion for default judgment?

12          MR. POLIS:  No.

13          THE COURT:  All right.  So, I'm going to go out to

14    May.  May 9th, 2019, at 9:30 a.m.  I don't need another

15    status report.  And as I've indicated, those dates -- for

16    seven and eight, May 9, 2019 at 9:30 a.m.  No status report.

17    That date will also be the hearing date for the motions for

18    default judgment.

19          MR. POLIS:  So, we'll give notice.  That's another

20    continued status conference, but you don't need a status

21    report?

22          THE COURT:  Right.  No.

23          MR. POLIS:  So, we'll give notice of the continued

24    status conference, and then when we file -- whenever it

25    comes about, we'll file that motion for default prove up for

9

1 May 9th.

2          THE COURT:  Yes.

3          MR. POLIS:  Cool.

4          THE COURT:  All right.  Now, thank you.  And this

5 was like a --

6          MR. POLIS:  I appreciate it, your Honor.  Thank

7 you.

8          THE COURT:  Thank you.

9     (Proceedings concluded.)

10

11       I certify that the foregoing is a correct

12 transcript from the electronic sound recording of the

13 proceedings in the above-entitled matter.

14

15 /s/ Holly Steinhauer          2-5-20
   Transcriber                   Date
16

17

18

19

20

21

22

23

24

25

*Briggs Reporting Company, Inc.*

# EXHIBIT - 4

-----Original Message-----
From: Sanaz Sarah Bereliani <sanaz@berelianilaw.com (mailto:sanaz@berelianilaw.com)>
To: nsilao <nsilao@aol.com (mailto:nsilao@aol.com)>; rsilaomd <rsilaomd@yahoo.com (mailto:rsilaomd@yahoo.com)>; Michael Silao <masilao@gmail.com (mailto:masilao@gmail.com)>; Chris Ugarteche <chris@berelianilaw.com (mailto:chris@berelianilaw.com)>
Sent: Tue, Jan 15, 2019 4:45 pm
Subject: Balance Due & Plus Status Hearing this Thursday 1/17 @ 9:30am in Riverside

Hello Nick, Michael, & Ray,

I spoke to Nick this morning and he advised me that your mother's wake is this Friday. I wish your family much peace during this time.

I mentioned to Nick that the Status Conference Scheduled with Judge Yun for Thursday at 9:30am in Riverside is a Mandatory hearing that cannot be continued. Its like a scheduling hearing, we'll be setting deadlines for all three of your cases -discovery, etc.

That being said, either you or someone from my office needs to be there to represent you. I can have Mike Smith appear on your behalf and set the hearing dates going forward, scheduling them out as far as possible to buy you some time.

However, please note that the retainer that you initially signed with my office retained me only for preparing and filing the Answers to the Complaints. I have not been retained further.

For the Joint Status Report that was handled two weeks ago and the hearing this Thursday, I do need additional funds in order to proceed. Along with your written acknowledgement that you want me to represent you at the hearing this Thursday.

For each of your cases, the charge will be:

1.5 hours of work per case x $395 per hour = $592.50 **per case.**

I do need this paid _per person_ before I can schedule Michael to appear for you.

<u>You may pay this the same way as previously</u> (please take care of this by this evening)

Venmo to @sanaz-bereliani-1
Paypal "friends to friends" transfer to sanaz@berelianilaw.com (mailto:sanaz@berelianilaw.com)

**One person can pay for all three if you like or each can pay separately. However, I do need each of you to reply to this email for me to appear for you this Thursday.**

--
Sanaz Sarah Bereliani, Esq.

**Bereliani Law Firm, PC**
11400 W. Olympic Blvd, Suite 200
(https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+%0D%0A+%0D%0A%0D%0A+%0D%0A+Los+Angeles,+CA+90064?entry=gmail&source=g)
Los Angeles, CA 90064
(https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+%0D%0A+%0D%0A%0D%0A+%0D%0A+Los+Angeles,+CA+90064?entry=gmail&source=g)
www.berelianilaw.com (http://www.berelianilaw.com/)
Office (310)914-0152
Direct (818)920-8352
Fax   (888)876-0896

_Selected in 2014-2018 as a Southern California Rising Stars Super Lawyer by Los Angeles Magazine_

[images[4]

© 2013 Super Lawyers® is a registered trademark of Thomson Reuters

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW
[Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 270(a)]
This message is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential or otherwise legally exempted from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this transmission in error, please notify us at (310)914-0152 or simply reply to this email. Thank you for your cooperation.

Super Lawyers     RISING STARS

                                      image007.jpg
                                      4K
                  (?ui=2&ik=3b6bf1d349&view=att&th=17072bea8999aa57&attid=0.1&disp=inline&safe=1&zw)

# EXHIBIT - 5



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

## Fwd: Next Steps In your Adversary Complaint Case - Karl Anderson v Silao
2 messages

Sanaz Sarah Bereliani <sanaz@berelianilaw.com>
To: bcc@baruchcohenesq.com

Fri, Aug 9, 2019 at 2:43 PM

FYI my last communication with them. I sent out a sub of attorney after this and then just filed my motion to withdraw after not hearing back from them. They gave me the run around since January as to their ability to speak or provide documents. I advised Anderson of my inability to represent them given no guidance or retainer and my last step was to file the joint status.

I'm sorry I don't have much guidance or help for you going forward in this case as they left me hanging.... I would make sure to get a sit down with the Client and get them to commit to providing you with what you need before you get in any deeper so this is not a waste of your time either.

--------- Forwarded message ---------
From: **Sanaz Sarah Bereliani** <sanaz@berelianilaw.com (mailto:sanaz@berelianilaw.com)>
Date: Wed, Feb 6, 2019 at 11:22 AM
Subject: Re: Next Steps In your Adversary Complaint Case - Karl Anderson v Silao
To: Michael Silao <masilao@gmail.com (mailto:masilao@gmail.com)>, Ray A Silao <rsilaomd@yahoo.com (mailto:rsilaomd@yahoo.com)>, <nsilao@aol.com (mailto:nsilao@aol.com)>, Chris Ugarteche <chris@berelianilaw.com (mailto:chris@berelianilaw.com)>

Hello Gentlemen,

It is my understanding that Chris from my office reached out to you yesterday and was told by Nick that due to travel plans of one of you, that you'd be in touch sometime next week to schedule a conference call to discuss your case.

At this point, please note that our office is not retained to represent you in your cases as our retainer was of a "limited scope" and we have been unsuccessful in scheduling a call to discuss further representation and action on your behalf.

If I do not hear from you by Thursday evening as to a conference call time for all of us to speak together ASAP then I will be preparing a Substitution of Attorney for you to sign to advise the court that the limited scope retainer has expired. This will not affect your case with the Trustee but just Update the Status of your representation.

Sanaz Sarah Bereliani, Esq.

On Thu, Jan 31, 2019 at 2:09 PM Sanaz Sarah Bereliani <sanaz@berelianilaw.com (mailto:sanaz@berelianilaw.com)> wrote:

# EXHIBIT - 6

2/23/2020   Case 6:18-ap-01193-SY   LAW OFFICES OF BARUCH C. COHEN, APLC Mail 2/25/20 adora Hospice v Nicholas Silao; Case #6:18-ap-01193-SY   Doc 58   Filed 02/25/20   Entered 02/25/20 15:59:11   Desc

Main Document      Page 88 of 161

-----Original Message-----
From: Sanaz Sarah Bereliani <sanaz@berelianilaw.com (mailto:sanaz@berelianilaw.com)>
To: nsilao <nsilao@aol.com (mailto:nsilao@aol.com)>; Chris Ugarteche <chris@berelianilaw.com (mailto:chris@berelianilaw.com)>
Sent: Mon, Feb 11, 2019 4:44 pm
Subject: Pandora Hospice v Nicholas Silao; Case #6:18-ap-01193-SY

Hello Nicholas,

Pursuant to our email communication, please find the attached document ready for your signature.

I'd appreciate you signing and returning this to me within 24 hours for filing. This requires you to print, sign, scan/return. Please do not do an electronic signature, they require a wet ink signature. Also please scan, photographs do not count.

By signing and returning this, you won't receive any additional invoices from our office for any communication or work to date from the Joint Status Conference to today, as a courtesy. However, be mindful that this case is still pending and you do need to either be in contact with the Trustee or to retain new counsel to proceed on your behalf if you wish to proceed. Unfortunately, with the lack of communication or further representation agreement, I am not able to proceed on your behalf.

Thank you,

--
Sanaz Sarah Bereliani, Esq.

**Bereliani Law Firm, PC**
11400 W. Olympic Blvd, Suite 200
(https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+%0D%0A+%0D%0A+Los+Angeles,+CA+90064?entry=gmail&source=g)
Los Angeles, CA 90064
(https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+%0D%0A+%0D%0A+Los+Angeles,+CA+90064?entry=gmail&source=g)
www.berelianilaw.com (http://www.berelianilaw.com/)
Office (310)914-0152
Direct (818)920-8352
Fax    (888)876-0896

*Selected in 2014-2018 as a Southern California Rising Stars Super Lawyer by Los Angeles Magazine*

images[4]

© 2015 Super Lawyers® is a registered trademark of Thomson Reuters

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW
[Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 270(a)]
This message is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential or otherwise legally exempted from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this transmission in error, please notify us at (310)914-0152 or simply reply to this email. Thank you for your cooperation.

**2 attachments**



(?
ui=2&ik=3b6bf1d349&view=att&th=17072c33199406c7&attid=0.2&disp=inline&safe=1&zw)

**image007.jpg**
4K

(?
ui=2&ik=3b6bf1d349&view=att&th=17072c33199406c7&attid=0.1&disp=attd&safe=1&zw)

**Substitution of Attorney_Nicholas Silao.pdf**
913K

# EXHIBIT - 7

Thomas J. Polis, Esq. -SBN 119326
**POLIS & ASSOCIATES, APLC**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040 ◊ Facsimile:  (949) 862-0041
E-mail:  tom@polis-law.com

Counsel for Karl T. Anderson,
Chapter 7 Trustee/Plaintiff

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| **In re** | ) **Case No.  6:17-bk-19336-SY** |
| **Pandora Hospice Care, Inc.,** | ) |
| | ) **Chapter 7** |
| **Debtor.** | ) **Adv.Proc.No.: 6:18-ap-01193-SY** |
| | ) |
| **Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee,** | ) **PLAINTIFF/CHAPTER 7 TRUSTEE'S REQUESTS FOR ADMISSION (SET NO. ONE) TO DEFENDANT NICHOLAS SILAO** |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| **Nicholas Silao,** | ) |
| | ) |
| **Defendant.** | ) |

**PROPOUNDING PARTY**     :     **PLAINTIFF KARL T. ANDERSON**

**RESPONDING PARTY**     :     **DEFENDANT NICHOLAS SILAO**

**SET NUMBER**     :     **ONE**

## TO DEFENDANT NICHOLAS SILAO:

Plaintiff, Karl T. Anderson ("Plaintiff/Trustee") herein of the Adversary Proceeding 6:18-ap-01193-SY in the bankruptcy estate of *In re Pandora Hospice Care, Inc.*, Case No. 6:17-bk-19336-SY, pursuant to Federal Rule of Civil Procedure 36, as incorporated by Federal Rule of Bankruptcy Procedure 7036, requests that Defendant, Nicholas Silao ("Defendant"), admit the truth of the following matters of fact and genuineness of the following documents, for purposes of this action, within thirty (30) days of the date of service of this Request, or within such other time as the Federal Rules of Bankruptcy Procedure allow.

NSilao RFA 030719.wpd

1

# N O T I C E

**PLEASE TAKE NOTICE THAT IF THE REQUESTS FOR ADMISSION HEREIN ARE NOT ANSWERED WITHIN THIRTY (30) CALENDAR DAYS AFTER SERVICE, THE FACTS SOUGHT TO BE ADMITTED WILL BE DEEMED ADMITTED.  FURTHERMORE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(C), AS ADOPTED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 7037, IF THE PLAINTIFF FAILS TO ADMIT THE GENUINENESS OF ANY DOCUMENT OR THE TRUTH OF ANY MATTER AS REQUESTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 36 AS ADOPTED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 7036, AND IF PLAINTIFF THEREAFTER PROVES THE GENUINENESS OF THE DOCUMENT OR THE TRUTH OF THE MATTER, PLAINTIFF MAY APPLY TO THE COURT FOR AN ORDER REQUIRING DEFENDANT TO PAY THE REASONABLE EXPENSES INCURRED IN MAKING THAT PROOF, INCLUDING REASONABLE ATTORNEY'S FEES.**

## DEFINITIONS

As used herein, unless otherwise indicated, the following words and terms have the meanings and references respectively indicated:

   a.    "**ANSWER**" means the answer of Defendant Nicholas Silao, to Plaintiff's Complaint filed in the above-captioned Court.

   b.    "**COMPLAINT**" means the Complaint filed by Karl T. Anderson on or about October 2018.

   c.    "**DEFENDANT**" refers to Defendant Nicholas Silao.

   d.    "**DEBTOR**" means Debtor Pandora Hospice Care, Inc.

   e.    "**DOCUMENT**" and "**DOCUMENTS**" shall mean and include any medium upon which intelligence or information can be recorded, maintained or retrieved, including, without limitation, the original and each copy, regardless of origin and location, of any correspondence (including any written memorandum of a telephone conversation, other communication, discussion, agreement and any other act, transaction or activity), book, pamphlet, periodical, letter,

1  memorandum (including any memorandum or report of a meeting or conversation), contract,

2  agreement, study, report, analysis, invoice, bill, time sheet, time cards, expense voucher, receipt,

3  book of account (including cash disbursement journal, cash receipt journal, income statement or

4  reconciliation statement), financial statement, order form, record, bond, requisition, plan, drawing,

5  specification, sound recording, minutes, dairy, bylaws, articles of incorporation, calendar, telegram,

6  message, handwritten note, draft working paper, photostat, microfilm, film, photograph,

7  comparison, print, graph, drawing, sketch, chart, summary, data sheet, data processing card, tape,

8  advertisement, and any other written, recorded, transcribed, punched, taped, filmed or graphic,

9  photographic or electronic matter of any kind or nature (including marginal comments appearing

10 on any Documents or any other writing) however produced or reproduced, which is in your

11 possession, custody or control, or which You have a right or privilege to examine upon request or

12 demand.

