Sanaz S. Bereliani, SBN 256465
**Bereliani Law Firm, PC**
12100 Wilshire Blvd, Suite 800
Los Angeles, CA 90025
Telephone: 310-882-5482
Fax: 888-876-0896
E-mail: sanaz@berelianilaw.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re: | BK Case No.:  6:17-bk-19336-SY |
| PANDORA HOSPICE CARE, INC | Adv. Case No.: 6:18-ap-01193-SY |
| Debtor. | Chapter 7 |
| | **DECLARATION OF ATTORNEY SANAZ SARAH BERELIANI IN RESPONSE TO EVIDENTIARY HEARING OF SEPTEMBER 9, 2021 AND DECLARATION OF THOMAS J. POLIS & ASSOCIATES' FEES** |
| KARL T. ANDERSON, CH 7 TRUSTEE, | |
| Plaintiff | |
| vs. | Hearing: |
| NICHOLAS SILAO, | Date:        November 18, 2021 |
| Defendant. | Time:        10:30am |
| | Ctrm:        302, 3rd Floor |
| | 3420 Twelfth Street |
| | Riverside, CA 92501 |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE;**

**KARL T. ANDERSON, CH 7 TRUSTEE, AND HIS ATTORNEYS POLIS & ASSOCIATES;**

**DEFENDANT, NICHOLAS SILAO, AND HIS CURRENT COUNSEL OF RECORD; AND ALL**

**OTHER INTERESTED PARTIES:**

//
//
//

1

## DECLARATION OF SANAZ SARAH BERELIANI

I, Sanaz Sarah Bereliani, hereby declare as follows:

1.      I am the former attorney for Defendant/Debtor, Nicholas Silao ("Defendant"), in the within adversary action filed in the Debtor's Chapter 7 bankruptcy case.  I am admitted to practice law before this Court and all Courts in California as a California Bar Bankruptcy Specialist and am a member in good standing.  I make this declaration in support of my absence at the hearing held in this matter on September 9, 20201 to withdraw the Defendant's admissions that were deemed admitted.

## REASON FOR MY ABSENCE AT THE HEARING ON SEPTEMBER 9, 2021 AND WHY IT SHOULD HAVE BEEN CONTINUED.

2.      I sincerely apologize for not appearing at the September 9th hearing even though the Court had ordered (by subpoena) that I appear in person to testify that I did not receive in the mail, or otherwise, Requests for Admissions propounded on the Defendant by the Trustee during my limited representation of the Defendant from October 2018 to April 2019.  I certainly had every intention of appearing at the hearing on September 9th and would have appeared but for an extreme emergency with my mother who is suffering from Alzheimer's Dementia.  I did not simply fail to appear because I did not care or that I just did not feel like coming.  Law is my profession and I have the utmost respect for the legal system and the Courts. Unfortunately, at the time of this hearing my mother had to come first because I had no one else to turn to.

3.      While not using it as an excuse to shrug off an immensely important responsibility, I would like to clarify my reasons for not appearing at the hearing on September 9, 2021.  On January 14, 2021, my father passed away after a long battle with a multitude of illnesses on top of getting COVID. In addition, at the same time, my mother was diagnosed with Alzheimer's Dementia and I was placed as my mother's caretaker, power of attorney and the trustee of the family. I have attempted to juggle all

**DECLARATION OF ATTORNEY SANAZ SARAH BERELIANI IN RESPONSE TO EVIDENTIARY HEARING OF SEPTEMBER 9, 2021 AND DECLARATION OF THOMAS J. POLIS & ASSOCIATES' FEES**

of these family functions including my mother's care.  Since my father's passing, my mother's condition has advanced significantly to the point that she cannot eat, dress, or stay home alone without supervision.

4.      Right before the hearing, my mother's caregiver left our employment[1] and I was left having to step in until I found coverage. This having been dropped on me hours before the hearing, I was not able to find an agency or individual to cover me in order to drive to Riverside, CA. I emailed the Court (Shari Mason), Mr. Cohen and Mr. Polis and advised that I would not be able to make it to the hearing by 10:00 a.m.  It was my sole fault that I emailed the Court and counsel so late, for which I deeply apologize.  A true and correct cop of my email communication is attached as **Exhibit 1.**

5.      I did not receive a response from anyone to my email that day.  The next day I received an email from Mr. Cohen advising me that he had received my email just a couple of minutes before the hearing began along with his recount of the proceedings.  I also received an audio copy of the transcript of the hearing and it appears that the Court read my email as Judge Yun commented that I had asked if a Zoom call could be scheduled.  I understand completely why Judge Yun was upset that I did not appear. He seemed to be at a loss as to how to proceed and asked counsel for their suggestions including whether or not the hearing on the matter should be continued.  What bothers me is that my email referenced my mother's situation and it seems that someone, particularly Mr. Cohen, could have suggested that a continuance would have been appropriate and proper considering the matter at hand. In fact, not only did Mr. Cohen not suggest a continuance he made a knowingly false argument that I had been in possession of the subject RFA's the whole time and never gave them to him.  This could not be farther from the truth as the next two sections explain.

