Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
   A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501       Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorney For Defendant Nicholas Silao*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>PANDORA HOSPICE CARE, INC.<br><br>    Debtor<br><br>KARL T. ANDERSON, CHAPTER 7 TRUSTEE<br><br>    Plaintiff<br><br>vs.<br><br>NICHOLAS SILAO<br><br>    Defendant | Case No. 6:17-bk-19336-SY<br><br>Adv. 6:18-ap-01193-SY<br><br>Before the Honorable Scott H. Yun<br><br>Chapter 7<br><br>**DEFENDANT'S RESPONSE & EVIDENTIARY OBJECTIONS TO DECLARATION OF ATTORNEY SANAZ SARAH BERELIANI IN RESPONSE TO EVIDENTIARY HEARING OF SEPTEMBER 9, 2021 AND DECLARATION OF THOMAS J. POLIS & ASSOCIATES' FEES**<br><br>Date: 11-18-2021<br>Time: 10:30am<br>Courtroom 302<br>Place: 3420 Twelfth Street, Riverside, CA |

     Defendant Nicholas Silao ("Defendant") hereby submits his Evidentiary Objections to the *Declaration of Attorney Sanaz Sarah Bereliani in Response to Evidentiary Hearing of September 9, 2021 and Declaration of Thomas J. Polis & Associates' Fees* ("Declaration") and represent as follows:

10/11-12:10pm

**PREFATORY STATEMENT**

On 10-8-2021, Defendant's former counsel Sanaz Bereliani ("Bereliani") filed her Declaration [Doc-95] to avoid any responsibility for paying Plaintiff's $18,905.00 in attorneys fees for the Plaintiff's opposing Defendant's *Motion to Allow Withdrawal of Deemed Admissions F.R.C.P. § 36(b)* ("Motion"). By her Declaration, Bereliani fails to take *any* responsibility by passing the buck and shamelessly playing the "Blame Game"[1] scapegoating her former client Defendant for her failures, and to add insult to injury, the defiant Bereliani now accuses Defendant's counsel for misleading the Court. It is indeed breathtaking "Chutzpah" to shift the blame for Bereliani's failures and professional negligence to Defendant.

However, the time and place for Bereliani to have testified about the RFA's, was at the hearing on Defendant's Motion on 9-9-2021, and not at this upcoming hearing on the reasonableness of Plaintiff's fees. The Court has already granted the Defendant's Motion, and found Bereliani primarily responsible. That ship has since sailed.

Defendant's counsel is an experienced litigator who takes full responsibility for his cases, and believes (contrary to Bereliani) that as trial counsel, "The buck stops here."[2] It is indeed unfortunate, that Bereliani does not share this belief. Mr. Cohen takes great offense to Bereliani's irresponsible comments and cowardice.

///

///

---

[1] The expression is said to have originated from poker in which a marker or counter (such as a knife with a buckhorn handle during the American Frontier era) was used to indicate the person whose turn it was to deal. If the player did not wish to deal he could pass the responsibility by passing the "buck," as the counter came to be called, to the next player. Mitford M. Mathews, ed., A Dictionary of Americanisms on Historical Principles (Chicago, University of Chicago Press, 1951), I, pp. 198–99.

[2] "The buck stops here" is a phrase that was popularized by U.S. President Harry S. Truman, who kept a sign with that phrase on his desk in the Oval Office. The phrase refers to the notion that the President has to make the decisions and accept the ultimate responsibility for those decisions. Truman received the sign as a gift from a prison warden who was also an avid poker player. It is also the motto of the U.S. Naval Aircraft Carrier USS Harry S. Truman (CVN-75).

