1  Thomas J. Polis, Esq. (SBN 119326)
   **POLIS & ASSOCIATES**
2  **A PROFESSIONAL LAW CORPORATION**
   19800 MacArthur Boulevard, Suite 1000
3  Irvine, California 92612-2433
   Telephone:  (949) 862-0040
4  Facsimile:   (949) 862-0041
   Email: tom@polis-law.com
5
   Counsel for Plaintiff, Karl T. Anderson, Chapter 7 Trustee
6

7  **UNITED STATES BANKRUPTCY COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

9

| | |
|---|---|
| In re | Case No.:  6:17-bk-19336-SY |
| Pandora Hospice Care, Inc., | Chapter 7 |
| Debtor. | Adv. Proc. No. 6:18-ap-01193-SY |
| Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee, | **PLAINTIFF/CHAPTER 7 TRUSTEE, KARL T. ANDERSON'S TRIAL BRIEF RE: TURNOVER OF THE ESTATE'S ACCOUNTS RECEIVABLE OWED BY DEFENDANT, NICHOLAS SILAO** |
| Plaintiff, | |
| v. | <u>**Trial**</u>**:** |
| Nicholas Silao, | **Date:   January 18, 2023**<br>**Time:   10:00 a.m.** |
| Defendant. | **Ctrm:   302, Third Floor**<br>         **US Bankruptcy Court**<br>         **3420 Twelfth Street**<br>         **Riverside, CA 92501** |

- 1 -

PLAINTIFF'S TRIAL BRIEF

**TO THE HONORABLE SCOTT H. YUN, U.S. BANKRUPTCY JUDGE; DEFENDANT NICHOLAS SILAO AND HIS COUNSEL OF RECORD; AND THE OFFICE OF THE UNITED STATES TRUSTEE – RIVERSIDE DIVISION:**

Plaintiff/Chapter 7 Trustee, Karl T. Anderson submits the following *Trial Brief* for the above-captioned Trial. Specifically, as detailed herein, Plaintiff respectfully requests that the Court enter judgment against the Defendant, Nicholas Silao and in favor of the Chapter 7 Trustee on behalf of the Debtor's bankruptcy estate in the amount of $137,000.00, plus pre-judgment interest at the rate of 7% per annum since January 1, 2017 until entry of judgment. As detailed herein and as will be shown during the upcoming trial, the Corporate Debtor's 2016 Federal Income Tax Return showed that Defendant Nicholas Silao owed the Corporate Debtor no less than $137,000 as of the end of 2016 and such amounts remained owing to the Corporate Debtor's bankruptcy Petition Date on November 8, 2017. However, this happens essentially every time a bankruptcy trustee seeks to enforce a debtor's related party to statements made under oath on a federal income tax return, the debtor's insiders always concoct a basis to push an "amended federal income tax return," that suddenly and inexplicably includes favorable changes to debtor's prior tax return representations. That is the scenario Defendant Nicholas Silao is attempting to convince the Court in this case.

**I.**

**STATEMENT OF FACTS OF THE CASE**

The Corporate Debtor, Pandora Hospice Care, Inc. ("Debtor" or "Pandora") was in the business of providing end of life care for residents in the Inland Empire. The Chapter 7 Trustee is informed and believes that the Corporate Debtor's principals were the following:

    i)    Defendant, Nicholas Silao;

    ii)    Defendant's brother, Michael Silao; and

    iii)    Defendant's other brother, Ray Silao.

The Chapter 7 Trustee also is informed and believes that the Defendant and his brothers are either medical doctors and/or otherwise employed in the healthcare industry, hence the connection to the Corporate Debtor's business of a hospice end of life treatment business.

The Debtor's Chapter 7 bankruptcy case was filed on November 8, 2017 in the above-captioned Bankruptcy Court. After various continued 341(a) hearings and review of financial documents on or about October 2, 2018, Plaintiff/Trustee commenced the above-captioned Adversary Proceeding, along with the following additional Adversary Proceedings:

| **Adversary Proceedings** | **Outcome** |
|---|---|
| *Anderson v. Michael Silao,* <br> *Adv. Proc.No.:* 6:18-ap-01192-SY | Claim was compromised and Defendant, Michael Silao paid the Debtor's estate $6,165; |
| *Anderson v. Ray Silao* <br> *Adv. Proc.No.:* 6:18-ap-01192-SY | Claim was compromised and Defendant Ray Silao paid the Debtor's estate $7,920; |
| *Anderson v. Albright Hospice of Riverside, Inc.*; <br> *Adv. Proc.No.:* 6:18-ap-01192-SY | Default judgment entered in favor of Chapter 7 Trustee for $42,612; and |
| *Anderson v. Albright Hospice of San Bernardino, Inc.* <br> *Adv. Proc.No.:* 6:18-ap-01192-SY | Default judgment entered in favor of Chapter 7 Trustee for $16,847. |

Consequently, the above-captioned Adversary Proceeding is the last of the matters to be resolved for the Debtor's bankruptcy estate.

