1 | Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES**
2 | **A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
3 | Irvine, California 92612-2433
Telephone: (949) 862-0040
4 | Facsimile: (949) 862-0041
Email: tom@polis-law.com

Counsel for Plaintiff, Karl T. Anderson, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Pandora Hospice Care, Inc.,<br><br>Debtor. | Case No.: 6:17-bk-19336-SY<br><br>Chapter 7<br><br>Adv. Proc. No. 6:18-ap-01193-SY |
| Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Nicholas Silao,<br><br>Defendant. | **PLAINTIFF/CHAPTER 7 TRUSTEE, KARL T. ANDERSON'S OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL (ECF NO. 155)**<br><br>**[Evidentiary Objections Filed and Served Concurrently Herewith]**<br><br>**Hearing:**<br>Date: **September 7, 2023**<br>Time: **10:00 a.m.**<br>Ctrm: **302, Third Floor**<br>      **US Bankruptcy Court**<br>      **3420 Twelfth Street**<br>      **Riverside, CA 92501** |

- 1 -

OPPOSITION TO MOTION FOR NEW TRIAL

**TO THE HONORABLE SCOTT H. YUN, U.S. BANKRUPTCY JUDGE; DEFENDANT NICHOLAS SILAO AND HIS COUNSEL OF RECORD; THE OFFICE OF THE UNITED STATES TRUSTEE – RIVERSIDE DIVISION; AND OTHER PARTIES ENTITLED TO NOTICE:**

Plaintiff/Chapter 7 Trustee, Karl T. Anderson ("Plaintiff" or "Trustee") submits the following *Opposition re Defendant, Nicholas Silao's Motion for a New Trial* (ECF No. 155) ("*Opposition re Motion for New Trial*").  Specifically, as detailed herein, Movant/Defendant, Nicholas Silao has not complied with the applicable Local Bankruptcy Rule 9013-4 addressing the procedure for properly moving the Court for a new trial, along with the corresponding Federal Rules of Bankruptcy Procedure.  In addition to Movant/Defendant's failure to comply with the applicable procedural requirements, the Defendant candidly admits that he wants a "do over" because of his failed trial strategy.  As noted by the Defendant in his *Motion for New Trial* (ECF No. 155), pg. 9, lines 10-11:

> "Due to his good faith that the Trustee failed to meet the burden of proof did not offer more evidence (to prove a negative). Because the Court disagreed, Defendant urges the Court to recognize that the interests of justice. . ."

In summary, the Defendant is requesting a new trial to introduce new evidence based miscue on a trial strategy miscalculation by the Defendant, however, this trial strategy clearly is not the basis for a new trial.  The Trustee's case and how he intended to prove his case in chief was not complicated nor in anyway changed from the nearly five years this Adversary Proceeding had been pending before the January 2023 Trial.  Now, the Defendant comes to this Court and requests a new trial and the introduction of new evidence.  This legal strategy miscalculation by the Movant/Defendant is simply not the basis for a new trial.

Overall, Movant/Defendant, Nicholas Silao's *Motion for a New Trial* is both procedurally and factually defective, in addition to lacking proper evidentiary support, thus in combination dictates denial by the Court of the Movant/Defendant's *Motion for a New Trial*.

**DATED:   August 24, 2023**              **POLIS & ASSOCIATES, APLC**

**By:   /s/   Thomas J. Polis**
**Counsel for Plaintiff/Chapter 7 Trustee, Karl T. Anderson**

# I.

## PLAINTIFF/CHAPTER 7 TRUSTEE'S POINTS AND AUTHORITIES RE: OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL

**A.  DEFENDANT'S MOTION FOR A NEW TRIAL ESSENTIALLY REQUESTS TO BE ABLE TO PRODUCE NEW EVIDENCE, YET DEFENDANT'S MOTION IS PROCEDURALLY DEFICIENT AND THUS SHOULD BE DENIED BY THE COURT**

At various places throughout Defendant's *Motion for a New Trial*, Defendant Nicholas Silao requests the Court to allow him to submit new evidence (i.e., ECF No. 155, pg. 9, line 13: ". . .following additional evidence:  (1) the Defendant's 2016 bank statements. . .(2) Defendant's 2014 bank statements); ECF No. 155, pg. 12, lines 19-20 (. . .3. The Court Should Reopen the Matter In Order to Hear Additional Evidence); (ECF No. 155, pg. 13, lines 18-19 . . "Here, the additional evidence sought to be introduced by Defendant. . .); and ECF No. 155, pg. 13, line 25 . . .in order to take additional testimony . . .")

Local Bankruptcy Rule 9013-4(b)(3) provides in part:

> (3) <u>Newly Discovered Evidence</u>.  <u>If the ground for the motion is newly discovered evidence, the motion must be supported by declarations by the party</u>, or the agent of the party having personal knowledge of the facts, showing:
>
> (A) <u>When the evidence was first discovered</u>;
>
> (B) <u>Why it could not with reasonable diligence have been produced at trial</u> or the original hearing on a motion;
>
> (C) <u>What attempts were made to discover and present the evidence</u> at trial or the original hearing on a motion;
>
> (D) <u>If the evidence is oral testimony, the nature of the testimony</u> and the willingness of the witness to so testify; and
>
> (E) If the evidence is documentary, <u>the documents or duly authenticated copies thereof, or satisfactory evidence of their contents where the documents are not then available</u>. (Emphasis added.)

