Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone:  (949) 862-0040
Facsimile:   (949) 862-0041
Email: tom@polis-law.com

Counsel for Plaintiff, Karl T. Anderson, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Pandora Hospice Care, Inc.,<br><br>                         Debtor. | Case No.:  6:17-bk-19336-SY<br><br>Chapter 7<br><br>Adv. Proc. No. 6:18-ap-01193-SY |
| Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee,<br><br>                         Plaintiff,<br><br>v.<br><br>Nicholas Silao,<br><br>                         Defendant. | **PLAINTIFF/CHAPTER 7 TRUSTEE, KARL T. ANDERSON'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF NICHOLAS SILAO**<br><br>[Opposition to Motion for New Trial Filed and Served Concurrently Herewith]<br><br>**Hearing:**<br>Date:  September 7, 2023<br>Time:  10:00 a.m.<br>Ctrm:  302, Third Floor<br>          US Bankruptcy Court<br>          3420 Twelfth Street<br>          Riverside, CA 92501 |

- 1 -

EVIDENTIARY OBJECTIONS TO DECLARATION OF NICHOLAS SILAO

**TO THE HONORABLE SCOTT H. YUN, U.S. BANKRUPTCY JUDGE; DEFENDANT NICHOLAS SILAO AND HIS COUNSEL OF RECORD; THE OFFICE OF THE UNITED STATES TRUSTEE – RIVERSIDE DIVISION; AND OTHER PARTIES ENTITLED TO NOTICE:**

Plaintiff/Chapter 7 Trustee, Karl T. Anderson ("Plaintiff" or "Trustee") hereby submits the following *Evidentiary Objections to the Declaration of Nicholas Silao* (ECF No. 155). As detailed herein, Trustee's *Evidentiary Objections* shows that portions of Declarant, Nicholas Silao ("Declarant") are clearly inadmissible and should not be considered by the Court.

**A.    INADMISSIBLE STATEMENTS IN DECLARATION OF NICHOLAS SILAO**

| | **Inadmissible Statement** | **FRE** | **Basis for Evidentiary Objection** |
|---|---|---|---|
| 1. | Pg. 15, lines 15 – 18<br><br>"Although there was no other documentation of any loan in this amount from the Debtor to me, and despite the fact that this entry is in the schedule entitled "Loans From Shareholders," the Bankruptcy Trustee sued for the $137,000 account receivable that does not exist." | FRE 401,402&403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's irrelevant and inadmissible statement address trial strategies both at the initial January 2023 trial and the proposed new trial. |
| 2. | Pg.15, lines 19-21<br><br>"I defended the action primarily based of my belief that the Trustee failed to satisfy the burden of proof. There was no evidence proffered showing that funds were actually disbursed to me in the form of a loan: no checks, no promissory note, no testimony" | FRE 401,402&403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's irrelevant and inadmissible statement address trial strategies both at the initial January 2023 trial and the proposed new trial. |
| 3. | Pg.15, lines 25-27<br><br>"In fact, I testified that I lent the company money, as did my brother and fellow shareholder, to cover its operating expenses, and did not borrow from it. Evidence was presented of loan repayments to him in 2015, including a series of checks to me that were either indorsed "Loan" | FRE 401,402&403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's irrelevant and inadmissible statement address trial strategies both at the initial January 2023 trial and the proposed new trial. |

| | **Inadmissible Statement** | **FRE** | **Basis for Evidentiary Objection** |
|---|---|---|---|
| 4. | Pg. 16, lines 1-4<br><br>"Repayment" or "Reimbursement," or otherwise identified as such by me. While these are unlikely to have accounted for the figure in the 2016 return, they do support my testimony that such loans were made by shareholders to the company to cover operational expenses and payroll." | FRE 401,402&403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's irrelevant and inadmissible statement address trial strategies both at the initial January 2023 trial and the proposed new trial |
| 5. | Pg.16, lines 5-9<br><br>"Moreover, the Court failed to take cognizance of (1) the fact that the Schedule B - "Accounts Receivable" (a copy of which is annexed hereto as Exhibit "1") - attached to Debtor's bankruptcy does not list any monies owing by me and my brothers; and (2) Schedule F to the Debtor's return (a copy of which is annexed hereto as Exhibit "2") lists Pandora's debt to me in the amount of $295,000" | FRE 401,402&403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's irrelevant and inadmissible statement address trial strategies both at the initial January 2023 trial and the proposed new trial. |
| 6. | Pg.16, lines 10-13<br><br>"Due to my good faith belief that the Trustee had failed to meet the burden of proof, I did not offer more evidence (to prove a negative). Because the Court disagreed, I urge the Court to recognize that the interests of justice dictate that relief be granted under either FRCP Rule 59 or FRCP Rule 60 allowing the Court to consider the following:" | FRE 401,402&403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's irrelevant and inadmissible statement address trial strategies both at the initial January 2023 trial and the proposed new trial. |

| | **Inadmissible Statement** | **FRE** | **Basis for Evidentiary Objections** |
|---|---|---|---|
| 7. | Pg. 16, lines 14-25<br><br>"As relevant to the present Motion and referenced therein, in 2014, I transferred $163,500.00 to Pandora. See true and correct copies of my 2014-2015 Chase bank statements showing these transfers to Pandora, attached hereto as Exhibit "4" and incorporated herein by this reference). Such funds represented my loans to Pandora.<br>a. 3-10-2014: $120,000.00 wire transfer to Pandora<br>b. 3-25-2014: $10,000.00 wire transfer to Pandora<br>c. 4-22-2014: $7,000.00 wire transfer to Pandora<br>d. 5-12-2014: $2,500.00 wire transfer to Pandora<br>e. 6-12-2014: $6,000.00 wire transfer to Pandora<br>f. 7-1-2014: $11,000.00 wire transfer to Pandora<br>g. 8-30-2014: $2,000.00 wire transfer to Pandora<br>h. 9-12-2024: $5,000.00 wire transfer to Pandora." | FRE 401, 402 &403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's irrelevant and inadmissible statement address trial strategies both at the initial January 2023 trial and the proposed new trial. |
| 8. | Pg. 17, lines 1-3<br><br>"In 2016, I did not receive any moneys from Pandora (see true and correct copies of Pandora's Wells Fargo bank statements from January through December of 2016, attached hereto as Exhibits "3" and incorporated herein by this reference)." | FRE 401, 402& 403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's irrelevant and inadmissible statement address trial strategies both at the initial January 2023 trial and the proposed new trial. |
| 9. | Pg.17, lines 4-6<br><br>"A true and correct copy of Pandora's Schedule B Accounts Receivable showing no monies owed to me and my brothers is attached as Exhibit "1" and is incorporated herein by this reference." | FRE 401, 402& 403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's irrelevant and inadmissible statement address trial strategies both at the initial January 2023 trial and the proposed new trial |

| | **Inadmissible Statement** | **FRE** | **Basis for Evidentiary Objection** |
|---|---|---|---|
| 10. | Pg.17, lines 7-9<br><br>"A true and correct copy of Pandora's Schedule F - Creditors lists Pandora's debt to Defendant in the amount of $295,000.00, is attached as Exhibit "2" and is incorporated herein by this reference." | FRE 401,402&403 | **FRE 401,402 & 403** – Declarant's statement is not relevant to factors related to newly discovered evidence under LBR 9013-1 for purposes of a motion for a new trial. Rather, Declarant's statement address trial strategy. |

DATED:   August 24, 2023                    POLIS & ASSOCIATES, APLC


                                By:   /s/   Thomas J. Polis
                                **Counsel for Plaintiff/Chapter 7 Trustee, Karl T. Anderson**

- 5 -

EVIDENTIARY OBJECTIONS TO DECLARATION OF NICHOLAS SILAO

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19800 MacArthur Blvd., Suite 1000, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **PLAINTIFF/CHAPTER 7 TRUSTEE, KARL T. ANDERSON'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF NICHOLAS SILAO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/24/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karl T Anderson (TR)**    vinland@live.com, kanderson@ecf.axosfs.com
**Sanaz Sarah Bereliani**    berelianilaw@gmail.com, chris@berelianilaw.com; r48595@notify.bestcase.com
**Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
**Brett Ramsaur**    brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com
**Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
**Matthew D. Resnik**    Matt@rhmfirm.com, roksana@rhmfirm.com; rosario@rhmfirm.com; sloan@rhmfirm.com; priscilla@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com;russ@rhmfirm.com
**United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On (*date*) _8/24/2023__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Scott Yun, US Bankruptcy Court, 3420 Twelfth Street, Suite 345, Riverside, CA 92501

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/24/2023 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

EVIDENTIARY OBJECTIONS TO DECLARATION OF NICHOLAS SILAO