13         f.        "**IDENTIFY**" when used in reference to a natural person means to state (a)

14 the person's full name and present or last known residential address and telephone number, (b)

15 the person's present or last known business affiliation and position of employment and present or

16 last known business address and telephone number, and (c) the person's position at the time in

17 question.

18         g.        "**IDENTIFY**" when used in reference to a Document means to state its (a)

19 date and author or photographer, (b) the type of Document (*e.g.*, letter, memorandum, telegram,

20 canceled check, receipt, color print, transparency, etc.) or other means of Identifying it, (c) the

21 substance of said Document or written representation or description of the things depicted in the

22 photograph, (d) the addressee, if any, of the Document, and (e) its present location and custodian.

23 If any such Document or photograph was, but is no longer, in your possession or subject to your

24 control, state what disposition was made of it, by whom, and when.  With respect to a

25 communication, (I) a summary of the substance of the communication, (ii) the identity of any

26 Document or Documents embodying or referring to the communications, (iii) the Identity of the

27 persons participating in the communications, (iv) the date of the communication, and (v) the place

28 of the communication.

h.  "**PLAINTIFF/TRUSTEE**" refers to Karl T. Anderson.

i.  "**TRANSFER**" shall mean any form of conveyance and disposition.

j.  "**YOU**", "**YOUR**" or shall mean Nicholas Silao.

k.  If You contend that any Document which is requested to be Identified is protected by the attorney-client privilege, the work produce doctrine or on any other basis, then fully Identify in writing each such Document to "Identify" a communication or Document claimed to be privileged shall mean to state:

    (a)  the date of the communication or Document;

    (b)  the author(s) of the Document or the person(s) who participated in the communication;

    (c)  the addressee(s) of the Document;

    (d)  each person who saw or received a copy of the Document;

    (e)  the title of the Document; and the substance of the communication or Document, except to the extent that You claim it is privileged.

l.  The word "or" appearing in any Request for Admission shall not be read so as to eliminate any part of the Request for Admission, but whenever applicable it shall have and include the same meaning as the word "and". For example, a Request for Admission stating "support or refer" should also be read as "support and refer".

m.  These Requests for Admission are to be answered with reference to all information possessed by Defendant, your agents, representative, accountants, attorneys, investigators and employees. Defendant's response must include all information which Defendant or his agents and representatives may obtain by the exercise of due diligence, and must fairly respond to the substance of the Requests for Admission.

n.  If for any reason Defendant is unable to answer any particular Request for Admission, set forth all information Defendant has in response thereto and explain what efforts Defendant has made to obtain further information and why Defendant has not obtained the information.

///

o.     These Requests for Admissions are continuing and require supplemental answers.  Thus, in the event that new facts or information becomes available to Defendant with respect to any of the Requests for Admission, documents or interrogatories set forth below, Defendant is required to supplement his answer or response in a timely manner.

**WARNING**

_____

**IF DEFENDANT FAILS TO COMPLY WITH THE PROVISIONS FEDERAL RULES OF CIVIL PROCEDURE 36 AS INCORPORATED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 7036 WITH RESPECT TO THESE REQUESTS FOR ADMISSION, EACH OF THE MATTERS WHICH AN ADMISSION IS REQUESTED WILL BE DEEMED ADMITTED.  ADDITIONALLY, SANCTIONS MAY BE AWARDED AGAINST DEFENDANT FOR FAILURE TO RESPOND WITHIN THE PRESCRIBED TIME PERIOD.**

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that the following allegation in Paragraph 7 of the COMPLAINT is true and correct:

"The Debtor loaned/transferred $137,000 to Nicholas Silao.  The Debtor's federal income tax returns signed under penalty of perjury reflected the outstanding loan owed by Defendant to the Debtor's bankruptcy estate."

**REQUEST FOR ADMISSION NO. 2:**

Admit that the following allegation in Paragraph 8 of the COMPLAINT is true and correct:

"Under 11 U.S.C. §541(a), the commencement of a bankruptcy case creates an estate.  That estate is comprised of all legal or equitable interests of the debtor in property, wherever located and by whomever held.  An equitable owner exists when the beneficial interest in an asset is vested in an individual whom equity regards as the real owner, despite legal title being vested in another."

///

///

///

NSilao RFA 030719.wpd

**REQUEST FOR ADMISSION NO. 3:**

Admit that the following allegation in Paragraph 9 of the COMPLAINT is true and correct:

"Pursuant to 11 U.S.C. §542(b) of the Bankruptcy Code, the Court shall

order turnover the property of the estate based on the following:

> (b) Except as provided in subsection (c) or (d) of this section, an
> entity that owes a debt that is property of the estate and that is
> matured, payable on demand, or payable on order, shall pay such
> debt to, or on the order of, the trustee, except to the extent that such
> debt may be offset under section 553 of this title against a claim
> against the debtor."

**REQUEST FOR ADMISSION NO. 4:**

Admit that the following allegation in Paragraph 10 of the COMPLAINT is true and correct:

"Pursuant to the Debtor's tax returns, the Defendant owes the

Plaintiff/Trustee no less than $137,000, plus any and all costs of collection."

**REQUEST FOR ADMISSION NO. 5:**

Admit that the following allegation in Paragraph 11 of the COMPLAINT is true and correct:

"Plaintiff/Trustee is entitled to pre-judgment interest as provided under

applicable non-bankruptcy law."

**REQUEST FOR ADMISSION NO. 6:**

Admit that you have no defenses and/or counterclaims to the Plaintiff/Chapter 7 Trustee's

demand for $137,000.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you have no facts that disputes the Trustee's entitlement to the $137,000

demanded in the COMPLAINT.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you have no documents, notes or other writings that disputes the Trustee's

entitlement to the $137,000 demanded in the COMPLAINT.

///

///

///

NSilao RFA 030719.wpd

6

1  **REQUEST FOR ADMISSION NO. 9**:

2      Admit that you have no witnesses that dispute the Trustee's entitlement to the $137,000

3  demanded in the COMPLAINT.

4

5  **DATED: March 7, 2019**                    **POLIS & ASSOCIATES**
                                               **A PROFESSIONAL CORPORATION**
6

7

8                                    **By:___/s/ Thomas J. Polis**
                                          **Thomas J. Polis, Esq.**
                                          **Counsel for Plaintiff/Chapter 7 Trustee,**
9                                         **Karl T. Anderson**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California  92612-2433**

A true and correct copy of the foregoing document described **PLAINTIFF/CHAPTER 7 TRUSTEE'S REQUESTS FOR ADMISSION (SET NO. ONE) TO DEFENDANT NICHOLAS SILAO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On                    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐     Service information continued on attached page

**2.  SERVED BY U.S. MAIL:**
On **March 7, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Sanaz S. Bereliani, Bereliani Law Firm, 11400 W. Olympic Blvd., Suite 200, Los Angeles, CA 90064

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL,  FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on              , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 7, 2019 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT - 8

Thomas J. Polis, Esq. - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Counsel for Karl T. Anderson, Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | ) Case No. 6:17-bk-19336-SY |
| | ) |
| Pandora Hospice Care, Inc., | ) Chapter 7 |
| | ) |
| | ) Adv. Proc. No. 6:18-ap-01193-SY |
| Debtor. | ) |
| | ) |
| ———————————————— | ) **UNILATERAL PRE-TRIAL STIPULATION** |
| | ) |
| Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee, | ) |
| | ) |
| Plaintiff, | ) **Trial Date:** |
| | ) Date:  **August 22, 2019** |
| v. | ) Time:  **9:30 a.m.** |
| | ) Ctrm: **302, Third Floor** |
| Nicholas Silao, | )         **US Bankruptcy Court** |
| | )         **3420 Twelfth Street** |
| Defendant. | )         **Riverside, CA 92501** |
| ———————————————— | ) |

TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE;
THE OFFICE OF THE UNITED STATES TRUSTEE, RIVERSIDE DIVISION; AND OTHER
PARTIES ENTITLED TO NOTICE:

Plaintiff, Karl T. Anderson ("Plaintiff" or "Trustee") respectfully submits the following
*Unilateral Pre-Trial Order by Stipulation* in accordance with Rule 7016 of the Federal Rules of
Bankruptcy Procedure, Local Bankruptcy Rule 7016 ("Unilateral Pre-Trial Stipulation").

///

///

NSilaoPreTrialStip 080819 (2).wpd

1

**A.    THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF**

1.    All parties have appeared in this Adversary Proceeding and are subject to the jurisdiction of this Court for the purpose of determining a final resolution and judgment in this Adversary Proceeding.

2.    The Debtor's bankruptcy case was commenced with the filing of an involuntary petition under Chapter 7 on or about November 8, 2017.

3.    Plaintiff, Karl T. Anderson as Chapter 7 Trustee of the Debtor's bankruptcy estate has standing to prosecute this claim.

4.    The Debtor loaned/transferred $137,000 to Defendant, Nicholas Silao.  The Debtor's 2016 Federal Income Tax Returns signed under penalty of perjury reflected the outstanding loan owed by Defendant, Nicholas Silao to the Corporate Debtor. (Unresponded to Request for Admission No. 1).

5.    Pursuant to the Debtor's 2016 Federal Income Tax Returns, Defendant, Nicholas Silao owes the Plaintiff/Chapter 7 Trustee no less than $137,000, plus any and all costs of collection. (Unresponded to Request for Admission No. 4).

6.    Plaintiff/Chapter 7 Trustee is entitled to pre-judgment interest as provided under applicable non-bankruptcy law (Unresponded to Request for Admission No. 5).

7.    Defendant, Nicholas Silao has no defenses and/or counterclaims to Plaintiff/Chapter 7 Trustee's demand for $137,000. (Unresponded to Request for Admission No. 6).

8.    Defendant, Nicholas Silao has no facts that dispute Plaintiff/Chapter 7 Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 7).

9.    Defendant, Nicholas Silao has no documents, notes or other writings that disputes the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 8).

10.    Defendant, Nicholas Silao has no witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for

1  Admission No. 9).

2  **B.**    **PARTIES DISPUTED ISSUES FOR TRIAL**

3       Plaintiff:    None

4       Defendant:

5

6

7  **C.**    **THE RESPECTIVE PARTIES' BURDEN OF PROOF ARE AS GOVERNED BY LAW.**
   **THE FOLLOWING ISSUES OF FACT ARE IN DISPUTE AND REMAIN TO BE**
8  **LITIGATED**

9       Plaintiff:    None

10      Defendant:

11

12

13 **D.**    **THE RESPECTIVE PARTIES' BURDEN OF PROOF ARE AS GOVERNED BY LAW.**
   **THE FOLLOWING ISSUES OF LAW REMAIN TO BE LITIGATED**
14

15      Plaintiff:    Section 542(b) of the Bankruptcy Code provides. . .an entity that owes a

16                    debt that is property of the estate and that is matured. . .shall pay such

17                    debt to, or on order of the trustee. . .

18      Defendant:

19

20

21

22 **E.**    **LIST OF EXHIBITS**

23       The following is a joint list of exhibits prepared by the undersigned counsel intended

24 to be offered at the trial by each party, other than exhibits used for impeachment.  The

25 Parties have exchanged copies of all exhibits.

26      Plaintiff:    Corporate Debtor's Federal Income Tax Return for year 2016.

27      Defendant:

28

NSilaoPreTrialStip 080819 (2).wpd

**F.      LIST OF WITNESSES**

The Parties intend to call the following witnesses at the Trial to testify regarding facts relevant to the remaining triable issues in this matter (the Parties reserve the right to call witnesses not specifically listed for purposes of impeachment, rebuttal or other purpose as the Court permits):

**Plaintiff Karl T. Anderson**

Karl T. Anderson, Plaintiff Chapter 7 Trustee

**Defendant Nicholas Silao**

**G.      OTHER MATTERS THAT MIGHT AFFECT THE TRIAL SUCH AS ANTICIPATED MOTION IN LIMINE MOTIONS TO WITHDRAW THE REFERENCE DUE TO TIMELY JURY TRIAL DEMAND PURSUANT TO THE LOCAL BANKRUPTCY RULES, OR OTHER PRE-TRIAL MOTIONS**

Plaintiff:      None

Defendant:

**H.      THE PARTIES HAVE COMPLETED WRITTEN DISCOVERY**

**I.      THE PARTIES ARE READY FOR TRIAL**

**J.      THE ESTIMATED LENGTH OF TRIAL AS ESTIMATED**

Plaintiff:      4 hours

Defendant:

NSilaoPreTrialStip 080819 (2).wpd

4

K.    **THE FOREGOING ADMISSIONS HAVE BEEN MADE BY THE PARTIES, AND THE PARTIES HAVE SPECIFIED THE FOREGOING ISSUES OF FACT AND LAW REMAINING TO BE LITIGATED. THEREFORE THIS ORDER SUPERCEDES THE PLEADINGS AND GOVERNS THE CAUSE AND TRIAL, UNLESS MODIFIED TO PREVENT MANIFEST INJUSTICE**

**Respectfully submitted as to contents and form by:**


**DATED: August 8, 2019**                         **POLIS & ASSOCIATES, APLC**


                                        By:      **/s/ Thomas J. Polis**
                                                 **Thomas J. Polis, Esq.**
                                                 **Counsel for Karl T. Anderson,**
                                                 **Chapter 7 Trustee**


**DATED: _____, 2019**

                                        By:      _____
                                                 **Nicholas Silao, In Pro Per**

NSilaoPreTrialStip 080819 (2).wpd

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19800 MacArthur Boulevard, Suite 1000
Irvine, California  92612-2433**

A true and correct copy of the foregoing document described **UNILATERAL PRE-TRIAL STIPULATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 8, 2019** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Office of the United States Trustee - ustpregion16.sa.ecf@usdoj.gov
- Karl T. Anderson - edansie@hotmail.com

☐  Service information continued on attached page

**2.  SERVED BY U.S. MAIL:**
On **August 8, 2019** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- United States Bankruptcy Court, Central District of California, Honorable Scott Yun, 3420 Twelfth Street, Suite 345, Riverside, CA 92501
- Nicholas Silao, 24 Central Park South, New York, NY 10019

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 8/8/2019 | Cristina L.  Allen | /s/ Cristina L. Allen |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                               **F 9013-3.1.PROOF.SERVICE**

Thomas J. Polis, Esq. - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Counsel for Chapter 7 Trustee Karl T. Anderson.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re | Case No. 6:17-bk-19336-SY |
| Pandora Hospice Care, Inc., | Chapter 7 |
| Debtor. | Adv.Proc. No. 6:18-ap-01193-SY |
| Karl T. Anderson, Chapter 7 Trustee, exclusively in his capacity as Chapter 7 Trustee, | DECLARATION OF THOMAS J. POLIS RE: UNILATERAL PRE-TRIAL STIPULATION |
| Plaintiff, | **Trial Date:** |
| vs. | Date: August 22, 2019<br>Time: 9:30 a.m. |
| Nicholas Silao, | Ctrm: 302, Third Floor<br>US Bankruptcy Court |
| Defendants. | 3420 Twelfth Street<br>Riverside, CA 92501 |

TO THE HONORABLE SCOTT H. YUN, U.S. BANKRUPTCY JUDGE; DEFENDANT NICHOLAS SILAO; AND OTHER PARTIES ENTITLED TO NOTICE:

**DECLARATION OF THOMAS J. POLIS**

I, Thomas J. Polis, declare as follows:

1.    I am an attorney licensed to practice law in all courts in the State of California, including but without limitation, the United States Bankruptcy Court for the Central District of California. I am a principal of Polis & Associates, a Professional Law Corporation ("Polis &

TJPDec_NSilao 080819 (2).wpd                    1

Associates"), whose principal place of business is located at 19800 MacArthur Boulevard, Suite 1000, Irvine, California 92612. I make this Declaration in support of Plaintiff, Chapter 7 Trustee's *Unilateral Pre-Trial Stipulation*. If compelled to do so, I would be able to competently testify under the penalty of perjury of the laws of the United States to all the factual statements herein.

2.      On or about October 2, 2018, Plaintiff, Karl T. Anderson, Chapter 7 Trustee commenced his Adversary Proceeding, *Karl T. Anderson v. Nicholas Silao*, Adv.Pro.No. 6:18-ap-01193-SY.

3.      On or about July 22, 2019, I called the telephone number listed on the adversary proceeding docket's cover page and left a message, nut no return call; or email was received by Defendant Nicholas Silao.

4.      On or about July 29, 2019, my office sent Defendant Nicholas Silao at the address listed on the adversary proceeding docket via Federal Express delivery the *Joint Pre-Trial Stipulation*.

5.      In my correspondence to Defendant Nicholas Silao I requested he return the completed Joint Pre-Trial Stipulation to my office no later than Monday, August 5, 2019. For his convenience I requested that he return the Joint Pre-Trial Stipulation via email or facsimile since time is of the essence.

6.      As of today's date, no response or completed Joint Pre-Trial Stipulation was received from the Defendant Nicholas Silao therefore I filed the Unilateral Pre-Trial Stipulation.

I declare under the penalty of perjury of the laws of the United States that all my factual statements herein are true and correct.

Executed on this 8th day of August, 2019.

/s/ Thomas J. Polis
Thomas J. Polis

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California 92612-2433**

A true and correct copy of the foregoing document described **DECLARATION OF THOMAS J. POLIS RE UNILATERAL PRE-TRIAL STIPULATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 8, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Office of the United States Trustee - ustpregion16.sa.ecf@usdoj.gov
Karl T. Anderson - edansie@hotmail.com, kanderson@ecrf.epiqsystems.com

☐ Service information continued on attached page

**2. SERVED BY U.S. MAIL:**
On **August 8, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- United States Bankruptcy Court, Central District of California, Honorable Scott Yun, 3420 Twelfth Street, Suite 345, Riverside, CA 92501
- Nicholas Silao, 24 Central Park South, New York, NY 10019

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on        , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/8/2019 | Cristina L. Allen | /s/ Cristina L. Allen |
|----------|-------------------|----------------------|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT - 9

2/23/2020    Case 6:18-ap-01193-SY   Doc 58   Filed 02/25/20   Entered 02/25/20 15:59:11   Desc
LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Fwd: Pandora Hospice v Nicholas Silao; Case #6:18-ap-01193-SY
Main Document     Page 109 of 161



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

## Fwd: Pandora Hospice v Nicholas Silao; Case #6:18-ap-01193-SY
4 messages



**Sanaz Sarah Bereliani** <sanaz@berelianilaw.com>
To: bcc@baruchcohenesq.com

Wed, Aug 7, 2019 at 2:17 PM

Not much - Nick went MIA on us shortly after the beginning and we just bought him time with the Tee's attorney...

---------- Forwarded message ----------
From: **Sanaz Sarah Bereliani** <sanaz@berelianilaw.com (mailto:sanaz@berelianilaw.com)>
Date: Wed, Aug 7, 2019 at 1:23 PM
Subject: Re: Pandora Hospice v Nicholas Silao; Case #6:18-ap-01193-SY
To: <nsilao@aol.com (mailto:nsilao@aol.com)>, Chris Ugarteche <chris@berelianilaw.com (mailto:chris@berelianilaw.com)>



Hi Nick

This is what I have for you

On Wed, Aug 7, 2019 at 10:19 AM <nsilao@aol.com (mailto:nsilao@aol.com)> wrote:

> Please send me my complete file so i can forward it to my current attorney
> Thank you
> Nicholas Silao
>
> On Monday, February 11, 2019 Sanaz Sarah Bereliani <sanaz@berelianilaw.com (mailto:sanaz@berelianilaw.com)> wrote:
>
> Hello Nicholas,
>
> Pursuant to our email communication, please find the attached document ready for your signature.
>
> I'd appreciate you signing and returning this to me within 24 hours for filing. This requires you to print, sign, scan/return. Please do not do an electronic signature, they require a wet ink signature. Also please scan, photographs do not count.
>
> By signing and returning this, you won't receive any additional invoices from our office for any communication or work to date from the Joint Status Conference to today, as a courtesy. However, be mindful that this case is still pending and you do need to either be in contact with the Trustee or to retain new counsel to proceed on your behalf if you wish to proceed. Unfortunately, with the lack of communication or further representation agreement, I am not able to proceed on your behalf.
>
> Thank you,
>
> --
> Sanaz Sarah Bereliani, Esq.
>
> Bereliani Law Firm, PC
> 11400 W. Olympic Blvd, Suite 200 (https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+%0D%0A+Los+Angeles,+CA+90064?entry=gmail&source=g)
>
> Los Angeles, CA 90064 (https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+%0D%0A+Los+Angeles,+CA+90064?entry=gmail&source=g)
>
> www.berelianilaw.com (http://www.berelianilaw.com)
>
> Office (310)914-0152
>
> Direct (818)920-8352
>
> Fax    (888)876-0896
>
> Selected in 2014-2018 as a Southern California Rising Stars Super Lawyer by Los Angeles Magazine
>
> © 2015 Super Lawyers® is a registered trademark of Thomson Reuters
> CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW
>
> [Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 270(a)]
>
> This message is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential or otherwise legally exempted from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this transmission in error, please notify us at (310)914-0152 or simply reply to this email.Thank you for your cooperation.

--
Sanaz Sarah Bereliani, Esq.

2/23/2020    Case 6:18-ap-01193-SY   Doc 58   Filed 02/25/20   Entered 02/25/20 15:59:11   Desc
LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Fwd: Pandora Hospice v Nicholas Silao, Case #6-18-ap-01193-SY
Main Document    Page 110 of 161

# B BERELIANI LAW FIRM

11400 W. Olympic Blvd, Suite 200 (https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+Los+Angeles,+CA+90064?entry=gmail&source=g)
Los Angeles, CA 90064 (https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+Los+Angeles,+CA+90064?entry=gmail&source=g)
www.berelianilaw.com (http://www.berelianilaw.com/)
**Office:** (310) 914-0152
**Direct:** (818) 920-8352
**Fax:** (888) 876-0896

*Selected in 2014-2018 as a Southern California Rising Stars Super Lawyer by Los Angeles Magazine*

images[4]

*© 2015 Super Lawyers® is a registered trademark of Thomson Reuters*

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW

[Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 270(a)]

This message is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential or otherwise legally exempted from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this transmission in error, please notify us at (310)914-0152 or simply reply to this email.Thank you for your cooperation.

--
Sanaz Sarah Bereliani, Esq.

# B BERELIANI LAW FIRM

11400 W. Olympic Blvd, Suite 200 (https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+Los+Angeles,+CA+90064?entry=gmail&source=g)
Los Angeles, CA 90064 (https://www.google.com/maps/search/11400+W.+Olympic+Blvd,+Suite+200+Los+Angeles,+CA+90064?entry=gmail&source=g)
www.berelianilaw.com (http://www.berelianilaw.com/)
**Office:** (310) 914-0152
**Direct:** (818) 920-8352
**Fax:** (888) 876-0896

*Selected in 2014-2018 as a Southern California Rising Stars Super Lawyer by Los Angeles Magazine*

images[4]

*© 2015 Super Lawyers® is a registered trademark of Thomson Reuters*

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW

[Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 270(a)]

This message is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential or otherwise legally exempted from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this transmission in error, please notify us at (310)914-0152 or simply reply to this email.Thank you for your cooperation.

**14 attachments**

**Super Lawyers** RISING STARS

image007.jpg
4K

(?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.13&disp=inline&realattid=16c6df188aca175ef1&safe=1&zw)

**Super Lawyers** RISING STARS

image007.jpg
4K

(?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.14&disp=inline&realattid&safe=1&zw)

(?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.1&disp=attd&realattid=f_jz1p9gmr0&safe=1&zw)   **Notice of Lodgment_Nicholas.pdf**
183K

(?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.2&disp=attd&realattid=f_jz1p9gn11&safe=1&zw)   **Receipt for Upload of Order on Mtn to Withdraw_Nick Silao.pdf**
85K

(?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.3&disp=attd&realattid=f_jz1p9gn34&safe=1&zw)   **JSR_NS.pdf**
255K

(?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.4&disp=attd&realattid=f_jz1p9gn23&safe=1&zw)   **Scheduling Order Nicolas Silao.pdf**
444K

(?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.5&disp=attd&realattid=f_jz1p9gn22&safe=1&zw)   **Substitution of Attorney_Nicholas Silao.pdf**
913K

📄 (?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.6&disp=attd&realattid=f_jz1p9gn46&safe=1&zw)

**Answer NS.pdf**
254K

📄 (?
ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.7&disp=attd&realattid=f_jz1p9gn35&safe=1&zw)

**Bereliani Law Mail - Pmt for JSR and SC Hearing this week.pdf**
167K

📄 (?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.8&disp=attd&realattid=f_jz1p9gn69&safe=1&zw)

**Conflict of Interest Waiver signed by NSilao.pdf**
612K

📄 (?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.9&disp=attd&realattid=f_jz1p9gn57&safe=1&zw)

**Conflict of Interest Waiver SIGNED by all.pdf**
198K

📄 (?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.10&disp=attd&realattid=f_jz1p9gn58&safe=1&zw)

**Answer to Complaint.pdf**
636K

📄 (?
ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.11&disp=attd&realattid=f_jz1p9gn610&safe=1&zw)

**Limited Representation for Answer signed by NSilao.pdf**
917K

📄 (?ui=2&ik=3b6bf1d349&view=att&th=16c6df27a741cc2c&attid=0.12&disp=attd&realattid=f_jz1p9gn711&safe=1&zw)

**Filed Complaint_NSilao.pdf**
331K

---

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>
Reply-To: bcc@baruchcohenesq.com
To: Sanaz Sarah Bereliani <sanaz@berelianilaw.com>
Cc: BARUCH COHEN <bcc@baruchcohenesq.com>
Bcc: nsilao <nsilao@aol.com>

Thu, Aug 8, 2019 at 6:53 AM

Counsel:

- Thx for the prompt reply.
- Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it.
- Was any discovery done in this adversary? If so, please send them.

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.BaruchCohenEsq.com)
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*

(http://attorneysdefendingisrael.blogspot.com/) American Trial Attorneys in Defense of Israel

in (https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)
(https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*
This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

(https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

Sender notified by
Mailtrack (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

[Quoted text hidden]

---

**Sanaz Sarah Bereliani, Esq** <sanaz@berelianilaw.com>
To: bcc@baruchcohenesq.com

Thu, Aug 8, 2019 at 8:16 AM

Per my previous email, there was no communication by your client so no nothing further was done. They retained me on a limited scope and were not in touch after with further instruction or guidance.

I recommend calling Trustees counsel regarding case status, I'm surprised they haven't filed anything else yet. Nick got lucky.

Sent from my iPhone
[Quoted text hidden]

---

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>
Reply-To: bcc@baruchcohenesq.com
To: nsilao <nsilao@aol.com>

Thu, Aug 8, 2019 at 8:27 AM

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
**_Notice of Ex Parte Hearings Will Not Be Accepted by Email_**

(http://attorneysdefendingisrael.blogspot.com/)      American Trial Attorneys in Defense of Israel

(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)            (https://twitter.com/CohenBaruch) | (https://www.facebook.com/baruch.cohen.37) |

**Super Lawyers**

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

[Quoted text hidden]

(https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

Sender notified by
Mailtrack (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

# EXHIBIT - 10



**BARUCH COHEN <baruchcohen@baruchcohenesq.com>**

## Fwd: Pandora Hospice v Nicholas Silao; Case #6:18-ap-01193-SY

**Sanaz Sarah Bereliani, Esq** <sanaz@berelianilaw.com>                           Thu, Aug 8, 2019 at 8:16 AM
To: bcc@baruchcohenesq.com

Per my previous email, there was no communication by your client so no nothing further was done. They retained me on a limited scope and were not in touch after with further instruction or guidance.

I recommend calling Trustees counsel regarding case status, I'm surprised they haven't filed anything else yet. Nick got lucky.

Sent from my iPhone
[Quoted text hidden]

# EXHIBIT - 11

Sanaz:

- On 8-7-2019 at 10:42am, Nick wrote you and demanded his file from you pursuant to the California Rule of Professional Responsibility 4-100(B)4. As provides: the attorney must promptly pay or deliver, as requested by the client, any funds, securities, *or other properties in the possession of the attorney and entitled to receive.*
- On 8-7-2019, at 2:18pm, you wrote back: "*Not much* - Nick went MIA on us shortly after the beginning and we just bought him time with the Tee's at following 12 documents: (1) The Complaint; (2) Your Retainer Agreement; (3) A Waiver of Conflict of Interest for a Joint Representation signed by Ni Conflict of Interest for a Joint Representation signed by Ray Silao; (5) A Paypal receipt of Nick"s payment to you; (6) the Answer to the Complaint; (7 to the Complaint; (8) the filed JSR; (9) the filed Scheduling Order, (10) a blank form Substitution of Attorney; (11) the Order Granting your Motion to V receipt of her Order Granting her Motion to Withdraw."
- On 8-8-2019, at 6:53am, I wrote you: "Thx for the prompt reply. *Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures*? If so, please send it *in this adversary*? If so, please send them."
- On 8-8-20189 at 8:216am, you responded: "Per my previous email, there was no communication by your client *so no nothing further was done.* Th scope and were not in touch after with further instruction or guidance. I recommend calling Trustees counsel regarding case status, I'm surprised the yet. Nick got lucky."
- On 8-9-2019 at 6:34am, I wrote you informing you that Plaintiff's Unilateral Pretrial stated that he indeed propounded discovery Request for Admissio Defendant, that Nick did not respond to, and that they are now deemed admitted. I asked you why wasn't I given copies of this discovery?
- On 8-9-2019 at 12:17pm, you responded: "Ps I'll speak to my office regarding receipts of anything on their end but please note we were retained spe joint status report and conference. *We had no further involvement or guidance.* Lastly, I appreciate your professionalism going forward."
- Today, 9-11-2019 at 4:42 pm, Plaintiff's counsel sent me the enclosed RFA that was served on your office on *3-7-2019* at your address "Sanaz S. Be 11400 W. Olympic Blvd., Suite 200, Los Angeles, CA 90064 (https://www.google.com/maps/search/11400+W.+Olympic+Blvd.,+Suite+200,+Los+Ange entry=gmail&source=g). On 3-15-2019, you moved to withdraw as counsel to Nick. So you must have had the 3-7-2019 RFA's in your file before you 2019. Yet, you did not produce it to me in violation of Rule 4-100(b)(4). I am very concerned that you've had this RFA in your file and did not produce demanded it.
- So I will ask you again: *Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures*? If so, please send it. *Was any discovery done in this adv* them.
- I am very concerned that now the RFA's are deemed admitted, and Nick will now have to spend money to file a Motion to have the Deemed Admissic should not have to do, had you forwarded to him the RFA's when you received it on 3-7-2019.
- Please advise immediately.

BCC

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?e
Los Angeles, CA 90010 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail
Office (323 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g))
9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*

American Trial Attorneys in Defense of Israel
(http://attorneysdefendingisrael.blogspot.com/)
(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)
(https://twitter.com/CohenBaruch)  (https://www.facebook.com/baruch.cohen.37)

*Super Lawyers*

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers*® *is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may co confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received thi us immediately by e-mail and destroy this communication.

On Fri, Aug 9, 2019 at 12:17 PM Sanaz Sarah Bereliani, Esq <sanaz@berelianilaw.com (mailto:sanaz@berelianilaw.com)> wrote:

LAW OFFICES OF BARUCH C. COHEN, APLC Mail - Fwd: 6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao Pre Trial Stipulation - ...

Ps I'll speak to my office regarding receipts of anything on their end but please note we were retained specifically for an answer and joint status report and further involvement or guidance.

Lastly, I appreciate your professionalism going forward.

Sanaz Sarah Bereliani, Esq

On Aug 9, 2019, at 7:43 AM, Baruch Cohen <baruchcohen@baruchcohenesq.com (mailto:baruchcohen@baruchcohenesq.com)> wrote:

# EXHIBIT - 12



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

### Re: 6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao - SUBSTITUTION OF ATTORNEY; DECLARATION OF BARUCH COHEN PURSUANT TO LBR 7016-1(E)(2); DEFENDANT'S UNILATERAL PRE-TRIAL REPORT
1 message

Baruch Cohen <baruchcohen@baruchcohenesq.com>
Reply-To: bcc@baruchcohenesq.com
To: Tom Polis <tom@polis-law.com>
Cc: BARUCH COHEN <bcc@baruchcohenesq.com>, nsilao <nsilao@aol.com>

Mon, Aug 12, 2019 at 10:48 AM

Counsel:

Enclosed please find:

- **SUBSTITUTION OF ATTORNEY**
- **DECLARATION OF BARUCH COHEN PURSUANT TO LBR 7016-1(E)(2)**
- **DEFENDANT'S UNILATERAL PRE-TRIAL REPORT**

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*

(http://attorneysdefendingisrael.blogspot.com/) American Trial Attorneys in Defense of Israel
(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/) |(https://twitter.com/CohenBaruch) |(https://www.facebook.com/baruch.cohen.37)

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

On Sun, Aug 11, 2019 at 3:47 PM Tom Polis <tom@polis-law.com (mailto:tom@polis-law.com)> wrote:

LAW OFFICE OF BARUCH C. COHEN APLC Mail - Re: 6:18-3p-01193-SY Anderson, Chapter 7 Trustee v. Silao - SUBSTITUTION OF ...

Thanks for your email. Please know I will not litigate this matter via email, thus if you believe your client is entitled to relief from the Court, please file a properly noticed motion pursuant to the Local Bankruptcy Rules. Consequently, at this point we are proceeding in the ordinary course pursuant to the Court's presently set scheduling order. Finally, if you intend to proceed with any type of judicial relief, please note I'll be traveling to and from Shanghai China for my son's college freshman activities between the afternoon of August 22 and returning to the OC on or about August 29, 2019, thus we will object to any relief that requires my office to take action during that time period. Thank you.

On Fri, Aug 9, 2019 at 11:22 AM Baruch Cohen <baruchcohen@baruchcohenesq.com (mailto:baruchcohen@baruchcohenesq.com)> wrote:

Law Office of
Baruch C. Cohen, Esq.
A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940?entry=gmail&source=g) Telephone: (323) 937-4501
Los Angeles, California 90010-3823 Facsimile: (888) 316-6107

August 9, 2019

*Via Email: tom@polis-law.com (mailto:tom@polis-law.com) & Fax : 949-862-0041*

Thomas J Polis, Esq.
Polis & Associates, APLC
19800 MacArthur Blvd., Ste 1000 (https://www.google.com/maps/search/19800+MacArthur+Blvd.,+Ste+1000++Irvine,+CA+92612?entry=gmail&source=g)
Irvine, CA 92612 (https://www.google.com/maps/search/19800+MacArthur+Blvd.,+Ste+1000++Irvine,+CA+92612?entry=gmail&source=g)-2433

Re: 6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao - Meet & Confer Re: Plaintiff's Unilateral Pre Trial Stipulation

Dear Mr. Polis:

Last night I was retained by Defendant Nick Silao in response to the above-referenced matter. I am awaiting my client's signed Substitution of Attorney which I will be filing shortly.

I am writing you to meet & confer regarding your Unilateral Pre Trial [Doc-23] and your Declaration [Doc-24] in advance of the upcoming Pre Trial hearing of 8-22-2019.

Before being retained, I specifically inquired of Ms. Bereliani and Defendant whether they received any discovery from you in this adversary, whether they received a proposed Joint Pre-Trial from you, & whether they received any FRCP 26 Initial Disclosures from you. While Ms. Bereliani withdrew from the case in 4-16-2019, I still inquired of her too, just in case. Both Ms. Bereliani & Defendant informed me that they did not receive any of the aforementioned from you. On that basis, I took the case.

I was prepared to file a declaration pursuant to LBR 7016-1(E)(2), when I checked PACER and discovered your Unilateral Pre Trial and Declaration filings of 8-8-2019, and I was surprised, to see that you indeed propounded discovery to Defendant - Request for Admissions ("RFA's") and that he did not respond, and you are deeming the following admissions, admitted:

RFA # 4. The Debtor loaned/transferred $137,000 to Defendant, Nicholas Silao. The Debtor's 2016 Federal Income Tax Returns signed under penalty of perjury reflected the outstanding loan owed by Defendant, Nicholas Silao to the Corporate Debtor. (Unresponded to Request for Admission No. 1).

RFA # 5. Pursuant to the Debtor's 2016 Federal Income Tax Returns, Defendant, Nicholas Silao owes the Plaintiff/Chapter 7 Trustee no less than $137,000, plus any and all costs of collection. (Unresponded to Request for Admission No. 4.)

RFA # 6. Plaintiff/Chapter 7 Trustee is entitled to pre-judgment interest as provided under applicable non-bankruptcy law (Unresponded to Request for Admission No. 5).

RFA # 7. Defendant, Nicholas Silao has no defenses and/or counterclaims to Plaintiff/Chapter 7 Trustee's demand for $137,000. (Unresponded to Request for Admission No. 6.)

RFA # 8. Defendant, Nicholas Silao has no facts that dispute Plaintiff/Chapter 7 Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 7.)

RFA # 9. Defendant, Nicholas Silao has no documents, notes or other writings that disputes the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 8.)

RFA # 10. Defendant, Nicholas Silao has no witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. (Unresponded to Request for Admission No. 9)

## 1. Defendant's Request to See Plaintiff's F.R.C.P. 26 Initial Disclosures

First, did you meet & confer and serve the Defendant, Plaintiff's F.R.C.P. 26 Initial Disclosures? If so, please send me a copy. As I'm sure you know, F.R.C.P. 26(d)(1) prohibits discovery before the parties have met & conferred as required by F.R.C.P. 26(f). So please advise as to your compliance with your F.R.C.P. 26 Disclosures.

As I'm sure you know, F.R.C.P. § 26(a)(1)(c) provides Time for Initial Disclosures—In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure. In Plaintiff's 1-2-2019 Status Conference Report [Doc-5], Plaintiff pledged to meet and confer by 1-17-2019. Plaintiff's Initial Disclosures were due by 1-31-2019. Did you meet & confer before or after the 1-17-2019 date?

## 2. Defendant's Request to See Plaintiff's Discovery

Second, my client informed me that he does not recall receiving any discovery from you, let alone RFA's. Was your discovery propounded before or after the 6-28-2019 Discovery Cutoff date? Please provide me with copies of the propounded discovery so that I can respond to them, and I ask that we stipulate to withdraw the deemed status and allow Defendant to respond to them.

## 3. Defendant Has Evidence to Dispute Plaintiff's Claim for $137,000.00

Third, and for the record, the evidence provided to me by the Defendant yesterday reveals the following:

RFA # 4. The Debtor did not lend $137,000 to Defendant. The facts will reveal just the opposite: My client lent Pandora $442, 00.00.

RFA # 5. Defendant does not owe the Plaintiff $137,000 (plus any and all costs of collection).

RFA # 6. Plaintiff is not entitled to pre-judgment interest as provided under applicable non-bankruptcy law.

RFA # 7. Defendant, Nicholas Silao has defenses to Plaintiff's demand for $137,000, as raised in Defendant's Answer [Doc-4]. Again, the Debtor did not lend $137,000 to Defendant. The facts will reveal just the opposite: My client lent Pandora $442, 00.00.

RFA # 8. Defendant has facts that dispute Plaintiff's entitlement to $137,000 demanded in the Trustee's Complaint.

RFA # 9. Defendant has documents, notes or other writings that dispute the Plaintiff's entitlement to $137,000 demanded in the Trustee's Complaint. I am producing these documents to you now, sight unseen, without the Plaintiff having to formally demand them from Defendants to substantiate Defendant's claim that he has exhibits to support his defense:

Pandora's loan report to the Silao brothers reflect that during the period of 12-16-2013 - 5-20-2015, that Defendant lent Pandora approximately $442, 00.00 (and that his brothers Michael Silao lent Pandora $70,000.00, Sam Silao lent Pandora $6,000.00, & Ray Silao lent Pandora $143,911.37, totaling $662,411.37);

The last page of Pandora's 2014 tax return (FYE 12-31-2014) Form 1120, Page 5, Schedule L, Line 19, entitled: "Loans from Shareholders" showing that my client was owed $389,750.00 by Pandora for that year ("Loan Payable N Silao");

The last page of Pandora's 2015 tax return (FYE 12-31-2015) Form 1120, Page 5, Schedule L, Line 19, entitled: "Loans from Shareholders" showing that my client was owed between  $389,750.00 - $297,250.00 by Pandora for that year ("Loan Payable N Silao");
Pandora's Balance Sheet as of 12-31-2015, under the section entitled: "Liabilities & Equity" reflecting "Loan/Financing Payable N. Silao $297,250.00;

The last page of Pandora's 2016 tax return (FYE 12-31-2016) Form 1120, Page 5, Schedule L, Line 19, entitled: "Loans from Shareholders" showing that my client was owed between $297,250.00 - $295,250.00 by Pandora for that year ("Loan Payable N Silao");

Pandora's (9) checks to my client that contain the notation: "Reimbursement - Loan:"

(1) Pandora's 7-31-2015 check # 9001 to Defendant for $25,000.00;

(2) Pandora's 9-4-2015 check # 9002 to Defendant for $25,000.00 contains the notation: "Loan Repayment;"

(3) Pandora's 9-15-2015 check # 1112 to Defendant for $2,500.00 contains the notation: "Reimbursement - Loan;"

(4) Pandora's 10-9-2015 check # 9003 to Defendant for $25,000.00 contains the notation: "Loan Repayment;"

(5) Pandora's 10-15-2015 check # 1130 to Defendant for $2,500.00 contains the notation: "Reimbursement;"

(6) Pandora's 11-1-2015 check # 1131 to Defendant for $2,500.00 contains the notation: "Reimbursement;"

(7) Pandora's 11-2-2015 check # 0005 to Defendant for $25,000.00 contains the notation: "Loan Repayment;"

(8) Pandora's 12-1-2015 check # 1132 to Defendant for $2,500.00 contains the notation: "Reimbursement;"

(9) Pandora's 12-2-2015 check # 8655 to Defendant for $25,000.00 contains the notation: "Loan Repayment."

RFA # 10. Defendant has witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint: (1) Defendant; (2) the other Silao brothers; & (3) Pandora's CPA Rufino Reyes Magpayo.

**4. Defendant's Request for Clarification Regarding Plaintiff's Efforts to Meet & Confer with Defendant Regarding the Joint Pre-Trial Report**

Fourth, your Declaration in support of the Unilateral Pre Trial states that

"On or about July 22, 2019, I called the telephone number listed on the adversary proceeding docket's cover page and left a message, nut no return call; or email was received by Defendant Nicholas Silao."

My client informed me that he does not recall receiving any such telephone call from you.

Further, as I'm sure you know, LBR 7016-1(b)(1)© provides that unless otherwise ordered by the court, all parties and/or attorneys for the parties must meet and confer at least 28 days before the date set for pretrial conference (if one is ordered) or trial, for the purpose of preparing the pretrial stipulation. The pretrial hearing is 8-22-2019, and the 28-day meet & confer deadline was 7-5-2019, meaning that your attempted meet & confer of 7-22-2019 was not timely.

The Order Granting Bereliani's Motion to Withdraw as Counsel of Record [Doc-16] correctly states my client's telephone and email:

"As requested by plaintiff's counsel, and ordered by the court, plaintiff's counsel may contact the defendant in this case by the following contact information in Attorney Bereliani's possession: a. Phone: 917-597-0082 b. Email: nsilao@aol.com (mailto:nsilao@aol.com) c. Address: 340S Farrell Drive, Ste A210, Palm Springs, CA 92262 (https://www.google.com/maps/search/340S+Farrell+Drive,+Ste+A210,+Palm+Springs,+CA+92262?entry=gmail&source=g)."

Your declaration does not state whether you emailed my client the JPS to his correct email (nsilao@aol.com (mailto:nsilao@aol.com)), but if you did, please send me the email. If you did not, please explain why you didn't email him?

The mailing address, however, is incorrect, as my client has no such Palm Springs address. I am at a loss, as to why Bereliani would provide the Court with an incorrect address, which contradicts the Defendant's correct address found on the PACER docket: 24 Central Park South, New York, NY 10019 (https://www.google.com/maps/search/24+Central+Park+South,+New+York,+NY+10019?entry=gmail&source=g).

Your Declaration in support of the Unilateral Pre Trial further states:

"On or about July 29, 2019, my office sent Defendant Nicholas Silao at the address listed on the adversary proceeding docket via Federal Express delivery the Joint PreTrial Stipulation."

My client informed me that he does not recall receiving any such Joint Pre Trial Stipulation. Please provide me with your 7-29-2019 letter, the FEDEX slip, and the proposed JPS of 7-29-2019.

**5. Defendant's Recommendation**

Fifth, I believe the practical thing to do at this point in time, is to push "reset" on this case: (1) so that you can provide me with all of the above-requested documents; (2) to stipulate to withdraw the deemed admissions; (3) to allow Defendant to respond to Plaintiff's discovery; (4) to allow Defendant to participate meaningfully to the Joint Pre Trial report; & (5) to stipulate to continue the pre-trial to a mutually agreeable date. I believe that the Court would prefer to try the case on the merits rather than granting the Plaintiff defaults against an in pro per defendant based on the above.

I would even be so bold as to suggest that since Plaintiff's case appears to be solely predicated on a 2016 tax return, that upon Plaintiff verifying the Defendant's evidence, that the Plaintiff consider dismissing this adversary complaint.

6. Defendant's Counsel's Unavailability

Lastly, for scheduling purposes, please be advised of my unavailability on the following Jewish holidays and personal days:

September 30, 2019 - October 1, 2019 - Rosh Hashana
October 9, 2019 - Yom Kippur
October 14 - 15, 2019 - Sukkot
October 21, 2019 - Shmini Atzeres
October 22, 2019 - Simchas Torah
February 26, 2020 - My daughter Hindy's 16th Yahrtzeit
March 10, 2020 - Purim
April 9 - 10, 2020 - 1st days of Passover
April 15 - 16, 2020 - 2nd days of Passover
May 29 - 30, 2020 - Shavuous

July 30, 2020 - Tisha B'Av - (fast day)

Thank you in advance for your anticipated cooperation and professional courtesies.

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,
Baruch Cohen
BARUCH C. COHEN
cc: Nicholas Silao
Enclosures
C:\DATA\DOCS\SILAO\OPC-1 - MEET & CONFER RE PLAINTIFF'S UNILATERAL PRE TRIAL STIPULATION.wpd
8/9-10:55am

---------------------------------

### Fax Transmission Results

Here are the results of the 36-page fax you sent from your phone number **(888) 316-6107**:

| Name | Phone Number | Date and Time | Result |
|---|---|---|---|
| THOMAS POLIS | +1 (949) 8620041 | Friday, August 09, 2019 at 11:19 AM | Sent |

*Your fax(es) included the following file(s), which were rendered into fax format for transmission:*

| File Name | Result |
|---|---|
| SILAO - MEET & CONFER RE PLAINTIFF'S UNILATERAL PRE TRIAL STIPULATION.pdf | Success |

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g)
Los Angeles, CA 90010 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g)
Office (323 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g)) 937-4501 |
Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
**Notice of Ex Parte Hearings Will Not Be Accepted by Email**
(http://attorneysdefendingisrael.blogspot.com/) American Trial Attorneys in Defense of Israel

(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)    (https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)

**Super Lawyers**

*2013, 2015, 2016, 2017, 2018 & 2019 Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

Sender notified by
Mailtrack (https://mailtrack.io?
(https://mailtrack.io?    utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

--

Thomas J. Polis, Esq.
Polis & Associates, APLC
19800 MacArthur Boulevard, Suite 1000
Irvine, California  92612-2433
Telephone:  (949) 862-0040
Facsimile:  (949) 862-0041
Email:  tom@polis-law.com (mailto:tom@polis-law.com)

This e-mail transmission and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged.  If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited.  If you have received this transmission in error, please immediately notify us by reply e-mail by forwarding the message to tom@polis-law.com (mailto:tom@polis-law.com) or by telephone at (949) 862-0040 and destroy the original transmission and its attachments without reading or saving them in any manner.  Thank you.

Sender notified by
Mailtrack (https://mailtrack.io?
(https://mailtrack.io?    utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

**3 attachments**

Law Office of BARUCH C. COHEN, APLC Mail - Re: 6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao - SUBSTITUTION OF ...

📄 (?
ui=2&ik=3b6bf1d349&view=att&th=16c86f211ac4d61c&attid=0.1&disp=attd&realattid=f_jz8ourix0&safe=1&zw)
**2019-08-12_Silao_FILED_BCC LBR 7016-1(e)(2)
Declaration.pdf**
1458K

📄 (?
ui=2&ik=3b6bf1d349&view=att&th=16c86f211ac4d61c&attid=0.2&disp=attd&realattid=f_jz8ov04m1&safe=1&zw)
**2019-08-12_Silao_FILED_
DefendantsUnilateralPreTrialReport.pdf**
403K

📄 (?ui=2&ik=3b6bf1d349&view=att&th=16c86f211ac4d61c&attid=0.3&disp=attd&realattid=f_jz8ov4mu2&safe=1&zw)
**2019-08-12_Silao_FILED_SubAtty.pdf**
444K

# EXHIBIT - 13

2/23/2020    Case 6:18-ap-01193-SY    Doc 58    Filed 02/25/20    Entered 02/25/20 15:59:11    Desc
LAW OFFICE OF BARUCH C. COHEN, APLC Mail - 6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao - Meet & Confer Re: Propo…
Main Document      Page 126 of 161



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

---

**6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao - Meet & Confer Re: Proposed Joint Pre Trial Stipulation; Proposed Motion in Limine, & Proposed Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. § 36(b)**
1 message

---

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>
Reply-To: bcc@baruchcohenesq.com
To: Tom Polis <tom@polis-law.com>
Bcc: nsilao <nsilao@aol.com>

Wed, Sep 4, 2019 at 6:07 PM

Law Office of
Baruch C. Cohen, Esq.
A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940 Telephone: (323) 937-4501
Los Angeles, California 90010-3823 Facsimile: (888) 316-6107

September 4, 2019

Via Email: tom@polis-law.com (mailto:tom@polis-law.com) & Fax : 949-862-0041

Thomas J Polis, Esq.
Polis & Associates, APLC
19800 MacArthur Blvd., Ste 1000
Irvine, CA 92612-2433

Re: 6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao - Meet & Confer Re: Proposed Joint Pre Trial Stipulation; Proposed Motion in Limine, & Proposed Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. § 36(b)

Dear Mr. Polis:

I am writing to meet & confer regarding: (1) the proposed Joint Pre Trial Stipulation; (2) the proposed Motion in Limine, & (3) the proposed Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. § 36(b).

As I wrote you on 8-9-2019, I'm running blind here, because I do not have: (1) Plaintiff's F.R.C.P. 26 Initial Disclosures; & (2) Plaintiff's written discovery including Plaintiff's Request for Admissions ("RFA's"). Both Ms. Bereliani and my client informed me that they do not have copies of them. Accordingly, please provide them to me. If I do not receive them from you, I will have no choice but to file the proposed motions.

As I indicated in Defendant's 8-12-2019 Unilateral Pre-Trial Report [Doc-28], Defendant intends to file a Motion in Limine to exclude Plaintiff's evidence at trial, based on Plaintiff's failures to comply with FRCP 26. Your cooperation in providing me with the requested documents will impact greatly on whether I will file the Motion in Limine or not.

I also indicated that Defendant intends to file a Motion to Withdraw the Deemed Admissions pursuant to F.R.C.P. § 36(b), based on my client's representation that he never received Plaintiff's (alleged) Request for Admissions. Please advise if Plaintiff will stipulate to withdraw the deemed admissions and I will gladly prepare the stipulation and order. To expedite the process, enclosed please find Defendant's Verified Response to Request for Admissions that is based on Plaintiff's Unilateral PreTrial Report that identified the six (6) Requests for Admission.

Thank you in advance for your anticipated cooperation and professional courtesies.

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,
Baruch Cohen
BARUCH C. COHEN
cc: Nicholas Silao
Enclosure
C:\DATA\DOCS\SILAO\OPC-2 - MEET & CONFER RE JOINT PRE TRIAL STIPULATION.wpd
9/4-5:59pm

---

*RingCentral*

Here are the results of the 8-page fax you sent from your phone number **(888) 316-6107**

| Name | Phone Number | Date and Time | Result |
|---|---|---|---|
| THOMAS POLIS | +1 (949) 8620041 | Wednesday, September 04, 2019 at 6:05 PM | Sent |

*Your fax(es) included the following file(s), which were rendered into fax format for transmission:*

| File Name | Result |
|---|---|
| OPC-2 - MEET & CONFER RE JOINT PRE TRIAL STIPULATION.PDF | Success |
| SILAO - VERIFIED RESPONSE TO RFA.pdf | Success |

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)

www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
**Notice of Ex Parte Hearings Will Not Be Accepted by Email**

(http://attorneysdefendingisrael.blogspot.com/)

American Trial Attorneys in Defense of Israel

(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)

(https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

(https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

Sender notified by
Mailtrack (https://mailtrack.io?
utm_source=gmail&utm_campaign=signaturevirality5&)

**2 attachments**

(?
ui=2&ik=3b6bf1d349&view=att&th=16cfef63d3e98fed&attid=0.1&disp=attd&realattid=f_k05zizvs0&safe=1&zw)

OPC-2 - MEET & CONFER RE JOINT PRE TRIAL
STIPULATION.PDF
346K

(?ui=2&ik=3b6bf1d349&view=att&th=16cfef63d3e98fed&attid=0.2&disp=attd&realattid=f_k05zizwf1&safe=1&zw)

SILAO - VERIFIED RESPONSE TO RFA.pdf
1047K

1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2       A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501        Fax (888) 316-6107
4  e-mail: baruchcohen@baruchcohenesq.com

5  *Attorney For Defendant Nicholas Silao*

6

7               UNITED STATES BANKRUPTCY COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                    RIVERSIDE DIVISION

10

11  In re                              Case No. 6:17-bk-19336-SY
                                       Adv. 6:18-ap-01193-SY
12  PANDORA HOSPICE CARE, INC.         Before the Honorable Scott H. Yun

13        Debtor                       Chapter 7

14  ─────────────────────────          **DEFENDANT'S VERIFIED RESPONSE TO**
    KARL T. ANDERSON, CHAPTER 7        **REQUEST FOR ADMISSIONS**
15  TRUSTEE

16           Plaintiff

17  vs.

18  NICHOLAS SILAO

19           Defendant

20

21  PROPOUNDING PARTY:    PLAINTIFF KARL T. ANDERSON, CHAPTER 7 TRUSTEE

22  RESPONDING PARTY:     NICHOLAS SILAO

23                    **PRELIMINARY STATEMENT**

24      Plaintiff claims that he served Defendant with Plaintiff's Request for Admissions. Defendant

25  maintains that he never received them. *Plaintiff's Unilateral PreTrial Report* identifies six (6)

26  Requests for Admission that he seeks to deem admitted. Defendant's new counsel Baruch Cohen has

27  requested that Plaintiff produce a copy of Plaintiff's Request for Admissions but Plaintiff has not done

28

C:\DATA\DOCS\SILAO\DEFENDANT'S RESPONSE TO RFA'S.wpd
9/4 9:59am

1  so. Based on *Plaintiff's Unilateral PreTrial Report*, Defendant now responds to the  six (6) Requests

2  for Admission identified therein.

3          These responses are made solely for the purpose of this action. Each response is subject to

4  all appropriate objections which would require the exclusion of any evidence contained herein if

5  the material, tangible objects or things, were offered at the time of trial. All objections are

6  reserved and may be interposed at the time of trial.

7          The responding party has not yet completed its investigation of the facts relating to this

8  action, its discovery in this action, of its preparation for trial of this action. Consequently, these

9  responses are given without prejudice to the right of any responding party to produce at the time of

10  trial any and all subsequently discovered evidence relating to the proof of presently known

11  material facts, and to proof of subsequently discovered material facts.

12          Except for explicit facts admitted herein, no admissions of any nature whatsoever are

13  implied or should be inferred. The fact that any Request for Admissions herein has been

14  responded to should not be taken as an admission or acceptance of the existence of any fact or

15  facts set forth or acceptance of the existence of any fact or facts set forth or assumed by such

16  response, or that such response constitutes admissible evidence unless otherwise stated.

17          It is assumed by the responding party that the requesting party and all parties to this

18  lawsuit possess and are familiar with all discovery proceedings in this action. Therefore, when a

19  request calls for information which is contained in the discovery materials available to all parties,

20  said request will be answered only by reference to those discovery materials.

21          This preliminary statement is incorporated herein by reference to each of the answers as if

22  stated in full.

23  **REQUEST FOR ADMISSION #4:**

24  REQUEST:     The Debtor loaned/transferred $137,000 to Defendant, Nicholas Silao. The Debtor's

25                   2016 Federal Income Tax Returns signed under penalty of perjury reflected the

26                   outstanding loan owed by Defendant, Nicholas Silao to the Corporate Debtor.

27  RESPONSE:  Deny

28

**REQUEST FOR ADMISSION #5:**

REQUEST:   Pursuant to the Debtor's 2016 Federal Income Tax Returns, Defendant, Nicholas Silao owes the Plaintiff/Chapter 7 Trustee no less than $137,000, plus any and all costs of collection.

RESPONSE:  Deny

**REQUEST FOR ADMISSION #6:**

REQUEST:   Plaintiff/Chapter 7 Trustee is entitled to pre-judgment interest as provided under applicable non-bankruptcy law

RESPONSE:  Deny

**REQUEST FOR ADMISSION #7:**

REQUEST:   Defendant, Nicholas Silao has no defenses and/or counterclaims to Plaintiff/Chapter 7 Trustee's demand for $137,000.

RESPONSE:  Deny

**REQUEST FOR ADMISSION #8:**

REQUEST:   Defendant, Nicholas Silao has no facts that dispute Plaintiff/Chapter 7 Trustee's entitlement to $137,000 demanded in the Trustee's Complaint.

RESPONSE:  Deny

**REQUEST FOR ADMISSION #9:**

REQUEST:   Defendant, Nicholas Silao has no documents, notes or other writings that disputes the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint.

RESPONSE:  Deny

1  **REQUEST FOR ADMISSION #10:**

2  REQUEST:    Defendant, Nicholas Silao has no witnesses that dispute the Trustee's entitlement to

3        $137,000 demanded in the Trustee's Complaint.

4  RESPONSE:    Deny

5

6  DATED:    September 4, 2019          LAW OFFICE OF BARUCH C. COHEN, APLC

7                      By _____/S/ Baruch C. Cohen_____

8                      Baruch C. Cohen, Esq.
                      *Attorney For Defendant Nicholas Silao*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION:

The undersigned has reviewed the foregoing **DEFENDANT'S VERIFIED RESPONSE TO REQUEST FOR ADMISSIONS** and further declares under penalty of perjury under the laws of the United States, the State of New York and of the State of California that the foregoing are true and correct, except as to those matters stated on information and belief, which the undersigned is informed and believes are true and correct.

By _____

**DEFENDANT NICHOLAS SILAO**

# EXHIBIT - 14

2/23/2020    Case 6:18-ap-01193-SY   Doc 58   Filed 02/25/20   Entered 02/25/20 15:59:11   Desc
LAW OFFICE OF BARUCH C. COHEN, APLC Mail - Pandora Hospice re Nicholas Silao re Requests for Admissions re RFAs Are Still D...
Main Document    Page 134 of 161



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

## Pandora Hospice re Nicholas Silao re Requests for Admissions re RFAs Are Still Deemed Not Responded To

2 messages

---

**Tom Polis** <tom@polis-law.com>                                             Wed, Sep 11, 2019 at 4:42 PM
To: baruchcohen@baruchcohenesq.com

Baruch, I never received a response from you last week regarding the Meet and Confer issues noted in your 9/4/11 faxed letter. I had proposed a "Meet and Confer" telephone call for Friday September 6, 2019 but never heard back from you. Secondly, I don't understand the legal effect if any of the verified responses included with your 9/4/19 fax. Rather, I've enclosed the RFAs that were properly served on your client's former counsel at her address of record in the above-captioned Adversary proceeding. Thus pursuant to F.R.C.P. 36 (made applicable to this Adversary Proceeding per Rule 7036 of the Fed Rules of Bankr Procedure) the unresponded to RFAs are still, enforceable and we intend to use them until there's a court order to the contrary. Any questions or comments, please let me know. thanks.

Thomas J. Polis, Esq.
Polis & Associates, APLC
19800 MacArthur Boulevard, Suite 1000 (https://www.google.com/maps/search/19800+MacArthur+Boulevard,+Suite+1000+Irvine,+California+%C2%A092612?entry=gmail&source=g)
Irvine, California 92612 (https://www.google.com/maps/search/19800+MacArthur+Boulevard,+Suite+1000+Irvine,+California+%C2%A092612?entry=gmail&source=g)-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
Email: tom@polis-law.com (mailto:tom@polis-law.com)

This e-mail transmission and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by e-mail by forwarding the message to tom@polis-law.com (mailto:tom@polis-law.com) or by telephone at (949) 862-0040 and destroy the original transmission and its attachments without reading or saving them in any manner. Thank you.

📄 (?ui=2&ik=3b6bf1d349&view=att&th=16d22b538230b658&attid=0.1&disp=attd&realattid=f_k0fws3rb0&safe=1&zw)    **NSilao RFA 030719.pdf**
101K

---

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>                                Wed, Sep 11, 2019 at 6:30 PM
Reply-To: bcc@baruchcohenesq.com
To: Tom Polis <tom@polis-law.com>
Bcc: nsilao <nsilao@aol.com>

Tom:

- I do not recall you proposing, and me accepting, a proposed meet & confer with me on 9-6-2019. But I'm happy to do so immediately.
- I also want to state emphatically, that Berliani did not share your RFA with me, and that Nick Silao swears over a stack of bibles that he never received them.
- Finally, I need to see your Initial Disclosures. As I'm sure you know, F.R.C.P. 26(d)(1) prohibits discovery before the parties have met & conferred as required by F.R.C.P. 26(f). If you did not do a F.R.C.P. 26 Initial Disclosure, the RFA's would be improper. If you did do a F.R.C.P. 26 Initial Disclosure, please provide it to me. I've now asked you for this twice.

BCC

---

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
**Notice of Ex Parte Hearings Will Not Be Accepted by Email**
(http://attorneysdefendingisrael.blogspot.com/)    American Trial Attorneys in Defense of Israel
🔗 (https://www.linkedin.com/in/baruchcohen/)    📧    (https://twitter.com/CohenBaruch)   (https://www.facebook.com/baruch.cohen.37) 🔗
(https://mail.google.com/)

# Super Lawyers

**2013, 2015, 2016, 2017, 2018 & 2019** Super Lawyers® is a registered trademark of Thomson Reuters

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

✍️ (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)    Sender notified by
Mailtrack (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

[Quoted text hidden]

# EXHIBIT - 15



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

---

### Fwd: 6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao Pre Trial Stipulation - RFA's Were Deemed Admitted???!!?!?!?
1 message

**nsilao@aol.com** <nsilao@aol.com>
To: baruchcohen@baruchcohenesq.com
Sun, Feb 23, 2020 at 7:29 AI

-----Original Message-----
From: Baruch Cohen <baruchcohen@baruchcohenesq.com> (mailto:baruchcohen@baruchcohenesq.com)
To: Sanaz Sarah Bereliani, Esq <sanaz@berelianilaw.com> (mailto:sanaz@berelianilaw.com)
Cc: BARUCH COHEN <bcc@baruchcohenesq.com> (mailto:bcc@baruchcohenesq.com); nsilao <nsilao@aol.com> (mailto:nsilao@aol.com)
Sent: Wed, Sep 11, 2019 8:55 pm
Subject: Re: 6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao Pre Trial Stipulation - RFA's Were Deemed Admitted???!!?!?!?

Sanaz:

- On 8-7-2019 at 10:42am, Nick wrote you and demanded his file from you pursuant to the California Rule of Professional Responsibility 4-100(B)4. As you know, Rule 4-100(b)(4) provides: the attorney must promptly pay or deliver, as requested by the client, any funds, securities, *or other properties in the possession of the member which the client is entitled to receive.*
- On 8-7-2019, at 2:18pm, you wrote back: " *Not much* - Nick went MIA on us shortly after the beginning and we just bought him time with the Tee's attorney... " and sent us the following 12 documents:  (1) The Complaint; (2) Your Retainer Agreement; (3) A Waiver of Conflict of Interest for a Joint Representation signed by Nick Silao; (4) A Waiver of Conflict of Interest for a Joint Representation signed by Ray Silao; (5) A Paypal receipt of Nick"s payment to you; (6) the Answer to the Complaint; (7) Another copy of the Answer to the Complaint; (8) the filed JSR; (9) the filed Scheduling Order; (10) a blank form Substitution of Attorney; (11) the Order Granting your Motion to Withdraw; & (12) the LOU receipt of Her Order Granting her Motion to Withdraw.
- On 8-8-2019, at 6:53am, I wrote you: "Thx for the prompt reply. *Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures*? If so, please send it. *Was any discovery done in this adversary*? If so, please send them."
- On 8-8-20189 at 8:216am, you responded: "Per my previous email, there was no communication by your client *so no nothing further was done.* They retained me on a limited scope and were not in touch after with further instruction or guidance. I recommend calling Trustees counsel regarding case status, I'm surprised they haven't filed anything else yet. Nick got lucky."
- On 8-9-2019 at 12:34am, I wrote you informing you that Plaintiff's Unilateral Pretrial stated that he indeed propounded discovery Request for Admissions ("RFA's") to the Defendant, that Nick did not respond to, and that they are now deemed admitted. I asked you why wasn't I given copies of this discovery?
- On 8-9-2019 at 12:17pm, you responded: "Ps I'll speak to my office regarding receipts of anything on their end but please note we were retained specifically for an answer and joint status report and conference. *We had no further involvement or guidance*. Lastly, I appreciate your professionalism going forward."
- Today, 9-11-2019 at 4:42 pm, Plaintiff's counsel sent me the enclosed RFA that was served on your office on *3-7-2019* at your address "Sanaz S. Bereliani, Bereliani Law Firm, 11400 W. Olympic Blvd., Suite 200, Los Angeles, CA 90064 (https://www.google.com/maps/search/11400+W.+Olympic+Blvd.,+Suite+200,+Los+Angeles,+CA+90064?entry=gmail&source=g). On 3-15-2019, you moved to withdraw as counsel to Nick. So you must have had the 3-7-2019 RFA's in your file before you moved to withdraw on 3-15-2019. Yet, you did not produce it to me in violation of  Rule 4-100(b)(4). I am very concerned that you've had this RFA in your file and did not produce it to me and Nick when he demanded it.
- So I will ask you again: *Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures*? If so, please send it. *Was any discovery done in this adversary*? If so, please send them.
- I am very concerned that now the RFA's are deemed admitted, and Nick will now have to spend money to file a Motion to have the Deemed Admissions Withdrawn, which he should not have to do, had you forwarded to him the RFA's when you received it on 3-7-2019.
- Please advise immediately.

BCC

---

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g)
Los Angeles, CA 90010 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g)
Office (323 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g)) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*
(http://attorneysdefendingisrael.blogspot.com/)   American Trial Attorneys in Defense of Israel
(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)   (https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)

**Super Lawyers**

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers*® *is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

On Fri, Aug 9, 2019 at 12:17 PM Sanaz Sarah Bereliani, Esq <sanaz@berelianilaw.com> (mailto:sanaz@berelianilaw.com) wrote:

# EXHIBIT - 16

Sanaz:

That you didn't receive the RFA's and Plaintiff's Initial Disclosures....
Please prepare the declaration.

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g)
Los Angeles, CA 90010 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g)
Office (323 (https://www.google.com/maps/search/4929+Wilshire+Boulevard,+Suite+940+Los+Angeles,+CA+90010+Office+(323?entry=gmail&source=g)) 937-4501 | Cell (323) 3
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*
(http://attorneysdefendingisrael.blogspot.com/)      American Trial Attorneys in Defense of Israel
(https://www.linkedin.com/in/baruchcohen/)
(https://mail.google.com/)      (https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)

**Super Lawyers**

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*
This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileg
under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and d

(https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality5&)

Sender notified by
Mailtrack (https://mailtrack.io?
utm_source=gmail&utm_medium=signature&utm_campaign=signaturevira

On Mon, Sep 16, 2019 at 3:31 PM Sanaz Sarah Bereliani <sanaz@berelianilaw.com (mailto:sanaz@berelianilaw.com)> wrote:

Hi Baruch,

Per our phone call last week, I am happy to prepare a declaration which states that my office does not have a copy of RFAs that were supposedly sent by the Trustee in our files case I do have them since they were sent to me via email per my request, but not before then. That also, that we were not retained for work in addition to filing an answer, attend preparing the joint status report and even had we had it, we would not have been able to respond due to the breakdown of communication.

Please let me know if youd like me to and I will prepare this for you today.

Thank you.

On Sat, Sep 14, 2019 at 8:25 PM Baruch Cohen <baruchcohen@baruchcohenesq.com (mailto:baruchcohen@baruchcohenesq.com)> wrote:

# EXHIBIT - 17

1 | Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
2 |     A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
3 | Los Angeles, California 90010
(323) 937-4501        Fax (888) 316-6107
4 | e-mail: baruchcohen@baruchcohenesq.com

5 | *Attorney For Defendant Nicholas Silao*

6 |

7 |                UNITED STATES BANKRUPTCY COURT

8 |                CENTRAL DISTRICT OF CALIFORNIA

9 |                     RIVERSIDE DIVISION

10 |

11 | In re

12 | PANDORA HOSPICE CARE, INC.

13 |         Debtor

14 | KARL T. ANDERSON, CHAPTER 7
15 | TRUSTEE

16 |         Plaintiff

17 | vs.

18 | NICHOLAS SILAO

19 |         Defendant

Case No. 6:17-bk-19336-SY
Adv. 6:18-ap-01193-SY
Before the Honorable Scott H. Yun

Chapter 7

**[PROPOSED] JOINT STIPULATION IN
CONNECTION WITH DEFENDANT'S
MOTION TO ALLOW WITHDRAWAL OF
DEEMED ADMISSIONS F.R.C.P.   36(B)**

Date: 3-26-2020
Time: 1:30pm
Place: United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

20 |

21 |

22 |      This Joint Stipulation is submitted in connection with Defendant Nicholas Silao (hereinafter,

23 | "Defendant")'s Motion to allow withdrawal of deemed admissions.

24 |

25 | DATED:      February 19, 2020           LAW OFFICE OF BARUCH C. COHEN, APLC

26 |                                        By ___/S/ Baruch C. Cohen_____
                                        Baruch C. Cohen, Esq.
27 |                                        *Attorney For Defendant Nicholas Silao*

28 |

C:\Users\crisa\Box\POLIS LAW\CASES\KTA\PandoraHospice\NSilao_JointStip 021920.wpd
2/19-11:09am

1   **[PROPOSED] JOINT STIPULATION IN CONNECTION WITH DEFENDANT'S MOTION**

2   **TO ALLOW WITHDRAWAL OF DEEMED ADMISSIONS F.R.C.P.   36(B)**

3   1.    **STIPULATED FACTS**

4       a.    On 11-8-2017, the Debtor Pandora Hospice Care, Inc., commenced this bankruptcy

5           proceeding Case No. 6:17-bk-19336-SY.

6       b.    On 10-2-2018, Plaintiff filed this adversary action entitled: *Karl T. Anderson against*

7           *Nicholas Silao*, Adversary case 6:18-ap-01193 [Doc-1]

8       c.    On 10-31-2018, Defendant, represented by Sanaz S. Bereliani ("Bereliani ") filed an

9           Answer to the Complaint [Doc-4]. Nothing in the pleadings indicated Bereliani's

10          scope of representation was in any way limited in the Adversary Proceeding.

11       d.    On 1-2-2019, the parties filed a Joint Status Report [Doc-5]. Of particular interest, in

12          Section A4 of the *Joint Status Report* the parties acknowledged that they did **not** meet

13          & confer pursuant to LBR 7026-1.

14       e.    Pursuant to the *Status Conference and Scheduling Order Pursuant to LBR*

15          *7016-1(a)(4)* [Doc-10], the discovery cutoff was 6-28-2019, the pre-trial stipulation

16          was due 8-1-2019, the pretrial hearing was 8-15-2019, and the mediation completion

17          date was 7-31-2019.

18       f.    Both parties did not serve each other with Initial Disclosures pursuant to F.R.C.P.

19          26(f)(1).

20       g.    On 3-7-2019, Plaintiff's counsel propounded *Requests for Admission [Set One]*

21          ("RFA's") to Defendant, and mailed it to Bereliani at her office at the Bereliani Law

22          Firm, 11400 W Olympic Blvd Ste 200, Los Angeles, CA 90064.[1]

23       h.    Defendant did not respond to Plaintiff's RFA's.

24       i.    At no point was any mail, including the RFAs addressed to Defendant's prior counsel,

25          returned due to a mail or address problem.

26

27         [1]Pursuant to F.R.C.P. 36(a)(3) and F.R.C.P. 6(d), Defendant had 35 days from 3-7-2019 to

28   serve Plaintiff with a written response to the RFA's or by 4-11-2019.

1    j.    On 3-15-2019, Bereliani moved to withdraw as counsel of record [Doc-12], and on 4-
2          16-2019, the Court entered its *Order Granting Motion To Withdraw As Counsel Of*
3          *Record* [Doc-16].

4    k.    On or about July 29, 2019, Plaintiff's counsel called Defendant Nick Silao at the
5          telephone number listed on the Court's Docket. Plaintiff's counsel left a message
6          informing Defendant Nick Silao as to the Joint Pre-Trial Stipulation process and how
7          his participation was imperative. Defendant, Nick Silao never responded to Plaintiff's
8          counsel's meet and confer telephone call.

9    l.    Also on July 29, 2019, Plaintiff's counsel sent, via overnight Federal Express to
10         Defendant, Nick Silao at his address noted on the PACER Docket (25 Central Park
11         South, New York, New York 10019), the draft Joint Pre-Trial Stipulation. The cover
12         letter informed Defendant Nick Silao that his input to the Joint Pre-Trial Stipulation
13         was needed on or before August 5, 2019.

14   m.    At no point did Defendant Nick Silao, either personally or through a representative
15         respond to Plaintiff's counsel's phone call or in any way participate in the Joint Pre-
16         Trial Stipulation process.

17   n.    On 8-5-2019, the Court entered an Order Rescheduling the pretrial conference to 8-22-
18         2019 [Doc-21].

19   o.    On 8-8-2019, Plaintiff's counsel filed his *Unilateral Pre Trial* [Doc-23] that asserted
20         that the RFA's were deemed admitted.[2]

21   p.    On 8-9-2019, Defendant retained litigation counsel Baruch Cohen to defend him in
22         this action, who then filed the *Substitution of Attorney* [Doc-25] on 8-12-2019

23   q.    On 9-4-2019, Cohen served Plaintiff's Counsel with *Defendant's Verified Response*
24         *to Request for Admissions* (denying the above-referenced RFA's).

25   r.    On 9-25-2019, Defendant filed this Motion to Allow Withdrawal of Deemed

---

27         [2]The failure to timely respond to Requests for Admission results in automatic admission of
28   the matters requested. F.R.C.P. 36(a)(3)

C:\Users\crissa\Box\POLIS LAW\CASES\KTA\PandoraHospice\NSilao_JointStip121920.wpd
2/19-11:09am                                                          3

1          Admissions pursuant to F.R.C.P.  36(B)[Doc-31].

2    s.    On November 26, 2019, the Court, sua sponte, denied, without prejudice, Defendant

3          Nick Silao's Motion re Vacate Deemed RFAs.  Specifically, the Court ruled that

4          Defendant's Motion was procedurally incorrect and failed to comply with the Local

5          Bankruptcy Rules.

6    t.    Again on January 2, 2020, Defendant Nick Silao, through his counsel filed/lodged a

7          proposed Stipulation re: Set Aside Deemed Admitted RFAs.  Shortly thereafter, on

8          January 22, 2020, Defendant Nick Silao through his counsel, withdrew his proposed

9          Stipulation re: Deemed Admitted RFAs.

10    u.    Also, again on January 22, 2020, Defendant Nick Silao, through his counsel, filed a

11          Motion for Order re: Vacate Deemed Admitted RFAs.

12    v.    On January 23, 2020, the Court conducted a continued Joint Pre-Trial Hearing.

13          During the Court's Pre-Trial Conference, the Court admonished Defendant's counsel

14          and ordered him to again withdraw his recently filed (third) Motion for Order re:

15          Vacate Deemed Admitted RFAs.  Consequently, on January 24, 2020, Defendant, Nick

16          Silao, through his counsel, withdrew his third Motion for Order Re: Vacate Deemed

17          Admitted RFAs.

18

19 2.    **DISPUTED FACTS**

20    a.    **PLAINTIFF**:

21          Due to Defendant, Nick Silao's repeated lack of diligence and to comply with the

22 applicable Local and Federal Bankruptcy Rules, his Deemed Admitted RFAs should not be set aside.

23    b.    **DEFENDANT**

24        i.    Prior to being retained, Cohen specifically inquired of Defendant whether he

25            received any discovery from Plaintiff in this adversary. He replied that he did

26            not. On that basis, Cohen took the case.

27        ii.    Additionally, prior to being retained, Cohen instructed Defendant to write

28

1  Berliani, which he did on 8-7-2019 at 10:42am (copying Cohen), demanding

2  his file from her pursuant to the California Rule of Professional Responsibility

3  4-100(B)4, that provides that an attorney must promptly pay or deliver, as

4  requested by the client, any funds, securities, or other properties in the

5  possession of the member which the client is entitled to receive.

6  iii.  Cohen was prepared to file a declaration pursuant to LBR 7016-1(E)(2), when

7  he checked PACER and discovered Plaintiff's *Unilateral Pre Trial* and

8  *Declaration* filings of 8-8-2019, and was surprised, to see that Plaintiff indeed

9  propounded the RFA's to Bereliani, that Defendant did not respond, and

10  Plaintiff is deeming the RFA's admitted.

11  iv.  Defendant never received Plaintiff's RFA's from Bereliani. The first time that

12  Defendant was made aware of Plaintiff's RFA's was when Cohen discovered

13  Plaintiff's *Unilateral Pre Trial* and *Declaration* filings of 8-8-2019.

14  v.  On 8-7-2019, at 2:18pm, Berliani wrote back to Defendant (and copied

15  Cohen): "*Not much* - Nick went MIA on us shortly after the beginning and we

16  just bought him time with the Tee's attorney... " [Emphasis added] and sent

17  Cohen and Defendant the following 12 documents from her file (and no

18  others): (1) The Complaint; (2) The Retainer Agreement; (3) A Waiver of

19  Conflict of Interest for a Joint Representation signed by Nick Silao; (4) A

20  Waiver of Conflict of Interest for a Joint Representation signed by Ray Silao;

21  (5) A Paypal receipt of Defendant's payment to her; (6) The Answer to the

22  Complaint; (7) Another copy of the Answer to the Complaint; (8) The filed

23  JSR; (9) The filed Scheduling Order; (10) A blank form Substitution of

24  Attorney; (11) The Order Granting her Motion to Withdraw; & (12) The LOU

25  receipt of her Order Granting her Motion to Withdraw.[3]

26  

27  [3]Note: Berliani did not acknowledge in her file Plaintiff's RFA's, notwithstanding
Plaintiff's 3-7-2019 Proof of Service to her while she was still Defendant's counsel (Bereliani

28  moved to withdraw as counsel of record on 3-15-2019 [Doc-12])

| | | |
|---|---|---|
| 1 | vi. | On 8-8-2019, at 6:53am, Cohen wrote Berliani: "Thx for the prompt reply... |
| 2 | | Was any discovery done in this adversary? If so, please send them." |
| 3 | vii. | On 8-8-20189 at 8:216am, Berliani responded: "Per my previous email, there |
| 4 | | was no communication by your client *so no nothing further was done. They* |
| 5 | | *retained me on a limited scope* and were not in touch after with further |
| 6 | | instruction or guidance. I recommend calling Trustees counsel regarding case |
| 7 | | status, I'm surprised they haven't filed anything else yet. Nick got lucky." |
| 8 | | [Emphasis added]. |
| 9 | viii. | On 8-9-2019 at 6:34am, Cohen wrote Berliani informing her that Plaintiff's |
| 10 | | *Unilateral Pretrial* stated that Plaintiff had indeed propounded the RFA's to |
| 11 | | her. Cohen asked Berliani why didn't Berliani produce to Defendant and |
| 12 | | Cohen a copy of Plaintiff's RFA's? |
| 13 | ix. | On 8-9-2019 at 12:17pm, Berliani responded: "Ps I'll speak to my office |
| 14 | | regarding receipts of anything on their end *but please note we were retained* |
| 15 | | *specifically for an answer and joint status report and conference. We had no* |
| 16 | | *further involvement or guidance.* Lastly, I appreciate your professionalism |
| 17 | | going forward." [Emphasis added]. |
| 18 | x. | On 9-11-2019 Cohen wrote Berliani informing her again that Plaintiff's RFA's |
| 19 | | were served on her office on 3-7-2019 at her address "Sanaz S. Bereliani, |
| 20 | | Bereliani Law Firm, 11400 W. Olympic Blvd., Suite 200, Los Angeles, CA |
| 21 | | 90064. Since she moved to withdraw on 3-15-2019, she must have had the |
| 22 | | 3-7-2019 RFA's in her file. Yet, she did not produce it to Defendant or to |
| 23 | | Cohen in violation of Rule 4-100(b)(4). Cohen was very concerned that she |
| 24 | | had this RFA in her file, never shared it with Defendant, and did not produce |
| 25 | | it when Defendant and Cohen demanded it. So Cohen asked her again: "Was |
| 26 | | any discovery done in this adversary? If so, please send them." Cohen was very |
| 27 | | concerned that now the RFA's were deemed admitted, and Defendant will now |
| 28 | | |

C:\Users\crisa\Box\POLIS LAW\CASES\KTA\PandoraHospice\NSilao_JointStip621920.wpd
2/19-11.09am

1       have to spend money to file a Motion to have the Deemed Admissions

2       Withdrawn, which he should not have to do, had she forwarded to him the

3       RFA's when she received it on 3-7-2019.

4    xi. On 9-12-2019, Cohen spoke with Berliani, who represented that the *only*

5       documents she had in her file were those that she forwarded to Cohen earlier.

6       When pressed again whether she had the RFA's in her file, she repeated again,

7       that the *only* documents she had in her file were those that she forwarded to

8       Cohen earlier. [Emphasis added].

9

10 DATED:  February 19, 2020   LAW OFFICE OF BARUCH C. COHEN, APLC

11            By  /S/ Baruch C. Cohen
            Baruch C. Cohen, Esq.
12            *Attorney For Defendant Nicholas Silao*

13
  DATED:  February 19, 2020   POLIS & ASSOCIATES, APLC
14
15            By
            Thomas J. Polis, Esq.
            *Attorney For Plaintiff* Karl T. Anderson, Chapter 7
16            Trustee

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT - 18

1                  UNITED STATES BANKRUPTCY COURT

2                  CENTRAL DISTRICT OF CALIFORNIA

3                            --oOo--

4   In Re:                        )   Case No. 6:17-bk-19336-SY
                                  )
5   PANDORA HOSPICE CARE, INC.,   )   Chapter 7
                                  )
6           Debtor.               )   Riverside, California
    _____)   Thursday, January 17, 2019
7                                 )   9:30 a.m.
    ANDERSON,                     )
8                                 )   Adv. No. 6:18-ap-01192-SY
            Plaintiff,            )
9                                 )
        vs.                       )
10                                )
    SILAO,                        )
11                                )
            Defendant.            )
12  _____)
                                  )
13  ANDERSON, CHAPTER 7 TRUSTEE,  )   Adv. No. 6:18-ap-01193-SY
                                  )
14          Plaintiff,            )
                                  )
15      vs.                       )
                                  )
16  SILAO,                        )
                                  )
17          Defendant.            )
18  _____)
                                  )
    ANDERSON, CHAPTER 7 TRUSTEE,  )   Adv. No. 6:18-ap-01194-SY
19                                )
            Plaintiff,            )
20                                )
        vs.                       )
21                                )
    SILAO,                        )
22                                )
            Defendant.            )
23  _____)

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

*Briggs Reporting Company, Inc.*

ii

```
 1  ANDERSON, CHAPTER 7 TRUSTEE,  )  Adv. No. 6:18-ap-01195-SY
                                  )
 2          Plaintiff,            )
                                  )
 3      vs.                       )
                                  )
 4  ALBRIGHT HOSPICE OF           )
    RIVERSIDE, INC.,              )
 5                                )
            Defendant.            )
 6  _____)
 7                                    STATUS CONFERENCE RE: CHAPTER
                                      7 TRUSTEE'S COMPLAINT FOR
 8                                    TURNOVER OF PROPERTY OF THE
                                      BANKRUPTCY ESTATE BY AN ENTITY
 9                                    THAT OWES A DEBT TO THE ESTATE
                                      UNDER SECTION 542(b) OF THE
10                                    BANKRUPTCY CODE
11                  TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE SCOTT YUN
12              UNITED STATES BANKRUPTCY JUDGE
13  APPEARANCES:
14  For the Plaintiff:        THOMAS J. POLIS, ESQ.
                              Polis & Associates
15                            Newport Gateway
                              19800 MacArthur Boulevard
16                            Suite 1000
                              Irvine, California 92612
17                            (949) 862-0040
18  For the Defendants:       MICHAEL SMITH, ESQ.
                              Langley & Chang
19                            4158 14th Street
                              Riverside, California 92501
20                            (951) 383-3388
21  Court Recorder:           Shari Mason
                              United States Bankruptcy Court
22                            3420 Twelfth Street
                              Riverside, California 92501
23
24
25
```

*Briggs Reporting Company, Inc.*



iii

1 | Transcriber:                          Briggs Reporting Company, Inc.
2 |                                        2160 Fletcher Parkway
  |                                        Suite 209
3 |                                        El Cajon, California 92020
  |                                        (310) 410-4151
4 |
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |

1

1  RIVERSIDE, CALIFORNIA  THURSDAY, JANUARY 17, 2019  9:30 AM

2                          --oOo--

3       (Call to order of the Court.)

4       THE COURT:  That brings us to Pandora Hospice

5  Care.  I'm going to group this into -- I guess two.  Number

6  four, five and six, status conference in Trustee versus

7  Silao -- various Silao parties.  That's four -- four is

8  Michael Silao, number five is Nicholas Silao and number six

9  is Ray Silao.

10      May I have appearances on four, five and six?

11      MR. SMITH:  Good morning, your Honor.  Michael

12 Smith, specially appearing for Defendants Silao.

13      MR. POLIS:  Good morning, your Honor.  Tom Polis

14 on behalf of the Plaintiff, Karl Anderson, as Trustee, in

15 all matters of Pandora Hospice, but specifically four, five

16 and six.

17      THE COURT:  Good morning to all of you, and thank

18 you for the joint status report.  And based on the joint

19 status reports that were filed, I posted some Bates for all

20 three matters.  Deadline for completing discovery, June 28,

21 2019. Pretrial conference, August 15th at 9:30 a.m.  Joint

22 pretrial stipulation will be due August 1, 2019.

23      The parties requested, or they were open to

24 mediation.  The one-day mediation to be completed by July

25 31, 2019.

*Briggs Reporting Company, Inc.*

2

1           Are those dates acceptable to the parties on four,

2   five and six?

3           MR. POLIS:  On behalf of the Plaintiff, those

4   dates will be fine, your Honor.

5           THE COURT:  Mr. Smith?

6           MR. SMITH:  Likewise.

7           THE COURT:  All right.  So, as I've read the

8   complaints, although they're separate adversaries, they seem

9   sort of all related.

10          I'm assuming Silao's are all related?

11          MR. POLIS:  They're all brothers.

12          THE COURT:  They're all brothers.

13          MR. POLIS:  They were insiders of the Debtor

14  entity, and it shows references on tax returns and documents

15  that they had loans payable back to the corporation that we

16  are pursuing.

17          THE COURT:  Right.  So, I'm going to probably

18  track all of these together.  It probably makes sense --

19          MR. POLIS:  Of course.

20          THE COURT:  -- for all of the -- all three matters

21  to be mediated at the same time.  If we have a trial, we're

22  going to try all three matters at the same time.

23  Straightforward, I want my money and litigation.

24          MR. POLIS:  I know.

25          THE COURT:  So, I suspect it should be a

3

1  relatively short trial.  So, that's sort of my plan, if
2  parties don't settle.  Hopefully mediate all three matters
3  together.  If not, I'm going to set a trial for all three
4  matters at the same date and time, and I suspect it will be
5  a relatively short trial.
6        MR. POLIS:  We probably won't get to trial, as
7  your Honor, I think, is saying.  We'll figure out what is
8  the real number, and just pay us.  If they don't want to pay
9  us, obviously, we'll proceed from there.  But, it seems
10 pretty straight forward.
11       THE COURT:  Right.  Mr. Polis, if you can, as
12 counsel for the Plaintiff, prepare and lodge a scheduling
13 order on all three matters with the proposed dates.  And
14 with respect to mediation, I leave it up to your preference.
15 If you officially want an order assigning these three
16 matters to mediation, if you can work with Mr. Smith, or I
17 forget who's the counsel of record.
18       MR. POLIS:  Well, it's my understanding with the
19 counsel of record -- I did receive an email -- in case your
20 Honor's understanding is different -- I received an email
21 from her the first of the year, right before the status
22 conference.  I guess the Silao's, I think it's their mother,
23 she passed, and so that was something they had to deal with.
24 But, the reason why she said that, this is -- the lawyer,
25 who's the counsel of record, who filed the answers for the

*Briggs Reporting Company, Inc.*

4

1  three Silao's, she was just in for filing the answer.  As

2  far as where she goes from here is a big question mark, and

3  she should have an answer for that in the next week or so.

4          THE COURT:  Okay.  All right.  I'll leave it up to

5  you.  If you want an official --

6          MR. POLIS:  As far the mediation, yeah.  I don't

7  need an order, your Honor, to answer the Court's question.

8  I'll just put it in the schedule and order that we have to

9  do it, the Court's ordered it.  And everybody, hopefully,

10 gets along, and we'll find a mediator and try to get this

11 mediated.

12         THE COURT:  Right.  I don't need it.  I know some

13 judges want it.

14         MR. POLIS:  I'm okay with it.

15         THE COURT:  I don't care.  If parties want to

16 mediate, they can.

17         MR. POLIS:  It's more paper that I don't think is

18 necessary, your Honor.

19         THE COURT:  Right.  And so, Mr. Smith, are you

20 just in for today, or are you potentially discussing --

21         MR. SMITH:  Yeah.

22         THE COURT:  Well, I was hoping to have actual

23 counsel who was going to be in the case for the long haul.

24 This is the reason why I require personal appearance.

25 Sometimes when both attorneys have to be here, they often

5

1 talk before or after, and things happen quicker.

2       MR. SMITH:  Like you said, their mother just

3 passed away, so they're allowing the grieving period.  They

4 should be in conversation shortly to see whether it will go

5 beyond today.

6       THE COURT:  All right.  Anyway, I guess that's all

7 I have for today on four, five and six.

8       MR. POLIS:  We'll prepare the scheduling order,

9 and we'll get that out.

10      THE COURT:  Great.  Thank you.

11      MR. SMITH:  Thank you, your Honor.

12      THE COURT:  And now I have to call the other

13 matters, but if you can give me a few minutes, Mr. Polis, as

14 I have to mark this on all the calendars here.

15      I'm going to call the next matter, seven and

16 eight, same case, Pandora Hospice Care, Chapter 7 Trustee,

17 and number seven is Albright.

18      MR. POLIS:  Again, Tom Polis for the Plaintiff in

19 both matters.

20      THE COURT:  Seven is the Albright Hospice in

21 Riverside.  Eight is the Albright Hospice in San Bernardino.

22      Mr. Polis has made his appearance.

23      And on both of these matters, is Albright Hospital

24 (sic.) sort of related to Pandora, or do they have any

25 relations to the Silao folks?

6

1        MR. POLIS:  Yes.  To answer the Court's question,
2  yes, they're all related.  I think these were entities that
3  were set up, I don't know if they ever started to operate,
4  but there were monies transferred from the non-Debtor
5  entities from the Debtor to the Albright Riverside, Albright
6  San Bernardino.  And as the Court made it very clear in the
7  last one, we just want our money back.
8        THE COURT:  Right.  I suspect -- probably don't
9  have any.  We'll see.
10        For these matters I think what I'm going to do is,
11  seven and eight I'm going to continue out the status
12  conference for awhile, and if you can get the default
13  turned, and also use those dates as the date for the motions
14  for default judgment.
15        The dates that I'm going to give you are probably
16  going to be further out than I generally do because we're
17  going to be going into a shutdown mode very quickly.  The
18  money was supposed to run out tomorrow, we got another week
19  of funding.  The initial -- everyone's necessary and
20  essential.  The Court's going to be in operation.  That
21  judge, Tighe, is our new Chief.  I was issued that general
22  order.  We have been told in no uncertain terms by the
23  general counsel for the administrative office, that is not a
24  defensible position during a shutdown.
25        I've already started doing it, as you know,

7

1  kicking out any matter that I don't think needs immediate
2  attention, but I think all judges starting -- I think
3  they're going to start doing it this week, but definitely as
4  of next week, all of the matters are going to be kicked out
5  that are non-essential.

6        So, I'm probably going to give you status
7  conference dates on seven and eight that are further out
8  than I generally do, just because I don't want to make you
9  do something, and then you come here in March, and I tell
10  you we're still in a shutdown, I'm not going to hear it.

11        So, February, March --

12        MR. POLIS:  Your Honor, you said you were going to
13  give me a status conference, and those are dates that you
14  want to have me do the motions for default judgment and
15  prove ups.

16        THE COURT:  Right.

17        MR. POLIS:  The Court -- and those are the only
18  dates you're saying I can do default prove up?  And I
19  realize the shutdown issue, but -- and there has to be a
20  hearing for the default prove up, it's not by declaration?

21        THE COURT:  It can be by declaration.  And, you
22  know, you file a motion.  I know the Court has the form
23  motion for default judgment.  I don't like it.

24        MR. POLIS:  Okay.  So, I'm going to put, "Don't
25  use court form."

8

1          THE COURT:  Yeah, don't use the court form.  Just

2    treat it like the real motion.  You can use a declaration.

3    But, for me it has to be just more than, here's a complaint,

4    nobody filed an answer, everything is true.  I still want

5    some sort of a declaration, attach some evidence.

6          MR. POLIS:  Documentation supporting -- yes.

7          THE COURT:  And 90-percent of the time you set it

8    for a hearing, but motion's granted, appearances waived.

9          MR. POLIS:  All right.

10          THE COURT:  Is there any rush here to get that

11    motion for default judgment?

12          MR. POLIS:  No.

13          THE COURT:  All right.  So, I'm going to go out to

14    May.  May 9th, 2019, at 9:30 a.m.  I don't need another

15    status report.  And as I've indicated, those dates -- for

16    seven and eight, May 9, 2019 at 9:30 a.m.  No status report.

17    That date will also be the hearing date for the motions for

18    default judgment.

19          MR. POLIS:  So, we'll give notice.  That's another

20    continued status conference, but you don't need a status

21    report?

22          THE COURT:  Right.  No.

23          MR. POLIS:  So, we'll give notice of the continued

24    status conference, and then when we file -- whenever it

25    comes about, we'll file that motion for default prove up for

9

1  May 9th.

2            THE COURT:  Yes.

3            MR. POLIS:  Cool.

4            THE COURT:  All right.  Now, thank you.  And this

5  was like a --

6            MR. POLIS:  I appreciate it, your Honor.  Thank

7  you.

8            THE COURT:  Thank you.

9        (Proceedings concluded.)

10

11            I certify that the foregoing is a correct

12  transcript from the electronic sound recording of the

13  proceedings in the above-entitled matter.

14

15  /s/ Holly Steinhauer          2-5-20
    Transcriber                   Date
16

17

18

19

20

21

22

23

24

25

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **Defendant's Renewed Motion to Allow Withdrawal of Deemed Admissions F.R.C.P. 36(b); Declarations of Baruch C. Cohen, Nicholas Silao & Sanaz S. Bereliani at Docket #44 & the Amended Motion at Docket #45** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/25/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen          bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Karl T Anderson (TR)     2edansie@gmail.com, kanderson@ecf.axosfs.com
Thomas J Polis (PL)      tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
US Trustee (RS)          ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:** On 2/25/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 2/25/2020,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott H. Yun, USBC, Central District of California, 3420 Twelfth Street, Suite 345, Riverside CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/25/2020 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|-----------|----------------------|---------------------|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**