---

[1] On the morning of September 9th, my mother took a fall and her caregiver did not show up.  I was the only one who could stay with her and I spent the morning prior to 10:00 a.m. trying to find someone else to care for her so I could drive to Riverside for the hearing.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MY LIMITED SCOPE REPRESENTATION OF THE DEFENDANT AND MY

## COMMUNICATIONS WITH THE DEFENDANT'S NEW LAWYER BARUCH COHEN

6.    On or about October 2018, Defendant (and his brothers) hired me on a *limited* basis (which I agreed to) to assist them with only answering the adversary complaint. After trying to reach him multiple times as to being retained for the next steps of the case, the Defendant finally advised that his mother had passed away and that he would not be able to proceed with any activity until the family matters were resolved.  In respect of the circumstances, I reached out to Mr. Polis to advise him of delays.  At that time, I advised the Defendant (and his brothers) that a joint status report and conference deadline was coming up which he must participate in.  The Defendant further retained me to handle the joint status report and conference. Unfortunately, I was not successful in communicating with the Defendant after that.

7.    On February 11, 2019, I emailed the Defendant, advising him that because of the lack of communication and since he had not contemplated my further representation, I was not able to proceed as I could not respond on his behalf since I did not know the further facts of the case or the preferred game plan of the part(ies).  I provided him with a Substitution of Attorney to review and sign.  After not hearing back from the Defendant for a few days, I emailed him and advised that I planned on withdrawing from the case due to a breakdown in communications.  My office continued to try to contact Defendant for about a month and my last attempt to communicate with him was on March 13, 2019 when I called and left a message, but I never heard back from him.

8.    On March 15, 2019, I filed my motion to withdraw [Docket 12] as Defendant's counsel; on April 29, 2019 the Court entered its Order granting my motion to withdraw [Docket 16]; on May 1, 2019 the Court's Certificate of Notice was filed and served on Defendant via mail by the Court.  At the time of the hearing on the motion, April 11, 2019, the Court and Mr. Polis requested that I provide

4

contact information for the Defendant, which I did, so Mr. Polis could get in touch with the Defendant directly.

9.    On or about August 7, 2019, I received an email from the Defendant, copying his new attorney Mr. Cohen, requesting a copy of his file. The same day I forwarded the Defendant an email with **my entire file which had no discovery documents** which included: (1) The Complaint; (2) Retainer Agreement; (3) A Waiver of Conflict of Interest for a Joint Representation signed by Nick Silao; (4) A Waiver of Conflict of Interest for a Joint Representation signed by Ray Silao; (5) A Paypal receipt of Nick's payment to you; (6) the Answer to the Complaint; (7) Another copy of the Answer to the Complaint; (8) the filed JSR; (9) the filed Scheduling Order; (10) a blank form Substitution of Attorney; (11) the Order Granting the Motion to Withdraw; and (12) the LOU receipt of Order Granting Motion to Withdraw.

10.    On August 8, 2019, Defendant's new counsel Baruch Cohen emailed me stating: "Thx for the prompt reply. Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any discovery done in this adversary? If so, please send them."

11.    On August 8, 2019, I responded to Mr. Cohen's email: "Per my previous email, there was no communication by your client so no nothing further was done. They retained me on a limited scope and were not in touch after with further instruction or guidance. I recommend calling Trustees counsel regarding case status, I'm surprised they haven't filed anything else yet. Nick got lucky."  My statement that I was surprised the Trustee had not filed anything else in the case since my withdrawal clearly indicates that I had not received any discovery documents from Mr. Polis and that my entire file consisted of the documents referenced in ¶8 above.

12.    On August 9, 2019, Mr. Cohen emailed me again informing me that Plaintiff's Unilateral Pretrial statement stated that Request for Admissions ("RFA's") had been propounded on Defendant, that Defendant did not respond to the RFAs, and that they are now deemed admitted. Cohen inquired

5

why he was not given copies of the RFAs. I responded to the email on the same day stating: "Ps I'll speak to my office regarding receipts of anything on their end but please note we were retained specifically for an answer and joint status report and conference. We had no further involvement or guidance. Lastly, I appreciate your professionalism going forward."

13.     On or about August 9, 2019 I contacted Mr. Polis' office (Plaintiff's counsel) and spoke with his legal assistant, Cristina Allen, and requested a copy of the Requests for Admissions and any other discovery documents. On or about August 9, 2019, Ms. Allen forwarded to me a copy of the Request for Admissions and Interrogatories. **This was the first time I had ever seen these documents. I never received these documents by mail or electronically.**

14.     On or about September 12, 2019, after unproductive email communications with Mr. Cohen, I suggested, and we had, a conference call to discuss the subject of Plaintiff's discovery. I advised him that in reviewing my file **as of August 7, 2019** (when Defendant reached out to me for a copy of his file) I did not find a copy of any propounded discovery in my possession – scanned or paper versions. I told him that it is my office's protocol to save a copy of paper documents received and also to email a PDF version to clients and to save an electronic version[2]. Because of my office's protocol, I further advised Mr. Cohen that **I was not in possession of any discovery served upon my office for the Defendant prior to August 7, 2019.** However, I did advise Mr. Cohen that Ms. Allen (from Mr. Polis' office) had email me a copy of the Requests for Admissions and Interrogatories on or about August 9, 2019 **and that prior to this date I had no discovery from Mr. Polis in my file.**

---

[2] At the time, my office was subleasing office suites from Regus. The reception handled mail for the entire 2nd floor. If a piece of mail is  erroneously provided to another law office on the floor, it is my knowledge and understanding based on experience that the other law offices (and/or Regus staff) would clear up by bringing to the right party immediately. There is no reason I have that another law firm or Regus client would decide to hold on to discovery that is not theirs.

**DECLARATION OF ATTORNEY SANAZ SARAH BERELIANI IN RESPONSE TO EVIDENTIARY HEARING OF SEPTEMBER 9, 2021 AND DECLARATION OF THOMAS J. POLIS & ASSOCIATES' FEES**

## REBUTTAL TO MR. COHEN'S FALSE CLAIM AT THE HEARING THAT I WAS

## IN POSSESSION OF THE RFA'S AND DID NOT GIVE THEM TO HIM.

15.    As mentioned above, I have purchased an audio copy of the transcript of the hearing held on September 9, 2021.  I have transcribed the following from the beginning of the hearing:

"**Judge Yun: (to Cohen):**  Do you have any thoughts or suggestions on how we should proceed today?

"**Cohen:**  I do. In reviewing the paperwork myself, I caught something that I did not catch earlier in the written pleadings.  And I refer to Ms. Bereliani's letter. It is Ex. 16 to the motion.  You know sometimes when you highlight something to the court you tend to focus on only what was highlighted but sometimes you fail to catch the preceding sentence, which has even a greater kick.  . . . . In Bereliani's letter she writes the following: 'I do have them since they were sent to me via email per my request but not before then.'  Now it is a big vague but it is in response to my letter complaining why you know why didn't you send me the RFA's if you had them and she says: 'I do have them since they were sent to me via email per my request but not before then.'  I highlighted the next sentence:  'That also we were not retained for work in addition to filing an answer attending the status conference.'  I focused on the second sentence.  But here we have her own letter that if I am reading it correctly she is saying that she had them."

16.    It is clear that Mr. Cohen took advantage of the fact that since I was not there and could not respond he would throw me under the bus and try to place all the blame on me for the "deemed admissions" of the RFAs and that I somehow intentionally withheld them from him. To be clear, Mr. Cohen took that sentence entirely out of context and falsified what the sentence was in response to and what it meant.  Mr. Cohen and I had a very long chain of emails going back and forth between August 9, 2019 and September 16, 2019.  The entirety of the email Mr. Cohen was referring to at the September 9th hearing was as follows:

**DECLARATION OF ATTORNEY SANAZ SARAH BERELIANI IN RESPONSE TO EVIDENTIARY HEARING
OF SEPTEMBER 9, 2021 AND DECLARATION OF THOMAS J. POLIS & ASSOCIATES' FEES**

"Per our phone call last week, I am happy to prepare a declaration which **states that my office does not have a copy of RFAs that were supposedly sent by the Trustee in our files. That as of your substitution into the case I do have them since they were sent to me via email per my request, but not before then.** That also, that we were not retained for work in addition to filing an answer, attending the status conference or for preparing the joint status report and even had we had it, we would not have been able to respond due to the breakdown of communication. Please let me know if you'd like me to and I will prepare this for you today."

My email above was in response to Mr. Cohen's email that stated specifically: "Are you willing to sign a declaration that prior to 9-11-2019 me sending you the RFA's that you did not have it in your file?" I have attached a true and correct copy of the email chain as **Exhibit 2**.

17.    It is clear that my email was about what my declaration would say, which was that I never received a copy of the RFAs that were allegedly served by Mr. Polis' office; that as of Mr. Cohen's substitution in the case, I now have the RFAs, which were sent to me by Mr. Polis's office after I requested them on August 9, 2019 from Mr. Polis' assistant, Cristina Allen; and that I did not have the RFAs before then (i.e., August 9, 2019). I am astounded that Mr. Cohen would falsify his understanding of my email in court. It was clear at the time of the email communications between Mr. Cohen and I that I never received the RFAs or any other discovery from Mr. Polis' office any time around the original date of service. Mr. Cohen was well aware of this fact as we had been discussing the issue for about a month at the time my email was written. I am so disappointed and seriously unnerved that Mr. Cohen, who is also a rabbi, would behave in this manner. I understand the concept of advocating for you client, but throwing another attorney under the bus based on a lie is simply unacceptable in my book.

8

18.    The entire blame of this matter should fall on the Defendant.  I made every effort to advocate for the Defendant and to assist him with this case but he refused to communicate with me in any substantive way about this case and how he wanted to proceed and what his goal was to finalize the matter.  I represented the Defendant on a limited scope basis and for less than 3[3] months.  It is unfair to place any blame on me for the Defendant's own negligence in failing to communicate with his lawyer and diligently defending the case.

## MY REPUTATION AND EXPERIENCE AS A LAWYER

19.    Since becoming a member of the bar in 2008, I have represented debtors and creditors in consumer and business bankruptcies, as well as adversary actions. I have also represented Howard Ehrenberg, a bankruptcy trustee, in an adversary action and mediation in the Los Angeles division of this court.  Unfortunately, I have not had the honor of appearing in front of the Honorable Scott Yun on too many occasions as the majority of my cases have been filed in the Los Angeles and San Fernando Divisions of this Court.  However, I welcome the opportunity to appear in front of the Honorable Judge Yun at some point in the future so that he will understand that I am very respectful of the court system and am experienced in bankruptcy law.

20.    I take my responsibilities as a bankruptcy lawyer very seriously and am proud of the reputation I have earned in the close-knit bankruptcy community through my representation of debtors, creditors, and interactions with Trustees and Judges at Court and James T. King Inn of Court.

21.    I am prepared to appear on November 18th, 2021 at 10:30am at the continued hearing in this matter, or any other time before or after that date, should the Court be amenable, in order to clear my name and testify in person that under penalty of perjury I did not receive the discovery that Mr. Polis alleges was served on my office.

---

[3] Although I was retained October 2018 and the Order withdrawing my presentation came in April 2019, I was not successful in communicating with the Defendant after February 2019.

9

22.     I hope that the Court will take into consideration the totality of the circumstances and my willingness to be available in person to testify at another time.  I respectfully request that the Court reconsider its order that I should be jointly and severally liable to pay the trustee's attorney's fees in the amount of $18,000.00.  While I am happy to pay a penalty for not appearing, I believe the amount the Court has order is excessive and unwarranted in light of the explanation set forth herein.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.


Date: October 8, 2021                                    _____

Sanaz Sarah Bereliani, Esq.

**DECLARATION OF ATTORNEY SANAZ SARAH BERELIANI IN RESPONSE TO EVIDENTIARY HEARING OF SEPTEMBER 9, 2021 AND DECLARATION OF THOMAS J. POLIS & ASSOCIATES' FEES**

EXHIBIT "1"

 **Gmail**

Sanaz Sarah Bereliani <sanaz@berelianilaw.com>

## Re: Hearing 9/9/2021

**Sanaz Sarah Bereliani, Esq** <sanaz@berelianilaw.com>                                    Thu, Sep 9, 2021 at 9:58 AM
To: bcc@baruchcohenesq.com
Cc: Shari Mason <Shari_Mason@cacb.uscourts.gov>, BARUCH COHEN <baruchcohen@baruchcohenesq.com>, Tom Polis
<tom@polis-law.com>

Baruch, and all -

I truly apologize for the super late notice. I've been dealing with an emergency with my mother last night after the holidays
as she has Alzheimer's and had a slip.

I haven't been able to find coverage from an agency all morning and as such not able to be there in person right now in
Riverside.

If at all possible I can call in or zoom in to explain to the court and also speak. I just won't make it in time to be there in
person as I am my mothers sole care this morning.

Please let me know what to do at this point.

~ Sanaz Bereliani, Esq
Bereliani Law Firm, PC

On Sep 8, 2021, at 9:11 PM, Baruch Cohen <baruchcohen@baruchcohenesq.com> wrote:

Shari :

- Thank you for your letter. I now just returned to my office after a two-day Jewish Holiday of Rosh
  Hashanah. As an orthodox Jew observing the Jewish holidays where work is prohibited, I was
  unable to respond to your letter until now once the holiday concluded.
- Judge Yun was satisfied with my client Nicholas Silao's declaration and said that he does NOT have
  to testify. Accordingly, Mr. Silao will not be a witness at tomorrow's hearing.
- Judge Yun required the live testimony of Mr Silao's prior attorney **SANAZ S. BERELIANI** to
  personally question her about her declarations: (1) [**Doc-31**] pp 35-39, (2) [**Doc-45**] pp 129-133, &
  (3) [**Doc-58**], pp 48-52.
- She signed the last stipulation for the 9-9-2021 hearing so I assume she's well aware of tomorrow's
  hearing. Ms. Bereliani's current address is **12100 WILSHIRE BLVD 8TH FLOOR, LOS ANGELES,
  CA 90025. OFFICE: (310) 882-5482, CELL: (818) 920-8352, FAX: (888) 876-0896**. I am copying
  her with this email.

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: baruchcohen@baruchcohenesq.com, bcc4929@gmail.com
Selected To Super Lawyers: 2013, 2015 - 2021

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for
the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from
disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

On Wed, Sep 8, 2021 at 12:41 PM Shari Mason <Shari_Mason@cacb.uscourts.gov> wrote:

Good afternoon Mr. Cohen,

In regards to tomorrow's hearing, I'm not sure if you plan to have witnesses or not but I will be the Decro at the hearing tomorrow

and in order to make things easier for both of us, and since we're not allowing anyone to approach the Decro, do you think you

could send me all the names and addresses of your witnesses please, if you have any?

Thanks so much,

<image001.png>

[Quoted text hidden]

EXHIBIT "2"



Sanaz Sarah Bereliani <sanaz@berelianilaw.com>

---

## 6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao Pre Trial Stipulation - RFA's Were Deemed Admitted???!!?!?!?

**Sanaz Sarah Bereliani, Esq** <sanaz@berelianilaw.com>                           Mon, Sep 16, 2019 at 8:29 PM
To: bcc@baruchcohenesq.com
Cc: nsilao <nsilao@aol.com>

Yes I advised you of this many times. I'll fwd in am. At dinner.

Sent from my iPhone

On Sep 16, 2019, at 7:10 PM, Baruch Cohen <baruchcohen@baruchcohenesq.com> wrote:

SB: Your declaration indicates that Plaintiff recently sent you FROGGS. Please forward it to me. Thc. BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
***Notice of Ex Parte Hearings Will Not Be Accepted by Email***
American Trial Attorneys in Defense of Israel



**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*
This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

   Sender notified by
Mailtrack

On Mon, Sep 16, 2019 at 6:39 PM Sanaz Sarah Bereliani <sanaz@berelianilaw.com> wrote:
I have prepared the dec but I want to check with Plaintiff as to the date of a conversation I had with him to include in my declaration. I believe this was in March, around the same time as my Motion to Withdraw.

Once I speak to him tomorrow I will finalize the Declaration. For now, you can review my draft.

On Mon, Sep 16, 2019 at 4:24 PM Baruch Cohen <baruchcohen@baruchcohenesq.com> wrote:
Ok, thank you.

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010

Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
***Notice of Ex Parte Hearings Will Not Be Accepted by Email***

 American Trial Attorneys in Defense of Israel

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

 Sender notified by
Mailtrack

On Mon, Sep 16, 2019 at 4:20 PM Sanaz Sarah Bereliani <sanaz@berelianilaw.com> wrote:
Have a deadline will have to you before I leave this evening

On Mon, Sep 16, 2019 at 4:03 PM Baruch Cohen <baruchcohen@baruchcohenesq.com> wrote:
Sanaz:

That you didn't receive the RFA's and Plaintiff's Initial Disclosures....
Please prepare the declaration.

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
***Notice of Ex Parte Hearings Will Not Be Accepted by Email***

 American Trial Attorneys in Defense of Israel

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

 Sender notified by
Mailtrack

On Mon, Sep 16, 2019 at 3:31 PM Sanaz Sarah Bereliani <sanaz@berelianilaw.com> wrote:
Hi Baruch,

Per our phone call last week, I am happy to prepare a declaration which states that my office
does not have a copy of RFAs that were supposedly sent by the Trustee in our files. That as of
your substitution into the case I do have them since they were sent to me via email per my
request, but not before then. That also, that we were not retained for work in addition to filing an
answer, attending the status conference or for preparing the joint status report and even had we
had it, we would not have been able to respond due to the breakdown of communication.

Please let me know if youd like me to and I will prepare this for you today.

Thank you.

On Sat, Sep 14, 2019 at 8:25 PM Baruch Cohen <baruchcohen@baruchcohenesq.com> wrote:
Sanaz:

Are you willing to sign a declaration that prior to 9-11-2019 me sending you the RFA's that you
did not have it in your file?

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
***Notice of Ex Parte Hearings Will Not Be Accepted by Email***

 American Trial Attorneys in Defense of Israel

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of
Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is
intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged,
confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination,
distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please
notify us immediately by e-mail and destroy this communication.

 Sender notified by
Mailtrack

On Thu, Sep 12, 2019 at 11:25 AM Baruch Cohen <baruchcohen@baruchcohenesq.com>
wrote:
you are correct.
1:30pm
ty

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010

Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
**_Notice of Ex Parte Hearings Will Not Be Accepted by Email_**
 American Trial Attorneys in Defense of Israel

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers®* *is a registered trademark of*
*Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is
intended only for the use of the individual or entity to which it is addressed, and may contain information that is
privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any
dissemination, distribution or copying of this communication is strictly prohibited. If you have received this
communication in error, please notify us immediately by e-mail and destroy this communication.

 Sender notified by
Mailtrack

On Thu, Sep 12, 2019 at 11:08 AM Sanaz Sarah Bereliani <sanaz@berelianilaw.com>
wrote:
Per your own calendar invite - our time to talk is 1:30pm. I am with a client right now and
at 12pm.

On Thu, Sep 12, 2019 at 10:58 AM Baruch Cohen <baruchcohen@baruchcohenesq.
com> wrote:
Sanaz:

It's now 11am, andI haven't received the courtesy of your 10am call.

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
**_Notice of Ex Parte Hearings Will Not Be Accepted by Email_**
 American Trial Attorneys in Defense of Israel

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers®* *is a registered trademark of*
*Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally
privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain
information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the
intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you
have received this communication in error, please notify us immediately by e-mail and destroy this
communication.

Sender notified by
Mailtrack

On Wed, Sep 11, 2019 at 6:33 PM Baruch Cohen <baruchcohen@baruchcohenesq.
com> wrote:

Sanaz:

While I'm always happy to talk, what I need is everything, and I mean everything in
Nick's file.
Let's talk at 1:30pm.
Please call me at 323-937-4501.


BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
***Notice of Ex Parte Hearings Will Not Be Accepted by Email***
American Trial Attorneys in Defense of Israel



**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark
of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally
privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain
information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the
intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you
have received this communication in error, please notify us immediately by e-mail and destroy this
communication.


Sender notified by
Mailtrack

On Wed, Sep 11, 2019 at 6:11 PM Sanaz Sarah Bereliani, Esq
<sanaz@berelianilaw.com> wrote:

Baruch,

I'm happy to speak on the phone further tomorrow. I can be available to you at 130
or 4pm.

Constant emails back and forth are not the most reasonable use of time.


Sent from my iPhone

On Sep 11, 2019, at 5:54 PM, Baruch Cohen <baruchcohen@baruchcohenesq.

com> wrote:

Sanaz:

- On 8-7-2019 at 10:42am, Nick wrote you and demanded his file from you pursuant to the California Rule of Professional Responsibility 4-100(B)4. As you know, Rule 4-100(b)(4) provides: the attorney must promptly pay or deliver, as requested by the client, any funds, securities, **or other properties in the possession of the member which the client is entitled to receive**.
- On 8-7-2019, at 2:18pm, you wrote back: " **Not much** - Nick went MIA on us shortly after the beginning and we just bought him time with the Tee's attorney... " and sent us the following 12 documents:  (1) The Complaint; (2) Your Retainer Agreement; (3) A Waiver of Conflict of Interest for a Joint Representation signed by Nick Silao; (4) A Waiver of Conflict of Interest for a Joint Representation signed by Ray Silao; (5) A Paypal receipt of Nick''s payment to you; (6) the Answer to the Complaint; (7) Another copy of the Answer to the Complaint; (8) the filed JSR; (9) the filed Scheduling Order; (10) a blank form Substitution of Attorney; (11) the Order Granting your Motion to Withdraw; & (12) the LOU receipt of her Order Granting her Motion to Withdraw.
- On 8-8-2019, at 6:53am, I wrote you: "Thx for the prompt reply. **Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures**? If so, please send it. **Was any discovery done in this adversary**? If so, please send them."
- On 8-8-20189 at 8:216am, you responded: "Per my previous email, there was no communication by your client **so no nothing further was done**. They retained me on a limited scope and were not in touch after with further instruction or guidance. I recommend calling Trustees counsel regarding case status, I'm surprised they haven't filed anything else yet. Nick got lucky."
- On 8-9-2019 at 6:34am, I wrote you informing you that Plaintiff's Unilateral Pretrial stated that he indeed propounded discovery Request for Admissions ("RFA's") to the Defendant, that Nick did not respond to, and that they are now deemed admitted. I asked you why wasn't I given copies of this discovery?
- On 8-9-2019 at 12:17pm, you responded: "Ps I'll speak to my office regarding receipts of anything on their end but please note we were retained specifically for an answer and joint status report and conference. **We had no further involvement or guidance**.  Lastly, I appreciate your professionalism going forward."
- Today, 9-11-2019 at 4:42 pm, Plaintiff's counsel sent me the enclosed RFA that was served on your office on **3-7-2019** at your address "Sanaz S. Bereliani, Bereliani Law Firm, 11400 W. Olympic Blvd., Suite 200, Los Angeles, CA 90064. On 3-15-2019, you moved to withdraw as counsel to Nick. So you must have had the 3-7-2019 RFA's in your file before you moved to withdraw on 3-15-2019. Yet, you did not produce it to me in violation of  Rule 4-100(b)(4). I am very concerned that you've had this RFA in your file and did not produce it to me and Nick when he demanded it.
- So I will ask you again: **Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures**? If so, please send it. **Was any discovery done in this adversary**? If so, please send them.
- I am very concerned that now the RFA's are deemed admitted, and Nick will now have to spend money to file a Motion to have the Deemed Admissions Withdrawn, which he

should not have to depHad you forwarded to him the RFA's
when you received it on 3-7-2019.
- Please advise immediately.

BCC


---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*
American Trial Attorneys in Defense of Israel

**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*
This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.


On Fri, Aug 9, 2019 at 12:17 PM Sanaz Sarah Bereliani, Esq
<sanaz@berelianilaw.com> wrote:
> Ps I'll speak to my office regarding receipts of anything on their
> end but please note we were retained specifically for an answer
> and joint status report and conference. We had no further
> involvement or guidance.
>
> Lastly, I appreciate your professionalism going forward.
>
> Sanaz Sarah Bereliani, Esq
>
> On Aug 9, 2019, at 7:43 AM, Baruch Cohen
> <baruchcohen@baruchcohenesq.com> wrote:
>
>
>       The Plaintiff is relying on a 2016 tax return of
>       Pandora. Please produce that to me immediately.
>
>       ---
>       Baruch C. Cohen, Esq.
>       Law Office of Baruch C. Cohen, APLC
>       4929 Wilshire Boulevard, Suite 940

Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
**_Notice of Ex Parte Hearings Will Not Be_**
**_Accepted by Email_**

American Trial Attorneys in Defense of Israel

**2013, 2015, 2016, 2017, 2018 & 2019** *Super*
*Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy
Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only
for the use of the individual or entity to which it is addressed, and
may contain information that is privileged, confidential and exempt
from disclosure under applicable law. If you are not the intended
recipient, any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this
communication in error, please notify us immediately by e-mail and
destroy this communication.

Sender notified by
Mailtrack

On Fri, Aug 9, 2019 at 6:34 AM Baruch Cohen
<baruchcohen@baruchcohenesq.com> wrote:
Nick & Sanaz:

I specifically asked both of you whether there was
any discovery done in this adversary and you both
said no. Nick asked Sanaz for her entire file and
no discovery was turned over to me.  I took on the
case yesterday based on your explicit
representations to me that no discovery was
taken in this case.

Enclosed please find the Plaintiff's Unilateral
Pretrial stating that he propounded discovery to
Defendant - Request for Admissions ("RFA's") to
the Defendant that Nick did not respond to, and
that they are now deemed admitted. Below are his
conclusions that because Nick failed to respond to
the RFA's, they are now deemed admitted.

Why wasn't I given copies of this discovery? This
is a very serious breach of Nick's retainer
agreement to me ("The Client will be truthful and
cooperative with the Attorney"). Both of you
please call me immediately to explain. This is
totally unacceptable.

BCC

-------------------------------

4. The Debtor loaned/transferred $137,000 to
Defendant, Nicholas Silao. The Debtor's 2016

Federal Income Tax Returns signed under penalty of perjury reflected the outstanding loan owed by Defendant, Nicholas Silao to the Corporate Debtor. **(Unresponded to Request for Admission No. 1).**

5. Pursuant to the Debtor's 2016 Federal Income Tax Returns, Defendant, Nicholas Silao owes the Plaintiff/Chapter 7 Trustee no less than $137,000, plus any and all costs of collection. **(Unresponded to Request for Admission No. 4).**

6. Plaintiff/Chapter 7 Trustee is entitled to pre-judgment interest as provided under applicable non-bankruptcy law **(Unresponded to Request for Admission No. 5).**

7. Defendant, Nicholas Silao has no defenses and/or counterclaims to Plaintiff/Chapter 7 Trustee's demand for $137,000. **(Unresponded to Request for Admission No. 6).**

8. Defendant, Nicholas Silao has no facts that dispute Plaintiff/Chapter 7 Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. **(Unresponded to Request for Admission No. 7).**

9. Defendant, Nicholas Silao has no documents, notes or other writings that disputes the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. **(Unresponded to Request for Admission No. 8).**

10. Defendant, Nicholas Silao has no witnesses that dispute the Trustee's entitlement to $137,000 demanded in the Trustee's Complaint. **(Unresponded to Request for Admission No. 9)**

-----------------------------

**6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao**
**Pre Trial Stipulation  23**

**Docket Text:**
Pre Trial Stipulation By Karl T. Anderson, Chapter 7 Trustee and *Unilateral Pre-Trial Stipulation; with Proof of Service* Filed by Plaintiff Karl T. Anderson, Chapter 7 Trustee (Polis, Thomas)

**6:18-ap-01193-SY Anderson, Chapter 7 Trustee v. Silao**
**Declaration  24**

**Docket Text:**
Declaration re: *Thomas J. Polis re: Unilateral Pre-Trial Stipulation; with Proof of Service* Filed by Plaintiff Karl T. Anderson, Chapter 7 Trustee (RE: related document(s)[23] Pre Trial Stipulation By Karl T. Anderson, Chapter 7 Trustee and *Unilateral Pre-Trial Stipulation; with Proof of Service*). (Polis, Thomas)

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
**_Notice of Ex Parte Hearings Will Not Be_**
**_Accepted by Email_**

 American Trial Attorneys in Defense of Israel

**2013, 2015, 2016, 2017, 2018 &**
**2019 _Super Lawyers®_ _is a registered trademark of_**
**_Thomson Reuters_**

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

 Sender notified by
Mailtrack

<image.gif>

 Sender notified by
Mailtrack

<NSilao RFA 030719.pdf>

--
Sanaz Sarah Bereliani, Esq.



11400 W. Olympic Blvd, Suite 200
Los Angeles, CA 90064
www.berelianilaw.com
**Office:** (310) 914-0152
**Direct:** (818) 920-8352
**Fax:** (888) 876-0896

*Selected in 2014-2018 as a Southern California Rising Stars Super Lawyer by Los Angeles Magazine*



*© 2015 Super Lawyers® is a registered trademark of Thomson Reuters*

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW

[Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 270(a)]

This message is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential or otherwise legally exempted from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this transmission in error, please notify us at (310)914-0152 or simply reply to this email.Thank you for your cooperation.

--
Sanaz Sarah Bereliani, Esq.



11400 W. Olympic Blvd, Suite 200
Los Angeles, CA 90064
www.berelianilaw.com
**Office:** (310) 914-0152
**Direct:** (818) 920-8352
**Fax:** (888) 876-0896

*Selected in 2014-2018 as a Southern California Rising Stars Super Lawyer by Los Angeles Magazine*



*© 2015 Super Lawyers® is a registered trademark of Thomson Reuters*

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW

[Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 270(a)]

This message is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential or otherwise legally exempted from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this transmission in error, please notify us at (310)914-0152 or simply reply to this email.Thank you for your cooperation.

--
Sanaz Sarah Bereliani, Esq.



11400 W. Olympic Blvd, Suite 200
Los Angeles, CA 90064
www.berelianilaw.com
**Office:** (310) 914-0152
**Direct:** (818) 920-8352
**Fax:** (888) 876-0896

*Selected in 2014-2018 as a Southern California Rising Stars Super Lawyer by Los Angeles Magazine*

images[4]

*© 2015 Super Lawyers® is a registered trademark of Thomson Reuters*

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW

[Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 270(a)]

This message is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential or otherwise legally exempted from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this transmission in error, please notify us at (310)914-0152 or simply reply to this email.Thank you for your cooperation.

--
Sanaz Sarah Bereliani, Esq.



11400 W. Olympic Blvd, Suite 200
Los Angeles, CA 90064
www.berelianilaw.com
**Office:** (310) 914-0152
**Direct:** (818) 920-8352
**Fax:** (888) 876-0896

*Selected in 2014-2018 as a Southern California Rising Stars Super Lawyer by Los Angeles Magazine*

images[4]

*© 2015 Super Lawyers® is a registered trademark of Thomson Reuters*

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW

[Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 270(a)]

This message is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential or otherwise legally exempted from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this transmission in error, please notify us at (310)914-0152 or simply reply to this email.Thank you for your cooperation.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**BERELIANI LAW FIRM, PC**
**12100 Wilshire Blvd., 8th Floor**
**Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*):  **DECLARATION OF ATTORNEY SANAZ SARAH BERELIANI IN RESPONSE TO: EVIDENTIARY HEARING OF SEPTEMBER 9, 2021 AND DECLARATION OF THOMAS J. POLIS & ASSOCIATES' FEES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:


**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **October 8, 2021** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Karl T Anderson (TR)**    2edansie@gmail.com, kanderson@ecf.axosfs.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **October 8, 2021** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Scott Yun
United States Bankruptcy Court
3420 Twelfth Street, Suite 345
Riverside, CA 92501

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/8/2021 | Chris Ugarteche | /s/ Chris Ugarteche |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*    **9013-3.1.PROOF.SERVICE**