# THE INADMISSIBLE STATEMENTS CONTAINED IN THE BERELIANI DECLARATION MUST BE STRICKEN BY THE COURT

Bereliani's Declaration is objectionable for the following reasons:

| Objectionable Testimony (Referenced by Paragraph number) | Basis for Objection |
|---|---|
| Bereliani's Declaration in its entirety | **Lack of Personal Knowledge of the Matter (FRE 601-606)**: Notwithstanding Bereliani's Declaration that she is admitted to practice law before this Court and all Courts in California as a California Bar Bankruptcy Specialist and is a member in good standing, she fails to declare that she has personal knowledge of the matter. |
| 5. In fact, not only did Mr. Cohen not suggest a continuance he made a knowingly false argument that I had been in possession of the subject RFA's the whole time and never gave them to him. This could not be farther from the truth as the next two sections explain. | **Mischaracterization of Mr. Cohen's Arguments at the 9-9-2021 Hearing (FRE 403, 611(a)**: A clear reading of the transcript of the hearing demonstrates that Mr. Cohen did not make a knowingly false argument that Bereliani had been in possession of the subject RFA's the whole time. Rather, Mr. Cohen cited to Bereliani's vague letter: "I do have them since they were sent to me via email per my request but not before then" that her was not entirely sure what that meant, but that he read it to mean she had it. This is evidenced in §15. Even the Court agreed and stated: "Mr. Cohen, you're right, it is ambiguous. She sort of says, "I had it but because of my limited scope of engagement, I didn't respond." It doesn't really fall on the sword." |
| 6. The Defendant further retained me to handle the joint status report and conference. | **Assumes Facts Not in Evidence & Lack of Foundation (including Authentication) Simmons v. U.S., 940 A.2d 1014 (D.C. 2008)**: Bereliani did not produce a copy of her additional retainer with Defendant to handle the joint status report and conference. Her retainer agreement specifically stated that: "Bereliani will not be formally handling this case without a further retainer. " Notwithstanding this Objection, Bereliani's statement is an admission that she was indeed retained to handle the 1-17-2019 joint status report and conference, and admitted to the propounding of discovery. |

| | | |
|---|---|---|
| 1 | | |
| 2 | 11. My statement that I was surprised the Trustee had not filed anything else in the case since my withdrawal clearly indicates that I had not received any discovery documents from Mr. Polis and that my entire file consisted of the documents referenced in ¶8 above. | **Mischaracterization (FRE 403, 611(a))**: Per §10, on 8-9-2019, Mr. Cohen asked Bereliani: "Did Plaintiff send you Plaintiff's FRCP 26 Initial Disclosures? If so, please send it. Was any discovery done in this adversary?" To which Bereliani responded: "I'm surprised they haven't filed anything else yet." Initial Disclosures and Discoveries are not filed with the Court. Discovery Motions are filed. If anything, Bereliani's statement is an admission that she was aware of the outstanding discovery, and was surprised that the Trustee did not file a motion re same.

Further, Bereliani's 8-9-2019 response to Mr. Cohen's inquiry why she did not produce to him the Plaintiff's RFA's: "Ps I'll speak to my office regarding receipts of anything on their end but please note we were retained specifically for an answer and joint status report and conference" was not responsive to Mr. Cohen's question. A simple yes or no, would have sufficed. Either: "yes, I had them" or "no, I never received them" would have answered the question. Instead, Bereliani stood on ceremony and represented that she was only retained specifically for an answer and joint status report and conference. |
| 16 | 13. On or about August 9, 2019, Ms. Allen forwarded to me a copy of the Request for Admissions and Interrogatories. This was the first time I had ever seen these documents. I never received these documents by mail or electronically. | **Assumes Facts Not in Evidence & Lack of Foundation (including Authentication) Simmons v. U.S., 940 A.2d 1014 (D.C. 2008)**: Bereliani did not produce Ms. Allen's 8-9-2019 email.

Notwithstanding this Objection, if Bereliani's statement is to believed, then Plaintiff's 3-7-2019 Proof of Service of the RFA's to her is suspect (even Bereliani states in §17 I never received a copy of the RFAs that were allegedly served by Mr. Polis' office), and Defendant should not be penalized for not responding to them. Defendant testified that he never received them, and now Bereliani testifies that she never received them. |

10/11-12:10pm                            -4-

| | | |
|---|---|---|
| 1 | | |
| 2 | 16. It is clear that Mr. Cohen took advantage of the fact that since I was not there and could not respond he would throw me under the bus and try to place all the blame on me for the "deemed admissions" of the RFAs and that I somehow intentionally withheld them from him. To be clear, Mr. Cohen took that sentence entirely out of context and falsified what the sentence was in response to and what it meant. | **Mischaracterization of Mr. Cohen's Arguments at the 9-9-2021 Hearing (FRE 403, 611(a))**: A clear reading of the transcript of the hearing demonstrates that Mr. Cohen did not make a knowingly false argument that Bereliani had been in possession of the subject RFA's the whole time. Rather, Mr. Cohen cited to Bereliani's vague letter: "I do have them since they were sent to me via email per my request but not before then" that her was not entirely sure what that meant, but that he read it to mean she had it. Even the Court agreed and stated: "Mr. Cohen, you're right, it is ambiguous. She sort of says, "I had it but because of my limited scope of engagement, I didn't respond." It doesn't really fall on the sword." |
| 10 | 17. I am astounded that Mr. Cohen would falsify his understanding of my email in court. | **Mischaracterization of Mr. Cohen's Arguments at the 9-9-2021 Hearing (FRE 403, 611(a))**: A clear reading of the transcript of the hearing demonstrates that Mr. Cohen did not make a knowingly false argument that Bereliani had been in possession of the subject RFA's the whole time. Rather, Mr. Cohen cited to Bereliani's vague letter: "I do have them since they were sent to me via email per my request but not before then" that her was not entirely sure what that meant, but that he read it to mean she had it. Even the Court agreed and stated: "Mr. Cohen, you're right, it is ambiguous. She sort of says, "I had it but because of my limited scope of engagement, I didn't respond." It doesn't really fall on the sword." |
| 19 | 17. I am so disappointed and seriously unnerved that Mr. Cohen, who is also a rabbi, would behave in this manner. I understand the concept of advocating for you client, but throwing another attorney under the bus based on a lie is simply unacceptable in my book. | **Prejudice Outweighs Probativeness (FRE 403)**: A trial court may prevent the introduction of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Mr. Cohen is indeed, an ordained Orthodox Rabbi but he is not a practicing rabbi. Mr. Cohen argued the Motion on 9-9-2021, as Defendant's litigation counsel, and not as his rabbi. |

10/11-12:10pm

-5-

| | |
|---|---|
| 18. The entire blame of this matter should fall on the Defendant. | **Improper Opinion (FRE 701-702)**: Bereliani ignores this Court's findings at the last two hearings, that Bereliani is at fault and should be responsible for the Trustee's fees in this dispute. |
| 18. It is unfair to place any blame on me for the Defendant's own negligence in failing to communicate with his lawyer and diligently defending the case. | **Improper Opinion (FRE 701-702)**: Bereliani ignores this Court's findings at the last two hearings, that Bereliani is at fault and should be responsible for the Trustee's fees in this dispute. |

Based on the foregoing, Defendant respectfully requests that the inadmissible statements be stricken, and for such other and further relief as the Court deems just and proper under the circumstances.

DATED:    October 11, 2021        LAW OFFICE OF BARUCH C. COHEN, APLC

By ___/S/ Baruch C. Cohen_____
Baruch C. Cohen, Esq.
*Attorney For Defendant Nicholas Silao*

10/11-12:10pm

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **DEFENDANT'S RESPONSE & EVIDENTIARY OBJECTIONS TO DECLARATION OF ATTORNEY SANAZ SARAH BERELIANI IN RESPONSE TO EVIDENTIARY HEARING OF SEPTEMBER 9, 2021 AND DECLARATION OF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/11/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen         bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Sanaz Sarah Bereliani  Sanaz Bereliani berelianilaw@gmail.com, chris@berelianilaw.com; r48595@notify.bestcase.com
Karl T Anderson (TR)   2edansie@gmail.com, kanderson@ecf.axosfs.com
Thomas J Polis         tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
US Trustee             ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 10/11/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 10/11/2021,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott H. Yun, USBC, Central District of California, 3420 Twelfth Street, Suite 345, Riverside CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/11/2021 | Baruch C. Cohen, Esq. | */s/ Baruch C. Cohen* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.