## II.

## ADMISSIONS AND STIPULATIONS

The Parties have not agreed on any admissions or stipulations other than the Court's jurisdiction to resolve this Adversary Proceeding.

## III.

## PROCEDURAL HISTORY

The Plaintiff/Chapter 7 Trustee commenced this Adversary Proceeding on October 2, 2018. The Defendant filed his Answer on October 31, 2018. As the Court is well aware, essentially from July 2019 until December 2021, the Parties and the Court were forced to resolve the issue of the Defendant's purported Deemed Admitted Admissions as a result of the Defendant's failure to respond to Plaintiff's unresponded to discovery. The Request for Admissions issue was resolved in early 2022 and the Court conducted the Pre-Trial Conference on May 26, 2022. Soon thereafter, the Parties filed their *Joint Pre-Trial Stipulation*.

## IV.

## SUMMARY OF POINTS OF LAW

Section 542(b) of the Bankruptcy Code provides in part:

> (b) Except as provided in subsection (c) or (d) of this section, <u>an entity that owes a debt that is property of the estate and that is matured</u>, payable on demand, or payable on order, <u>shall pay such debt to, or on the order of the trustee, except</u> to the extent that such debt may be offset under section 553 of this title against a claim against the debtor. (Emphasis added.)

*See* generally, *Shapiro v. Henson,* 739, F.3d 1198 (9th Cir. 2014) (Ninth Circuit Court of Appeals confirmed a trustee could seek turnover of a filing date bank balance without regard to outstanding checks); and *Weinman v. Graves* (*In re Graves*), 609 F.3d 1153 (10th Cir. 2010) (Tenth Circuit Court of Appeals confirmed turnover parameters under Section 547(b) of the Bankruptcy Code).

## V.

## DISPUTED ISSUES

The critical question the Court will need to resolve is whether to accept as credible the Corporate Debtor's initially submitted 2016 Federal Income Tax Return or whether the Court will adopt as credible the Debtor's post-petition Amended 2016 Federal Income Tax Return, that coincidentally amends that portion of the Corporate Debtor's Tax Return that previously showed collectively the Defendant and his brothers owed the Corporate Debtor more than $160,000. The Defendant has not explained how this self-serving amended 2016 Federal Corporate Income Tax Return is credible, including the fact that Defendant Nicholas Silao signed and/or was the proposed signee for the initially submitted 2016 Federal Income Tax Return, along with the Post-Petition Amended Federal Income Tax Return.

///

///

///

///

///

# VI.

# **SUMMARY**

The Plaintiff/Chapter 7 Trustee respectfully requests that the Court enter judgment in favor of Plaintiff/Chapter 7 Trustee in the principal amount of $137,000, along with pre-judgment statutory interest at 7% per annum from January 1, 2017 until January 18, 2023 in the total amount of $57,540 for a total judgment of $194,540.

**DATED:    January 11, 2023**                                      **POLIS & ASSOCIATES, APLC**

                                                                                    **By:    /s/   Thomas J. Polis**
                                                                                    **Counsel for Plaintiff/Chapter 7 Trustee,**
                                                                                    **Karl T. Anderson**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**POLIS & ASSOCIATES**
A Professional Law Corporation
19800 MacArthur Boulevard, Suite 1000
Irvine, California  92612-2433

A true and correct copy of the foregoing document described **PLAINTIFF/CHAPTER 7 TRUSTEE, KARL T. ANDERSON'S TRIAL BRIEF RE: TURNOVER OF THE ESTATE'S ACCOUNTS RECEIVABLE OWED BY DEFENDANT, NICHOLAS SILAO**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 11, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karl T Anderson (TR)     vinland@live.com, kanderson@ecf.axosfs.com
Sanaz Sarah Bereliani     berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com
Baruch C Cohen     bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Thomas J Polis     tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐     Service information continued on attached page

**2.  SERVED BY U.S. MAIL:**
On             **, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐     Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 11, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**
Hon. Scott Yun, US Bankruptcy Court, 3420 Twelfth Street, Suite 345, Riverside, CA 92501

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 11, 2023 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                             F 9013-3.1.PROOF.SERVICE

NSilaoPOS.wpd