///

///

///

Thus, the Local Bankruptcy Rules are crystal clear as to what is needed in a declaration testimony format to prevail on a motion for a new trial to introduce new evidence. However, Movant/Defendant, Nicholas Silao's Declaration (*See*, ECF No. 155, pgs. 15-17) is completely void of any declaration testimony required by the Local Bankruptcy Rule. The applicable portions of LBR 9013-1(b)(3) requires the following:

> i) When was the newly proposed evidence discovered?
>
> **Silao Declaration**: no declaration testimony whatsoever on this issue.
>
> ii) Why the newly discovered evidence could not have been produced at trial?
>
> **Silao Declaration**: no declaration testimony whatsoever on this issue.
>
> iii) What attempts were made to discover and present the evidence previously at trial?
>
> **Silao Declaration**: no declaration testimony whatsoever on this issue.
>
> iv) If newly discovered evidence involves documents, does the motion include documentary evidence?
>
> **Silao Declaration**: though the Motion for a New Trial includes nearly 480 pages of bank documents, but none of the documents have been authenticated by an officer of the financial institution involved.

Overall, the Movant/Defendant, Nicholas Silao has submitted yet another voluminous *Motion* (*See*, ECF No. 26, 51 pages; ECF No. 31, 186 pages; ECF No. 35, 180 pages; ECF No. 45, 177 pages; ECF No. 58, 161 pages; ECF No. 124, 114 pages; ECF Nos. 135 and 149, 346 pages; and the Defendant's *Motion for a New Trial*, ECF No. 155, 491 pages) all at great expense and time to the Debtor's estate and its professionals, yet all these repeated voluminous pleadings have been generally of little merit and denied by the Court. Movant/Defendant's latest efforts, *Motion for a New Trial* is likewise of little legal or factual merit, but yet another delay tactic of Movant/Defendant.

///

///

///

///

**B.  Defendant's Motion For A New Trial Fails To Clear The Extremely High Hurdle For A Successful Motion For A New Trial Under FRCP 59 And/Or Motion To Amend The Judgment Under Rules 59 And 60 Of The Federal Rules Of Civil Procedure And Rules 9023 And 9024 Of The Federal Rules Of Bankruptcy Procedure**

Movant/Defendant, Nicholas Silao's *Motion for a New Trial* is not only fatally procedurally defective (no declaration testimony evidence in support of Defendant's request to submit new evidence), but the *Motion for A New Trial* is legally deficient.  The Ninth Circuit Court of Appeals has repeatedly held that motions under either Rules 59 or 60 of the FRCP are an extraordinary remedy and should be used sparingly in the interests of finality and conservation of judicial resources.  *See*, *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (Ninth Circuit held that a motion under Rule 59(e) should not be granted, absent highly unusual circumstances unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law); *Patton Boggs, LLP v. Chevron Corp.*, 791 F.Supp 2d 13, 27 District of D.C. stated the Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce or advance arguments that could and should have presented to the district court prior to judgment. . ."

Throughout the Defendant's *Motion for a New Trial* it is clear that in addition to new evidence, the Movant/Defendant wants to re-litigate the case using a different trial strategy. (*See*, ECF No. 155, pg. 5, lines 16-17 ". . .Defendant defended primarily on the basis of his belief that the Trustee failed to satisfy the burden of proof. . ."; ECF No. 155, pg. 9, lines 10-11 ". . .Due to his good faith belief that the Trustee had failed to meet the burden of proof, Defendant did not offer more evidence. . .; (ECF No. 155, pg. 13, lines 17-18 ". . .Here the additional evidence sought to be introduced by Defendant would clearly contribute. . .).

Overall, the Movant/Defendant chose a litigation strategy for the nearly five years this Adversary Proceeding has been was in existence (October 2018) and defended the case, albeit unsuccessfully.  The Plaintiff/Chapter 7 Trustee relied on a relatively simple trial strategy that did not deviate throughout the existence of the case, thus the Defendant cannot logically assert that he was tricked on the eve of trial.  Simply stated Defendant lost at trial, and now wants to re-litigate and introduce new documents all of which could have easily been developed and

introduced during the January 2023 Trial. FRCP 59 and 60 clearly do not stand for the proposition that the Defendant gets a "do over" simply because he lost at trial.

## II.

## **CONCLUSION**

For the reasons detailed herein, Plaintiff/Chapter 7 Trustee, Karl T. Anderson, respectfully requests that the Court deny Defendant's *Motion for a New Trial*. First, the Defendant wants to introduce newly discovered evidence, but Defendant has failed to comply with Local Bankruptcy Rule 9013-(b)(3) to provide admissible declaration testimony that justifies the admission of newly discovered evidence. Secondly, Defendant has not cleared the "high hurdle" courts impose on parties to prevail under Rules 59 and 60 of the FRCP and Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. Consequently, Plaintiff/Chapter 7 Trustee, Karl T. Anderson respectfully requests that the Court deny in its entirety Defendant's *Motion for a New Trial*.

**DATED:    August 24, 2023**                                **POLIS & ASSOCIATES, APLC**

                                                    **By:    /s/   Thomas J. Polis**
**Counsel for Plaintiff/Chapter 7 Trustee, Karl T. Anderson**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19800 MacArthur Blvd., Suite 1000, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **PLAINTIFF/CHAPTER 7 TRUSTEE, KARL T. ANDERSON'S OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL (ECF NO. 155)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/24/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karl T Anderson (TR)**   vinland@live.com, kanderson@ecf.axosfs.com
**Sanaz Sarah Bereliani**   berelianilaw@gmail.com, chris@berelianilaw.com; r48595@notify.bestcase.com
**Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
**Brett Ramsaur**   brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com
**Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
**Matthew D. Resnik**   Matt@rhmfirm.com, roksana@rhmfirm.com; rosario@rhmfirm.com; sloan@rhmfirm.com; priscilla@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com;russ@rhmfirm.com
**United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>: On (*date*) _8/24/2023__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott Yun, US Bankruptcy Court, 3420 Twelfth Street, Suite 345, Riverside, CA 92501

☐ Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u> (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/24/2023 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |